UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re:                                          CASE NO.: 6:17-bk-07077-KSJ

INGERSOLL FINANCIAL, LLC                        CHAPTER 11

      Debtor.

_____/

### MOTION OF ISLANDRULZ, LLC FOR RELIEF FROM THE AUTOMATIC STAY PURSUANT TO BANKRUPTCY CODE SECTION 362(d)
*[Property located at 9102 South Bay Drive, Orlando, Florida 32819]*

---

#### NOTICE OF PRELIMINARY HEARING

**PLEASE TAKE NOTICE that a preliminary hearing to consider and act on this Motion has been set on February 14, 2018 at 2:00pm (EST) before the Honorable Karen S. Jennemann, United States Bankruptcy Judge, at the United States Bankruptcy Court, George C. Young Federal Courthouse, 400 West Washington Street, Orlando, FL 32801 in Courtroom 6A, 6th Floor.**

All exhibits must be pre-marked and listed in accordance with Local Rule 9070-1.

Please govern yourselves accordingly.

---

Secured creditor, Islandrulz LLC ("IR"), pursuant to 11 U.S.C. § 362, Fed. R. Bankr. P. 4001, and Local Rule 400-1(c), moves this Court for entry of an order granting IR relief from the automatic stay and permitting IR to exercise all of its statutory and contractual rights and remedies against certain real property securing the debts of the debtor, Ingersoll Financial, LLC ("Debtor"). In support of its Motion, IR states as follows:

#### JURISDICTION AND VENUE

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(G). Venue is proper in

1

this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicate for the relief

requested herein is 11 U.S.C. § 362.

### **BACKGROUND**

1.       In July 2015, IR loaned the Debtor $549,900 secured by a first priority mortgage

on the real property located at 9102 South Bay Drive, Orlando, Florida 32819 (the "Property").

Copies of the promissory note and recorded mortgage are attached hereto as **Composite Exhibit**

**A.**

2.       Upon information and belief, the IR loan was used by the Debtor to purchase the

Property for $549,900 in July 2015.

3.       The Debtor defaulted on the promissory note by failing to make the payment due

on January 1, 2017 and all subsequent payments (the "Default").

4.       After the Debtors' Default, IR commenced a foreclosure action against the Debtor

in the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida, Case No.

2017-CA-004523-O (the "State Court").

5.       On September 18, 2017, the State Court entered a Final Summary Judgment of

Foreclosure in favor of IR and against the Debtor in the amount of $632,536.00 (the "Final

Judgment").   A copy of the Final Judgment is attached hereto as **Exhibit B.**

6.       The Final Judgment scheduled a foreclosure sale of the Property for November

22, 2017.

7.       Shortly before the scheduled foreclosure sale, on November 7, 2017 (the "Petition

Date"), the Debtor filed this above-captioned chapter 11 case.

8.       As of the Petition Date, the Debtor owed IR the total amount of $637,015.74

secured by a first priority lien on the Property. In accordance with Local Rule 4001-1(C)(1)(c), a

2

Statement of Indebtedness setting forth the amounts owed as of the Petition Date is attached hereto as **Exhibit C.**

       9.     A title search on the Property reflects at, in addition to IR's first priority lien for $637,015,74, there were at least three (3) other liens encumbering the Property as of the Petition Date:

      (a)    a "Restriction on Sale and Notice of Lien" recorded August 19, 2015 in the amount of "as much as $500,001.00" (OR Book 10969, Page 7459);

      (b)    A "Notice and Claim of Lien" by South Bay Homeowners' Association, Inc. recorded September 13, 2016 in the amount of $1,463.00 for amounts owed through August 31, 2016 plus "all late charges, interest, costs of collection, including reasonable attorneys' fees and all assessments to become due and payment henceforth…" (Doc. No. 20160481790); and

      (c)    A code violation lien recorded against the property on April 27, 2015 for $250 per day from May 15, 2015 until the violation is cured (OR Book 10909 Page 5185).

      10.    Upon information and belief, the Property is currently vacant, and the Debtor receives no income of any type from the Property.

      11.    Upon information and belief, the Debtor extensively marketed the Property for sale prior to the Petition Date. According to Zillow.com, the Property was listed for sale for $799,000 from December 16, 2016 to May 26, 2017; the asking price was reduced to $729,000 from May 26, 2016 to June 27, 2017; and the asking price was further reduced to $699,000 from June 27, 2017 to the present.

      12.    It appears that, while the Property was listed for sale for $699,000, the Debtor filed its Case Management Summary valuing the Property at $800,000 (Doc. No. 9). The Debtor's Schedules also value the Property at $800,000 (Doc. No. 41, pg. 5).

      13.    The Orange County Property Appraiser values the Property at $555,641 (the "Assessed Value"). A screenshot of the Orange County Property Appraiser's website reflecting

611990642.1

the Assessed Value is attached hereto as **Exhibit D.**

14.    The 2017 property taxes on the Property in the amount of $9,848.74 are currently

due and are delinquent after March 31, 2018.

## RELIEF REQUESTED

IR respectfully requests this Court enter an order: (i) modifying and terminating the

automatic stay to permit IR to exercise all of its statutory and contractual rights and *in rem*

remedies in and to the Property, (ii) waiving the stay imposed by Rule 4001(a)(3), and (iii)

granting such other and further relief as the Court deems appropriate.

## BASIS FOR RELIEF REQUESTED

Section 362(d)(2) provides that "the court shall grant relief from the stay . . . with respect

to a stay of an act against property under subsection (a) of this section, if— (A) the debtor does

not have an equity in such property; and (B) such property is not necessary to an effective

reorganization." 11 U.S.C. § 362(d)(2). Both elements of § 362(d)(2) must be satisfied before

relief can be granted. ." *In re 412 Boardwalk, Inc.*, 520 B.R. 126, 134 (Bankr. M.D. Fla. 2014).

"The Movant has the burden of demonstrating that a debtor has no equity, and the debtor has the

burden of demonstrating that the property is necessary to an effective reorganization." *Id.*

In this case, the Debtor lacks equity in the Property. The Debtor purchased the Property

in 2015 for approximately $550,000 and, upon information and belief, has not improved the

Property in any significant way since it was purchased. The Assessed Value of the Property is

only $555,641 – more than $80,000 less than IR's first priority lien of $637,015.74 as of the

Petition Date. Additionally, the Debtor's efforts to sell the Property leading up to Petition Date

speak for themselves. In fact, it appears that the Property has been listed for sale for

approximately 6 months at an asking price of only $699,000. In reality, the Debtor had no equity

4

on the Petition Date even before considering the junior liens scheduled by the Debtor, or the recorded "Restriction on Sale and Notice of Lien" which reflects an additional lien of up to $500,001.

The second element of § 362(d)(2) requires the Debtor to prove that the Property is necessary for an "effective" reorganization. *In re Royal Palm Square Assocs.*, 124 B.R. 129, 132 (Bankr. M.D. Fla. 1991).   This requirement is satisfied only if one of the following is true: (1) "the property has sufficient equity which could be refinanced and the plan could be funded from a new loan"; (2) "the property will be sold and the sale will produce sufficient monies to fund the plan of reorganization"; or (3) "the property is unique in character and it is essential to the survival of the reorganized entity." *In re Royal Palm Square Assocs.*, 124 B.R. at 132.

None of these are true in this case.   First, the Debtor has no equity in the Property, and therefore a refinance is unlikely.   Second, because the Debtor lacks equity, the Property could not be sold at an amount in excess of IR's first and second priority liens, so a sale would not generate any proceeds for a Chapter 11 plan.   Third, the Property is a vacant property that generates no income for the Debtor.   In other words, the Property is not unique or necessary for the survival of the Debtor.   Because the Debtor is not currently using the Property in its business, granting IR relief from the automatic stay will not detrimentally affect the Debtor's reorganization.   For these reasons, the Court should terminate the automatic stay under § 362(d)(2) with respect to the Property.

WHEREFORE, IR respectfully requests this Court enter an order: (i) modifying and terminating the automatic stay to permit IR to exercise all of its statutory and contractual rights and *in rem* remedies in and to the Property, (ii) waiving the stay imposed by Rule 4001(a)(3),

and (iii) granting such other and further relief as the Court deems appropriate.

Dated this 2nd day of February 2018.

Respectfully submitted,

*/s/ Andrew Layden*
Andrew V. Layden, Esq.
Florida Bar No.: 86070
BAKER & HOSTETLER LLP
200 S. Orange Ave.
SunTrust Center, Suite 2300
Orlando, FL 32801-3432
Telephone: (407) 649-4000
Facsimile: (407) 841-0168
Email: alayden@bakerlaw.com
*Attorney for Islandrulz, LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 2, 2018, a true and correct copy of the foregoing was furnished via electronic mail using the Court's CM/ECF system, which will provide notice to all parties requesting such notice, and/or via First Class U.S. Postage Prepaid Mail to the Local Rule 1007-2 Parties-In-Interest on the matrix attached to the original of this Motion and filed with the Court.

DATED: February 2, 2018.

*/s/ Andrew Layden*
Andrew V. Layden, Esq.
Florida Bar No.: 86070

611990642.1

# COMPOSITE EXHIBIT A

611990642.1

PROMISSORY NOTE

This is an investment property

9102 SOUTH BAY DRIVE, ORLANDO, FL 32819

THIS LOAN IS PAYABLE IN FULL AT MATURITY. YOU MUST REPAY THE ENTIRE PRINCIPAL BALANCE OF THE LOAN AND UNPAID INTEREST THEN DUE. THE LENDER IS UNDER NO OBLIGATION TO REFINANCE THE LOAN AT THAT TIME. YOU WILL, THEREFORE, BE REQUIRED TO MAKE PAYMENT OUT OF OTHER ASSETS THAT YOU MAY OWN, OR YOU WILL HAVE TO FIND A LENDER, WHICH MAY BE THE LENDER YOU HAVE THIS LOAN WITH, WILLING TO LEND YOU THE MONEY. IF YOU REFINANCE THIS LOAN AT MATURITY, YOU MAY HAVE TO PAY SOME OR ALL OF THE CLOSING COSTS NORMALLY ASSOCIATED WITH A NEW LOAN EVEN IF YOU OBTAIN REFINANCING FROM THE SAME LENDER.

FOR VALUE RECEIVED, the undersigned ("Borrower")   INGERSOLL, FINANCIAL, LLC.   , a   Limited Liability Company   promises to pay   ISLANDRULZ, LLC.   , a   Limited Liability Company   or order, the principal sum of:   FIVE HUNDRED FORTY NINE THOUSAND NINE HUNDRED   and   00 / 100   (S   549,900.00   ) Dollars, with interest on the unpaid principal balance from the date of this Note, until paid, at the rate of FOURTEEN (14%) per cent per annum. Interest only payments shall be payable monthly at such address as the Note holder may designate, in consecutive monthly installments of   SIX THOUSAND FOUR HUNDRED FIFTEEN   and   50 / 100 (S   6,415.50   ) Dollars, beginning   SEPTEMBER 1 2015 . Such monthly installments shall continue through and including   SEPTEMBER 1, 2017   , (the "Maturity Date"), at which time the entire principal balance then outstanding, together with all accrued interest, if any, shall be due and payable.

If the payment under this Note is not paid when due and remains unpaid after a date specified by a notice to Maker, the entire principal amount outstanding and accrued interest thereon shall at once become due and payable at the option of the Note holder. The date specified shall not be less than ten (10) days from the date such notice is mailed. The Note holder may exercise this option to accelerate during any default by Maker regardless of any prior forbearance. If suit is brought to collect this Note, the Note holder shall be entitled to collect all reasonable costs and expenses of suit, including, but not limited to, reasonable attorney's fees.

Maker shall pay to the Note holder a late charge of five (5%) percent of any monthly installment not received by the Note holder within ten (10) days after the installment is due.

This Note is secured by a Purchase Money Mortgage of even date herewith and being recorded simultaneously herewith in the Public Records of   ORANGE   County, Florida executed by the Borrower in favor of Lender, which Purchase Money Mortgage constitutes a first lien on certain real and personal property in   ORANGE   County, Florida.

Reference is hereby made to the Purchase Money Mortgage for a description of events of default and rights of acceleration of the Maturity Date in the event of default. It is expressly agreed that all of the covenants, conditions and agreements contained in the Purchase Money Mortgage are made a part of this Note.

In the event Lender accelerates this Note as herein provided, then the entire unpaid principal balance of this obligation, together with all interest accrued, shall bear interest from the date of default at the maximum rate permitted by law.

Nothing herein contained, nor in any instrument or transaction related hereto, shall be construed or so operate as to require Maker, or any person liable for the payment of the loan made pursuant to this Note, to pay interest in an amount or at a rate greater than the highest rate permissible under applicable law as amended from time to time. Should any interest or other charges paid by Maker, or any party liable for the payment of the loan made pursuant to this Note, result in the computation or earning of interest in excess of the highest rate permissible under

**EXHIBIT**
**"A"**

applicable law, then any and all such excess shall be and the same is hereby waived by Lender, and all such excess shall be paid by Lender to Maker or to any party liable for the payment of the loan made pursuant to this Note, it being the intent of the parties hereto that under no circumstances shall Maker or any party liable for the payment of the loan hereunder, be required to pay interest in excess of the highest rate permissible under applicable law as amended from time to time.

Presentment, notice of dishonor, and protest are hereby waived by all makers, sureties, guarantors and endorsers hereof. This Note is non-assumable.

The Maker agrees to pay all costs of collection incurred in enforcing this Note, including attorneys' fees and costs at both trial and appellate levels.

Each maker, endorser and guarantor or any person, firm or corporation becoming liable under this Note hereby consents to any extension or renewal of this Note or any part hereof, without notice, and agrees that they will remain liable under this Note during any extension or renewal hereof, until the debts represented hereby are paid in full.

The remedies of Lender as provided herein, and in the Purchase Money Mortgage shall be cumulative and concurrent and may be pursued singularly, successively or together, at the sole discretion of Lender, and may be exercised as often as the occasion therefor shall arise.

This Note may not be changed orally, but only by an agreement in writing, signed by the party against whom enforcement of any wavier, change, modification or discharge is sought.

THIS LOAN IS PAYABLE IN FULL AT MATURITY. YOU MUST REPAY THE ENTIRE PRINCIPAL BALANCE OF THE LOAN AND UNPAID INTEREST THEN DUE. THE LENDER IS UNDER NO OBLIGATION TO REFINANCE THE LOAN AT THAT TIME. YOU WILL, THEREFORE, BE REQUIRED TO MAKE PAYMENT OUT OF OTHER ASSETS THAT YOU MAY OWN, OR YOU WILL HAVE TO FIND A LENDER, WHICH MAY BE THE LENDER YOU HAVE THIS LOAN WITH, WILLING TO LEND YOU THE MONEY. IF YOU REFINANCE THIS LOAN AT MATURITY, YOU MAY HAVE TO PAY SOME OR ALL OF THE CLOSING COSTS NORMALLY ASSOCIATED WITH A NEW LOAN EVEN IF YOU OBTAIN REFINANCING FROM THE SAME LENDER.

IN WITNESS WHEREOF, the undersigned, intending to be legally bound hereby, has duly executed this Note on the date specified.

BORROWER:

INGERSOLL FINANCIAL, LLC.                        , a    Limited Liability Company

_____ , as   Managing Member
KEITH INGERSOLL

_____ , Individually
KEITH INGERSOLL

DOC # 20150397153  B: 10959 P: 8479
07/30/2015 10:48 AM  Page 1 of 8
Rec Fee: $69.50
Deed Doc Tax: $0.00
Mortgage Doc Tax: $1,924.65
Intangible Tax: $1,099.80
Martha O. Haynie, Comptroller
Orange County, FL
Ret To: SIMPLIFILE LC

THIS INSTRUMENT PREPARED BY:
ISLANDRULZ, LLC.
2307 N. GEYER ROAD, SAINT LOUIS, MO 63131

# MORTGAGE
## THIS IS AN INVESTMENT PROPERTY

**THIS LOAN IS PAYABLE IN FULL AT MATURITY. YOU MUST REPAY THE ENTIRE PRINCIPAL BALANCE OF THE LOAN AND UNPAID INTEREST THEN DUE. THE LENDER IS UNDER NO OBLIGATION TO REFINANCE THE LOAN AT THAT TIME. YOU WILL, THEREFORE, BE REQUIRED TO MAKE PAYMENT OUT OF OTHER ASSETS THAT YOU MAY OWN, OR YOU WILL HAVE TO FIND A LENDER, WHICH MAY BE THE LENDER YOU HAVE THIS LOAN WITH, WILLING TO LEND YOU THE MONEY. IF YOU REFINANCE THIS LOAN AT MATURITY, YOU MAY HAVE TO PAY SOME OR ALL OF THE CLOSING COSTS NORMALLY ASSOCIATED WITH A NEW LOAN EVEN IF YOU OBTAIN REFINANCING FROM THE SAME LENDER.**

THIS MORTGAGE DEED, executed and delivered this ___JULY 28, 2015___, by ___INGERSOLL FINANCIAL, LLC.___, a ___Limited Liability Company___, whose address is: ___1101 NORTH LAKE DESTINY RD, STE 450  MAITLAND, FL 32751___, Florida (hereinafter called "Mortgagor", whether singular or plural), to ___ISLANDRULZ, LLC.___, whose address is ___2307 N. GEYER ROAD, SAINT LOUIS, MO 63131___, Florida (hereinafter called "Mortgagee"), in the amount of ___FIVE HUNDRED FORTY NINE THOUSAND NINE HUNDRED___ and ___00 / 100___ ($ ___549,900.00___ ) Dollars, which terms Mortgagor and Mortgagee shall include all natural and artificial persons described as Mortgagor and Mortgagee, and shall be deemed to extend to, bind and benefit their respective heirs, executors, administrators, successors, legal representatives and assigns;

### WITNESSETH

For divers good and valuable considerations, including the aggregate sum named in the promissory note (hereinafter called the "Note"), a substantial copy of which is annexed hereto, and/or amount thereof referred to herein, the Mortgagor does hereby grant, bargain, sell, alien, remise, release, convey and confirm unto the Mortgagee all that certain real property which the Mortgagor now owns, situate in ___ORANGE___ County, Florida, and described more particularly as:

**Legal Description**
LOT 88, SOUTH BAY, SECTION 2, ACCORDING TO THE PLAT THEREOF AS RECORDED IN PLAT BOOK 11, PAGES 30 AND 31, PUBLIC RECORDS OF ORANGE COUNTY, FLORIDA.

**Parcel ID.**  27 23 28 8150 00 880

and all structures and improvements now and hereafter located (hereinafter called the "Property").

TO HAVE AND TO HOLD the same, together with the tenements, hereditaments and appurtenances, unto the Mortgagee in fee simple.

And the Mortgagor hereby covenants with the Mortgagee that the Mortgagor is indefeasibly seized of the Property in fee simple (or such lesser estate as may hereinafter be identified); that the Mortgagor has full power and lawful right to convey the Property in fee simple as aforesaid; that it shall be lawful for the Mortgagee at all times peaceably and quietly to enter upon, hold, occupy and enjoy the Property; that the Property is free from all encumbrances except as may herein be noted; that the Mortgagor will make such further assurances to perfect the fee simple title to the Property in the Mortgagee as may reasonably be required; and that the Mortgagor does hereby fully warrant the title to the Property and will defend the same against the lawful claims of all persons whomsoever.

PROVIDED ALWAYS, that if the Mortgagor shall make all of the payments set forth in the Note and shall promptly perform, comply with and abide by each and every stipulation, agreement, condition and covenant of the Note and of this mortgage, then this mortgage and the estate hereby created shall cease and be null and void.

And the Mortgagor does hereby covenant and agree with the Mortgagee as follows:

1.  **Payment of the Note**:  The Mortgagor shall pay all and singular the principal and interest and other sums of money payable by virtue of the Note and this mortgage, or either, promptly within ten (10) days, respectively, of when the same severally become due.

2.  **Compliance with terms of Note and mortgage**:  The Mortgagor shall perform, comply with and abide by each and every stipulation, agreement, condition and covenant set forth in the Note and this mortgage.

3.  **Payment of taxes, assessments and encumbrances**:  The Mortgagor shall pay all and singular the taxes, assessments, levies, liabilities, obligations, and encumbrances of every nature on the Property, whether prior or subordinate in lien, dignity and effect to the lien of this mortgage, each in accordance with its respective terms, conditions and requirements, and, if the same be not paid promptly, the Mortgagee may at any time, before or after delinquencies, pay the same without waiving or affecting the option to foreclose or any right hereunder, and every payment so made shall become part of the indebtedness secured by this mortgage and shall bear interest from the date of expenditure by the Mortgagee at the maximum rate of interest permitted by law, until paid. All such funds, together with accrued interest, shall be paid to Mortgagee on demand.

4.  **Maintenance of insurance and application of proceeds**:  The Mortgagor shall keep the buildings now or hereafter constituting a portion of the Property insured by standard flood (if said property is an area where an institutional lender would require flood insurance), fire and extended coverage policy or policies, in a sum equal to the highest insurable value, issued by a company or companies approved by the Mortgagee, such policy or policies to be held by and be payable to the Mortgagee. In the event any sum of money becomes payable under such policy or policies, providing that the Mortgagor elects not to rebuild the property with the proceeds of insurance so as not to jeopardize the security hereunder, the Mortgagee shall have the option to receive and apply the same on account of the indebtedness hereby secured, or to permit the Mortgagor to receive and use it or any part thereof for other purposes, without hereby waiving or impairing any equity, lien or right under or by virtue of this mortgage, and if the Mortgagor shall fail to cause such insurance to be carried and paid for, the Mortgagee may place and pay for such insurance or any part thereof without waiving or affecting the option to foreclose or any right hereunder, and each and every payment shall bear interest from date thereof at the maximum rate of interest permitted by law.

5. **Waste:** The Mortgagor shall permit, commit, or suffer no waste, impairment or deterioration of the Property, except reasonable wear and tear, and, in the event of failure of the Mortgagor to keep the buildings constituting a portion of the Property or improvements thereon in good repair, the Mortgagee may make such repairs as in its discretion it may deem necessary for the proper preservation thereof, and the full amount of each and every such payment shall be due and payable thirty (30) days after demand, and shall be secured by the lien of this mortgage.

6. **Acceleration of maturity of Note upon default:** If any of the sums of money referred to in the Note or in this mortgage be not promptly and fully paid within ten (10) days of when the same severally become due and payable, or if each and every stipulation, agreement, condition and covenant of the Note and this mortgage, is not promptly and fully performed, complied with and abided by, then: (a) all obligations under the Note and under this mortgage, including, but not limited to, sums advanced by the Mortgagee to protect its security or lien position in the Property or any of its rights under this mortgage, shall immediately and without further notice to Mortgagor bear interest at the maximum rate of interest permitted by law; and (b) the aggregate sum mentioned in the Note, together with all other obligations under the Note and under this mortgage, shall become due and payable forthwith as fully and completely as if the full principal amount here secured were originally stipulated to be paid on such date, anything in the Note or herein to the contrary notwithstanding.

7. **Foreclosure of lien:** If foreclosure proceedings of any mortgage encumbering the property or any lien on the Property of any kind should be instituted, the Mortgagee may, at its option, immediately institute foreclosure proceedings on this Mortgage.

8. **Contest of lien:** If any action or proceeding shall be commenced by any person other than the holder of this mortgage, to which action or proceeding the holder of this mortgage is made a party, or in which it shall become necessary to defend or uphold the lien of this mortgage, all sums paid by the holder of this mortgage for the expense of any litigation, including appellate proceedings, to prosecute, or defend the rights and liens created by this mortgage (including reasonable counsel fees), shall be paid by the Mortgagor, together with interest thereon at the maximum rate of interest permitted by law, and any such sum, and the interest thereon, shall be a claim upon the Property, attaching or accruing subsequent to the lien of this mortgage, and shall be deemed to be secured by this mortgage and by the Note. In any action or proceedings to foreclose this mortgage or to recover or collect the debt secured thereby, the provisions of law respecting the recovery of costs, disbursements and allowances shall prevail, unaffected by this covenant.

9. **Condemnation:** In the event that the property, or any part thereof, shall be condemned and taken for public use under the power of eminent domain, the Mortgagee shall have the right to demand that all damages awarded for such taking shall be paid to the Mortgagee, up to the aggregate amount then unpaid on the Note and on this mortgage, and shall be applied to the payments last payable thereon.

10. **Subrogation of Mortgagee:** To the extent of the indebtedness of the Mortgagor to the Mortgagee described herein or secured hereby, the Mortgagee is hereby subrogated to the lien or liens and to the rights of the owners and holders thereof of each and every mortgage, lien or other encumbrance on the Property which is paid or satisfied, in whole or in part, out of the proceeds of the Note, and the respective liens of said mortgages, liens or other encumbrances shall be, and the same and each of them hereby is preserved and shall pass to and be held by the Mortgagee as security for the Note, to the same extent that it would have been preserved and would have been passed to and been held by the Mortgagee had it been duly and regularly assigned, transferred, set over and delivered unto the Mortgagee by separate deed of assignment, notwithstanding the fact that the same may be satisfied and canceled of record, it being the intention of the parties hereto that the same will be satisfied and canceled of record by the holders thereof at or about the time of the recording of this mortgage.

11.  Costs and expenses of enforcement:  The Mortgagor shall pay all and singular the costs, charges and expenses, including counsel fees  (whether or not suit is brought or appeal taken therefrom), reasonably incurred or paid at anytime by the Mortgagee because of the failure on the part of the Mortgagor to perform, comply with and abide by each and every stipulation, agreement, condition and covenant of the Note and this mortgage, or either, and every such payment shall bear interest at the highest rate of interest permitted by law.

12.  Extension of time and/or modification of terms:  No extension of time or modification of the terms of the Note and this mortgage, and no release of any part or parts of the Property shall, without the consent of the Mortgagee, release, relieve, or discharge the Mortgagor from the payment of any of the sums hereby secured, but in such event the Mortgagor shall nevertheless be liable to pay such sums according to the terms of such extension or modifications unless specifically released and discharged in writing by the Mortgagee; further, acceptance of part payment of any installment of principal or interest, or both, or of part performance of any covenant or delay for any period of time in exercising the option to mature the entire debt, shall not operate as a waiver of the right to exercise such option or act upon such default, partial acceptance or any subsequent default.

13.  Real estate taxes and insurance:  In order to more fully protect the security of this mortgage, together with and in addition to the payment of principal and interest provided for in the Note which this mortgage secures, the Mortgagee, at its option, may at any time require that the Mortgagor pay to the Mortgagee on the first day of each month until all obligations under the Note and this mortgage are fully paid a sum equal to the premiums that will next become due and payable on policies of flood, fire and other hazard insurance covering the mortgaged property, plus taxes and assessments next payable on the mortgaged property (all as estimated by the Mortgagee), less all sums already paid therefor, if any, divided by the number of months to elapse before the date when such premiums, taxes and assessments will become payable, such sums to be held by Mortgagee to pay said premiums, taxes and assessments.  The aggregate of the amounts payable pursuant to this paragraph and those payable on the Note secured hereby, shall be paid in a single payment each month, to be applied to the following items in the order stated: 1. Taxes, assessments, flood, fire and other hazard insurance premiums; 2. Interest on the Note secured hereby; and 3. Amortization of the principal of said Note.

Any deficiency in the amount of any such aggregate monthly payment shall, unless made good by the Mortgagor prior to the due date of the next such payment, constitute an event of default under this mortgage. If such monthly payments shall not be sufficient to pay such items when the same shall become due and payable, then the Mortgagor shall promptly pay to the Mortgagee any amount necessary to make up the deficiency upon written notice from the Mortgagee stating the amount of the deficiency. Said deposits need not be kept separate or apart, and any interest earned thereon shall become property of the Mortgagee.

If there shall be a default under any of the provisions of the Note or this mortgage and an action or proceeding shall be commenced to foreclose same, the Mortgagee shall be, and hereby is, authorized and empowered to apply, at the time of the commencement of the action or proceeding, or at any time thereafter, the balance then remaining in the funds accumulated for taxes and insurance as a credit against the amount of principal then remaining under the Note or this mortgage.

14.  Future advances:  It is the intent hereof to secure payment of the Note whether the entire amount shall have been advanced to the Mortgagor on the date hereof or at a later date, and to secure any other amount that may be added to the mortgage indebtedness under the terms of this instrument. This mortgage secures the principal debt as set out in the Note, advances received by the Mortgagor from the Mortgagee during the term hereof, all other indebtedness that may hereafter be due, owing or existing from

the Mortgagor to the Mortgagee during the existence of this mortgage, and any renewal or renewals of the Note or Notes for said present or future indebtedness, in all respects as though such advances had been made simultaneously with the execution hereof, and secured hereby; provided, however, that all such further or future advances shall be wholly optional with the Mortgagee and further provided, however, that no such advance or advances shall cause the unpaid principal obligation here secured to exceed 200% of the original principal amount of the Note, except that there may be added to such amount interest thereon and any and all disbursements made by the Mortgagee for the payment of taxes, levies or insurance on the Property covered by the lien of this mortgage with interest on such disbursements at the maximum rate of interest permitted by law, and for reasonable attorneys' fees and court costs incurred in the collection of any or all of such sums of money, including all such fees and costs in connection with appellate proceedings.

15.  **Separate and cumulative rights:**  Mortgagor agrees that all rights of the Mortgagee arising under the provisions and covenants in this mortgage shall be separate, distinct and cumulative and that none shall be in exclusion of the other; and that, further, no act of the Mortgagee shall be construed as an election to proceed under any one provision or covenant herein to the exclusion of any other.

16.  **Severability:**  It is further mutually agreed between the parties hereto and made a specific part of this instrument, that in case any word, clause, term, phrase or paragraph used in the aforesaid Note and/or this mortgage deed should be held to be unconstitutional or illegal by any court of competent jurisdiction, the same shall not affect, alter or otherwise impair the meaning of any other word, clause, term, phrase or paragraph in said Note and mortgage deed, and the same shall stand in full force and effect and shall be obligatory upon the assignees, heirs and legal representatives of both respective parties hereto.

17.  **Gender:**  In this mortgage and the Note it secures, the singular shall include the plural and the masculine shall include the feminine and neuter.

18.  **Entire agreement; modifications:**  This mortgage constitutes the entire agreement between the parties hereto with respect to the Property and the terms and provisions hereof may not be modified except by written instrument signed by the party to be charged.

19.  **Time of the essence:**  Time is of the essence of this contract and no  waiver of any obligation hereunder or of the obligation secured hereby shall at any time thereafter be held to be a waiver of the terms hereof or of the Note secured hereby.

20.  **Abandonment:**  If at any time while this mortgage is in default, the Property shall be abandoned, vacated or left unattended, the Mortgagee, if in its discretion such steps are necessary for the protection of the property, shall have the right, power and authority at its option, to enter upon the Property and to secure same by changing locks thereon, to paint and repair such premises, and to place signs thereon notifying that it has taken possession of the Property, and it may also place signs thereon offering to sell the Property subject to its acquisition of title thereto by foreclosure proceedings or otherwise; and any such action by the Mortgagee as described above shall not be deemed to be a trespass or trespasses or unlawful detainer upon such Property. All sums paid or advanced by the Mortgagee in the protection of the Property as herein provided shall be charged into the mortgage account and become an integral part thereof, subject in all respects to the terms, conditions and covenants of the Note and this mortgage, as fully and to the same extent as though a part of the original indebtedness evidenced by said Note and secured by this mortgage, excepting however, that said sums shall be repaid to the Mortgagee forthwith upon its demand, together with interest on such sums at the maximum rate of interest permitted by law.

21.  **Assumption of mortgage:**  This mortgage and Note which same secures, shall become due and payable in full, without notice, upon any sale, gift, exchange, conveyance, encumbrance, or transfer, legal or equitable, of the property, or any interest therein. The Mortgagee has the right to allow assumption

of this mortgage, provided that written approval from the Mortgagee is first had and obtained prior to any sale, gift, exchange, advance, encumbrance or other transfer, legal or equitable, of the property. In the event such prior written approval has not been obtained prior to any such transfer, the entire unpaid indebtedness under the note and this mortgage shall be due and payable at the time of any such transfer. In the event the Mortgagee should agree to the assumption of this mortgage by a third party, then, prior to Mortgagee giving the required written approval, the Mortgagee shall have the right to require complete financial information from such assuming party and a right to charge a customary assumption fee. In the event a conveyance should be made by the Mortgagor of the Property herein described, or any part thereof, after written approval for the assumption thereof has been obtained from the Mortgagee, and the grantee named from such conveyance fails or refuses to assume the payment of the obligation evidenced by the Note and secured by this mortgage, and in accordance with their respective terms, then, and in that event, all sums of money secured hereby shall immediately become forthwith due and payable. In the event the ownership of said Property or any part thereof becomes vested in a person other than the Mortgagor, the Mortgagee may, without prior notice to the Mortgagor, deal with such successor or successors in interest with reference to this mortgage and the debt hereby secured in the same manner as with the Mortgagor, and may forbear to sue or may extend time for payment of the debt secured hereby, without discharging or in any way affecting the liability of the Mortgagor hereunder or upon the debt hereby secured.

**PROMISSORY NOTE:** This mortgage secures a promissory note of even date herewith, given by the Mortgagor herein in favor of the Mortgagee herein, in the original principal amount of ___FIVE HUNDRED FORTY NINE THOUSAND NINE HUNDRED___ and __00 / 100__ ($ __549,900.00__ ) Dollars.

THIS LOAN IS PAYABLE IN FULL AT MATURITY. YOU MUST REPAY THE ENTIRE PRINCIPAL BALANCE OF THE LOAN AND UNPAID INTEREST THEN DUE. THE LENDER IS UNDER NO OBLIGATION TO REFINANCE THE LOAN AT THAT TIME. YOU WILL, THEREFORE, BE REQUIRED TO MAKE PAYMENT OUT OF OTHER ASSETS THAT YOU MAY OWN, OR YOU WILL HAVE TO FIND A LENDER, WHICH MAY BE THE LENDER YOU HAVE THIS LOAN WITH, WILLING TO LEND YOU THE MONEY. IF YOU REFINANCE THIS LOAN AT MATURITY, YOU MAY HAVE TO PAY SOME OR ALL OF THE CLOSING COSTS NORMALLY ASSOCIATED WITH A NEW LOAN EVEN IF YOU OBTAIN REFINANCING FROM THE SAME LENDER.

IN WITNESS WHEREOF, the Mortgagor has executed this Mortgage as of the date first above set forth. Signed, sealed and delivered in our presence.

WITNESSES:

INGERSOLL FINANCIAL, LLC., a __Limited Liability Company__

Witness Name: CHERYL QUEGENBERRY            KEITH INGERSOLL , as __Managing Member__

Witness Name: Lori A. Whitaker               KEITH INGERSOLL , Individually

STATE OF ___FL___
COUNTY OF ___ORANGE___

    I, am an officer authorized to take acknowledgments of deeds according to the laws of the State of Florida, duly qualified and acting as, personally appeared ___KEITH INGERSOLL___, Individually and as (title) ___Managing Member___ on behalf of ___INGERSOLL FINANCIAL, LLC.___ who produced a Florida driver's license as identification, this day and acknowledged before that he/she executed foregoing Mortgage, for the purposes therein expressed.

    IN WITNESS WHEREOF, I hereunto set my hand and official seal in the County and State aforesaid, this __28th__ day of __July__, 2015.

Notary Public, State of ___FL___ at Large

CHERYL QUESENBERRY

CHERYL ANN QUESENBERRY
MY COMMISSION #FF129950
EXPIRES June 26, 2018
(407) 398-0153   FloridaNotaryService.com

CHERYL ANN QUESEN...
MY COMMISSIO... #F...
EXPIRES Jun... ...
(407) 398-0153   FloridaNotaryServ...

Subject Property Address: _____ 9102 SOUTH BAY DRIVE, ORLANDO, FL 32819 _____

Space above this line for recording information

EXHIBIT"B"
Legal
Description

LOT 88, SOUTH BAY, SECTION 2, ACCORDING TO THE PLAT THEREOF AS RECORDED IN PLAT BOOK 11, PAGES 30 AND 31, PUBLIC RECORDS OF ORANGE COUNTY, FLORIDA.

Mortgagor hereby certifies that the foregoing description is the correct description of the property owned by Mortgagor and is one and the same Property as referred to in this mortgage. In the County of ___ORANGE___. The Post Office address of the Property 9102 SOUTH BAY DRIVE, ORLANDO, FL 32819 .
Mortgagor further certifies that the Property is neither Mortgagor's residence nor homestead.

BORROWER:

_____ INGERSOLL FINANCIAL, LLC. _____, a ___Limited Liability Company___

_____, as ___Managing Member___
KEITH INGERSOLL

_____, Individually
KEITH INGERSOLL

# **EXHIBIT B**

611990642.1

IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT
IN AND FOR ORANGE COUNTY, FLORIDA

ISLANDRULZ, LLC,                                    CASE NO. 2017-CA-004523-O

      Plaintiff,

v.

INGERSOLL FINANCIAL, LLC,

      Defendants.

_____/

## FINAL SUMMARY JUDGMENT OF FORECLOSURE

    The Plaintiff's, ISLANDRULZ, LLC, Motion for Entry of Final Summary Judgment of Foreclosure

came before the court on the 18th day of September, 2017. It is

    ORDERED and ADJUDGED:

    1.   This court has jurisdiction of the subject matter and the parties before it.

    2.   The equities of this cause are with Plaintiff. There is due to Plaintiff the following sums of money:

| | |
|---|---|
| PRINCIPAL AMOUNT DUE: | $549,900.00 |
| INTEREST – 2nd Mortgage | $50,468.19 (Through 8/15/17) |
| TAXES – 2015 and 2016: | $22,581.31 |
| INSURANCE PREMIUM | $4,359.00 |
| Flat fee for debt collection letters | |
|     (September 2016; October 2016; January 2017) | $600.00 |
| Filing fee and summons fee | $1,930.00 |
| Service of process on defendants | $70.00 |
| Attorney's Enforcement Litigation Fees | $2,627.50 |
| | |
| TOTAL: | $632,536.00 |

The attorneys' fees determination is made under the dictates of Standard Guaranty Insurance Co. v. Quanstrom, 555 So.2d 828 (Fla. 1990) and Florida Patient's Compensation Fund v. Rowe, 472 So.2d 1145 (Fla. 1985). If hours and rates are not stated, the amounts stated in plaintiff's counsel's affidavit are adopted as being reasonable.

    3.   Plaintiff holds a lien for the total sum superior to all claims or estates of defendant(s), on the

following described property in ORANGE County, Florida:

Lot 88, South Bay, Section 2, according to the map or plat thereof as recorded in Plat Book 11, Page 30 and 31,

Public Records of Orange County, Florida with common address 9012 South Bay Drive, Orlando, FL 32819

4.  If the total sum due plaintiff, plus interest at the maximum rate allowed by law per annum from and after the date of this judgment, is not paid within five days, the clerk of this court shall sell the above-described property at public sale at 11:00 a.m. on November 22 2017 to the highest bidder or bidders for cash at the on-line auction conducted at www.myorangeclerk.realforeclose.com, after having first given notice as required by F.S. 45.031.

5.  Plaintiff shall advance the cost of publishing the notice of sale and the clerk's fee for making the sale and shall be reimbursed therefore by the clerk out of the proceeds of the sale or redemption if plaintiff shall not become the purchaser of the property at the sale.

6.  Plaintiff may bid for the purchase of the property at the sale, and, if plaintiff is the purchaser, the clerk shall credit on the bid of plaintiff the total sum herein found to be due to plaintiff or such portion thereof as may be necessary to pay fully the bid of plaintiff, except that the sums mentioned in subparagraph 7a of this judgment must be paid in cash, attorney's check, or other payment acceptable to the clerk.

7.  After confirmation of the sale, whether confirmation is by the clerk filing the certificate of title or by order of this court filed following objections to the sale, the clerk shall distribute the proceeds of the sale in the following order and in the amounts due under each of the following subparagraphs:

    a.  All costs and expenses of these proceedings subsequent to the entry of this final judgment of foreclosure, including the cost of publishing the notice of sale and the clerk's fee for making the sale, unless plaintiff, having already paid for those two items of cost, is the purchaser at the sale; the costs of the state documentary tax stamps affixed to the certificate of title based on the amount bid for the property; plus the costs, if paid by the purchaser.

    b.  The attorneys' fees hereby allowed to plaintiff's attorney.

    c.  The total sum herein found to be due to plaintiff, plus interest at the highest allowable rate per annum as prescribed in plaintiff's Declaration of, or otherwise, less the attorneys' fees mentioned in subparagraph 7b.

    d.  The balance of the proceeds of the sale in excess of the amounts paid under subparagraphs 7a–7c shall be retained by the clerk pending further order of this court

    IF THIS PROPERTY IS SOLD AT PUBLIC AUCTION, THERE MAY BE ADDITIONAL MONEY FROM THE SALE AFTER PAYMENT OF PERSONS WHO ARE ENTITLED TO BE PAID FROM THE SALE PROCEEDS PURSUANT TO THIS FINAL JUDGMENT.

    IF YOU ARE A SUBORDINATE LIENHOLDER CLAIMING A RIGHT TO FUNDS REMAINING AFTER THE SALE, YOU MUST FILE A CLAIM WITH THE CLERK NO LATER THAN 60 DAYS AFTER THE SALE. IF YOU FAIL TO FILE A CLAIM, YOU WILL NOT BE ENTITLED TO ANY REMAINING FUNDS.

    IF YOU ARE THE PROPERTY OWNER AND THIS PROPERTY IS HOMESTEADED, YOU MAY CLAIM THESE FUNDS YOURSELF. YOU ARE NOT REQUIRED TO HAVE A LAWYER OR ANY OTHER REPRESENTATION AND YOU DO NOT HAVE TO ASSIGN YOUR RIGHTS TO ANYONE ELSE IN ORDER FOR YOU TO CLAIM ANY MONEY TO WHICH YOU ARE ENTITLED. PLEASE CHECK WITH THE CLERK OF THE COURT,  425 N. Orange Ave., Orlando, FL 32801,  WITHIN TEN (10) DAYS AFTER THE SALE TO SEE IF THERE IS ADDITIONAL MONEY FROM THE FORECLOSURE SALE THAT THE CLERK HAS IN THE REGISTRY OF THE COURT.

IF YOU DECIDE TO SELL YOUR HOME OR HIRE SOMEONE TO HELP YOU CLAIM THE ADDITIONAL MONEY, YOU SHOULD READ VERY CAREFULLY ALL PAPERS YOU ARE REQUIRED TO SIGN, ASK SOMEONE ELSE, PREFERABLY AN ATTORNEY WHO IS NOT RELATED TO THE PERSON OFFERING TO HELP YOU. TO MAKE SURE THAT YOU UNDERSTAND WHAT YOU ARE SIGNING AND THAT YOU ARE NOT TRANSFERRING YOUR PROPERTY OR THE EQUITY IN YOUR PROPERTY WITHOUT THE PROPER INFORMATION. IF YOU CANNOT AFFORD TO PAY AN ATTORNEY, YOU MAY CONTACT  YOUR LOCAL LEGAL AID OFFICE  TO SEE IF YOU QUALIFY FINANCIALLY FOR THEIR SERVICES. IF THEY CANNOT ASSIST YOU, THEY MAY BE ABLE TO REFER YOU TO A LOCAL BAR REFERRAL AGENCY OR SUGGEST OTHER OPTIONS. IF YOU CHOOSE TO CONTACT YOUR LOCAL LEGAL AID OFFICE  FOR ASSISTANCE, YOU SHOULD DO SO AS SOON AS POSSIBLE AFTER RECEIPT OF THIS NOTICE.

8.  On confirmation of the sale, whether by the clerk filing the certificate of sale herein, or by order of the court ruling upon objections to the sale, defendant and any and all persons claiming by, through, or under defendant or any of them since the date of filing of the notice of lis pendens herein, are forever barred and foreclosed of and from all right, title, interest, claim, or demand of any kind or nature whatsoever in and to the property herein described. The purchaser at the sale or his or her representative or assigns shall be let into possession of that property, and the clerk shall issue a writ of possession at the request of the purchaser or the purchaser's representatives or assignees.

9.  Jurisdiction of this action and of the parties is retained to enter further orders that are proper including, without limitation, writs of possession and deficiency judgments.

10. If Defendant or another person in possession refuses to vacate the premises after the issuance of the Certificate of Title and a writ of possession shall therefore be necessary, this Court may enter an Order granting a Writ of Possession without further notice or hearing

DONE AND ORDERED in ORANGE County Courthouse on this the ___ day of ___ 2017.

Original Signed
JANET C. THORPE
Circuit Judge
Honorable Judge Janet Thorpe

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the above was served to the Clerk of the Court and via e-mail to all other parties if designated email is known in compliance with the new mandatory email service rule and by U.S. mail if no designated email of record provided this ___ day of ___ 2017 on:

Kimberly Soto, Esq.
The Soto Law Office, P.A.
415 Montgomery Rd., Suite 111
Altamonte Springs, FL 32714

Ingersoll Financial, LLC
c/o R. Lee Dorough
2 South Orange, Suite 202
Orlando, FL 32801

By: _____
Judicial Assistant / Attorney

# **EXHIBIT C**

611990642.1

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re:                                    CASE NO.: 6:17-bk-07077-KSJ

INGERSOLL FINANCIAL, LLC                  CHAPTER 11

      Debtor.

_____/

## STATEMENT OF INDEBTEDNESS

I, Kelly Hiner, declare:

    1.     I submit this declaration in support of the Motion of Islandrulz, LLC for Relief from the Automatic Stay (the "Motion") relating to the real property located at 9102 South Bay Drive, Orlando, Florida (the "Property") filed in the above-captioned bankruptcy case.

    2.     I have personal knowledge of the facts stated herein or am informed and believe them to be true, and, if called as a witness, I could and would testify competently thereto.

    3.     I am the managing member of Islandrulz, LLC ("IR"), and as such, I have authority to make this declaration on behalf of IR.

    4.     I have read the Motion and all of the facts stated there are true and correct to the best of my knowledge, information and belief.

    5.     The Debtor is in default under the promissory note to IR relating to the Property by failing to make the payment due on January 1, 2017 and all subsequent payments.

    6.     As of the November 7, 2017, Ingersoll Financial, LLC owed IR the following amounts in connection with the the Property:

| Basis | Amount |
|---|---|
| Final Judgment of Foreclosure dated September 18, 2017 | $632,536.00 |
| Post-Judgment Interest to November 7, 2017 | $4,479.74 |
| **Total as of November 7, 2017** | $637,015.74 |

7.    I reserve the right to amend or supplement this declaration.

I declare under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed in Saint Louis, Missouri on 2/2, 2018.

_____

Islandrulz, LLC
By:  Kelly Hiner
Its:  Managing Member

# **EXHIBIT D**

611990642.1



Home    Search    Feedback

Connect with us



Sign up for e-Notify...

Searches | Sales Search | Results | Property Record Card | My Favorites

### 9102 South Bay Dr  < 27-23-28-8150-00-880 >

Name(s)
Ingersoll Financial LLC

Physical Street Address
9102 South Bay Dr

Mailing Address On File
1714 Conway Isle Cir
Belle Isle, FL 32809-3500
Incorrect Mailing Address?

Postal City and Zipcode
Orlando, FL 32819

Property Use
0103 - Single Fam Class III

Municipality
Un-Incorporated

SAVE  PRINT  SEND
MAP  STREET  BIRDEYE
FAVS  TRIM  PORT
ESTIMATE  TAXES  SETTINGS
OLD MAP



9102 SOUTH BAY DR, ORLANDO, FL 32819   9/4/2015 11:38 AM

View 2017 Property Record Card

Property Features | Values, Exemptions and Taxes | Sales Analysis | Location Info | Market Stats

Update Information

### Historical Value and Tax Benefits ⓘ

2017 Tax Breakdown

| Tax Year Values | | Land | | Building(s) | | Feature(s) | | Market Value | | Assessed Value | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 2017 | ✓ MKT | $160,000 | + | $383,641 | + | $12,000 | = | $555,641 | (1.8%) | $555,641 | (1.8%) |
| 2016 | ✓ MKT | $160,000 | + | $373,216 | + | $12,500 | = | $545,716 | (-7.1%) | $545,716 | (-7.1%) |
| 2015 | ✓ MKT | $140,000 | + | $434,256 | + | $13,000 | = | $587,256 | (16%) | $587,256 | (16%) |
| 2014 | ✓ MKT | $125,000 | + | $375,705 | + | $6,200 | = | $506,905 | | $506,905 | |

### 2017 Taxable Value and Certified Taxes ⓘ

TAX YEAR | 2017 • 2016 • 2015 • 2014

| Taxing Authority | Assd Value | Exemption | Tax Value | Millage Rate | | Taxes | % |
|---|---|---|---|---|---|---|---|
| Public Schools: By State Law (Rle) | $555,641 | $0 | $555,641 | 4.2220 | (-7.47%) | $2,345.92 | 25 % |
| Public Schools: By Local Board | $555,641 | $0 | $555,641 | 3.2480 | (0.00%) | $1,804.72 | 19 % |
| Orange County (General) | $555,641 | $0 | $555,641 | 4.4347 | (0.00%) | $2,464.10 | 26 % |
| Unincorporated County Fire | $555,641 | $0 | $555,641 | 2.2437 | (0.00%) | $1,246.69 | 13 % |
| Unincorporated Taxing District | $555,641 | $0 | $555,641 | 1.8043 | (0.00%) | $1,002.54 | 11 % |
| Library - Operating Budget | $555,641 | $0 | $555,641 | 0.3748 | (0.00%) | $208.25 | 2 % |
| South Florida Water Management District | $555,641 | $0 | $555,641 | 0.1275 | (-6.18%) | $70.84 | 1 % |
| South Florida Wmd Okeechobee Basin | $555,641 | $0 | $555,641 | 0.1384 | (-6.30%) | $76.90 | 1 % |
| South Florida Wmd Everglades Const | $555,641 | $0 | $555,641 | 0.0441 | (-6.37%) | $24.50 | 0 % |
| Wind Wtr & Nav Cntrl Dist | $555,641 | $0 | $555,641 | 0.2528 | (0.00%) | $140.47 | 1 % |
| | | | | 16.8903 | | $9,384.93 | |

### 2017 Non-Ad Valorem Assessments

| Levying Authority | Assessment Description | Units | Rate | Assessment |
|---|---|---|---|---|
| COUNTY SPECIAL ASSESSMENT | STREET LIGHTS - STREET LIGHTS - (407)836-5770 | 1.00 | $143.81 | $143.81 |

9102 South Bay Dr

| COUNTY SPECIAL ASSESSMENT | GRANADA COMMONS - COMMON AREA MAINT - (407)836-5770 | 1.00 | $100.00 | $100.00 |
|---|---|---|---|---|
| COUNTY SPECIAL ASSESSMENT | WASTE PRO - GARBAGE - (407)836-6601 | 1.00 | $220.00 | $220.00 |
| | | | | $463.81 |

**2017 Gross Tax Total:**    **$9,848.74** ⓘ

**2017 Tax Savings Tax Savings**

| Your property taxes without exemptions would be: | | $9,384.93 |
|---|---|---|
| Your ad-valorem property tax with exemptions is: | − | $9,384.93 |
| **Providing You A Savings Of:** | = | $0.00 |

This Data Printed on 01/30/2018 and System Data Last Refreshed on 01/29/2018

Site Notice    About Us    Contact Us    OCPAFL Home    Property Search    **EXEMPTION FRAUD HOTLINE**

Orange County Property Appraiser • 200 S. Orange Avenue, Suite 1700 • Orlando, FL 32801

Office Hours: 8:00 a.m. to 5:00 p.m. Monday - Friday • Phone: 407.836.5044

For website questions or technical support, contact us at helpdesk@ocpafl.org

Copyright © 2016 Orange County Property Appraiser - All rights reserved.

Label Matrix for local noticing
113A-6
Case 6:17-bk-07077-KSJ
Middle District of Florida
Orlando
Fri Feb  2 14:00:07 EST 2018

Ingersoll Financial, LLC
2 South Orange Avenue, Suiite 202
Orlando, FL 32801-2634

Alexandra Krot
169 Bassett Place
Bloomfield Hills MI 48301-3463

Alexandra Krot
680 Osceola Avenue
Winter Park, FL 32789-4456

Bay Hill Property Owners Ass
13350 W Colonial Dr Ste 330
Winter Garden, FL 34787-3967

Chipco Group LLC
Successor to PMSG LLC
625 Waltham Ave
Orlando FL 32809-4205

Condrite Asset Trust.
Series 2016-OCC2
c/o US Bank Corp Trust Svcs
60 Livingston Ave EP-MN-WS3D
Saint Paul, MN 55107-2292

Florida Department of Revenue
Bankruptcy Unit
Post Office Box 6668
Tallahassee FL 32314-6668

Internal Revenue Service -
Post Office Box 7346
Philadelphia PA 19101-7346

Islandrulz, LLC
2307 N. Geyer Rd.
Saint Louis, MO 63131-3308

Keith Ingersoll
2 South Orange Ste 202
Orlando, FL 32801-2634

Leyli 37, LLC
966 Baileyana Road
Hillsborough CA 94010-6108

Leyli 37, LLC
c/o Andrew V. Layden, Esq.
Baker & Hostetler LLP
200 S. Orange Ave., SunTrust Center, Sui
Orlando, FL 32801-3432

Michael LaFay
9342 Wickham Way
Orlando, FL 32836-5517

Orange County
Code Enforcement Board
2450 W 33rd St
Orlando, FL 32839-8726

Orange County Tax Collector
PO Box 545100
Orlando FL 32854-5100

Orange County Tax Collector
Attn: Scott Randolph
PO Box 545100
Orlando, FL 32854-5100

PMSG, LLC
625 Waltham Avenue
Orlando, FL 32809-4205

RS Lending, Inc.
501 Second St, Ste 700
San Francisco, CA 94107-4134

RS Lending, Inc.
c/o Christopher R. Thompson, Esq.
Burr & Forman LLP
200 S. Orange Ave., Suite 800
Orlando, FL 32801-6404

Secured Investment Funding L
1485 International Pkwy
Suite 1031
Lake Mary, FL 32746-5304

The Soto Law Office PA
Attn Kimberly Soto, Esq
415 Montgomery Rd, Ste 111
Altamonte Springs, FL 32714-6814

Volusia County Revenue Div
123 W Indiana Ave, Room 103
Deland, FL 32720-4615

Winderweedle Haines et al
Attn Mya M. Hatchette
PO Box 880
Winter Park, FL 32790-0880

Frank M Wolff +
Frank Martin Wolff, P.A.
19 E. Central Blvd
Orlando, FL 32801-2468

United States Trustee - ORL +
Office of the United States Trustee
George C Young Federal Building
400 West Washington Street, Suite 1100
Orlando, FL 32801-2210

Andrew V Layden +
Baker & Hostetler LLP
Suntrust Center - Suite 2300
200 S. Orange Avenue
Orlando, FL 32801-3432

Christopher R Thompson +
200 S Orange Ave, Ste 800
Orlando, FL 32801-6404

Audrey M Aleskovsky +
Office of the United States Trustee
George C. Young Federal Building
400 West Washington St, Suite 1100
Orlando, FL 32801-2210

Donald W Fitzgerald +
Felderstein Fitzgerald Willoughby
400 Capitol Mall, Suite 1750
Sacramento, CA 95814-4432

Jennifer E Niemann +
Felderstein Fitsgerald Willoughby
400 Capitol Mall, Suite 1750
Sacramento, CA 95814-4432

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

| | | |
|---|---|---|
| (u)Islandrulz, LLC | (u)Note: Entries with a '+' at the end of the | End of Label Matrix |
| c/o Andrew V. Layden, Esq. | name have an email address on file in CMECF | Mailable recipients    30 |
| Baker & Hostetler LLP | -------------------------------------------- | Bypassed recipients     2 |
| 200 S. Orange Ave., SunTrust Center, Sui | Note: Entries with a '-' at the end of the | Total                  32 |
| | name have filed a claim in this case | |