UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re:

INGERSOLL FINANCIAL, LLC,    Case No. 6:17-bk-07077-KSJ
                             Chapter 11
    Debtor.
_____/

## MOTION TO COMPEL PRODUCTION OF DOCUMENTS

RS LENDING, INC. ("RS Lending"), by and through its undersigned counsel, and pursuant to Federal Rule of Civil Procedure 37, as made applicable herein by Rule 7037 of the Federal Rules of Bankruptcy Procedure, hereby files its Motion to Compel Production of Documents, seeking an order from this Court compelling the Debtor, Ingersoll Financial, LLC (the "Debtor") to produce the documents requested in RS Lending's Notice of Rule 2004 Examination and Request for Production of Documents, and in support, states as follows:

1.  On or about January 30, 2018, RS Lending filed its Notice of Rule 2004 Examination and Request for Production of Documents [D.E. 47] ("Rule 2004 Notice"), which requested that the Debtor produce the documents identified on Exhibit A thereto, by Wednesday, February 21, 2008 at 5:00 p.m. Specifically, Exhibit A requests the production of the following documents:

    1.  A copy of the Debtor's 2016 federal tax return, including all schedules and attachments.

    2.  Copies of all recorded deeds or titles for the Mortgaged Properties showing the current record owner of such properties.

    3.  Copies of all recorded deeds or titles for the Mortgaged Properties showing the record owner of such properties at the time the Loans were made.

    4.  Copies of all documents related to the use of the proceeds from the Loans by the Debtor and/or by the Trust.

31252084 v1

  5. Copies of all land trust agreements related to the Mortgaged Properties, including but not limited to land trust agreements regarding the Trust.

  6. Copies of all leases related to the Mortgaged Properties.

  7. Copies of all documents related to insurance policies the Debtor maintains on the Mortgaged Properties, including but not limited to copies of all insurance policies, certificates of insurance, and binders.

  8. Copies of all documents related to payment of real property taxes for the Mortgaged Properties, including but not limited to copies of cancelled checks reflecting any payments of real property taxes the Debtor made.

  9. Copies of all records related to rental income the Debtor has received from or in connection with the Mortgaged Properties, including bank statements to the extent any bank statements show reflect rental income the Debtor has received.

  10. Copies of all documents relating to the process of applying for, documenting, and closing the Loans, including but not limited to loan applications, escrow documents, and title documents.

  2. The Rule 2004 Notice provided the Debtors with sufficient reasonable notice of the request for production of documents as required by Local Rule 2004-1.

  3. To date, however, the Debtor has failed to provide any documents at all in response to the Rule 2004 Notice.

  4. The Debtor did not move for a protective order and did not seek any extension of time to produce the documents. The Debtor has not provided any reason for its failure to provide the documents nor has the Debtor indicated that the documents will be forthcoming.

  5. Therefore, RS Lending now moves this Court for an order compelling the Debtor to provide the requested documents within 10 days of the entry of an order granting this Motion.

  6. Federal Rule of Civil Procedure 37(a)(5) provides that if a motion to compel discovery is granted, or if the disclosure or requested discovery is provided after the motion is filed, "the court must, after giving an opportunity to be heard, require the party or deponent

whose conduct necessitated the motion or the party or attorney advising such conduct, or both to pay the movant's reasonable expenses incurred in obtaining the order, including attorney's fees."

7.   Accordingly, RS Lending requests the Court award its reasonable expenses incurred in filing this motion, including attorney's fees, as authorized by Rule 37.

## CERTIFICATE OF GOOD FAITH CONFERENCE

I HEREBY CERTIFY that the undersigned counsel for RS Lending conferred in good faith with counsel for Debtor, Frank Wolff, regarding the relief sought in the instant motion; however, counsel were unable to reach a resolution, thus necessitating the Court's intervention.

WHEREFORE, RS Lending, Inc., respectfully requests that this Court enter an Order compelling the Debtor to provide any and all documents responsive to the Notice of Rule 2004 Examination and Request for Production of Documents within 10 days of the date of this Order, awarding RS Lending, Inc., its reasonable expenses, including attorneys' fees, incurred in bringing this Motion, and for any other relief the Court deems just and proper.

Dated this 23rd day of February, 2018.

Respectfully submitted,

*/s/ Christopher R. Thompson*
Christopher R. Thompson, Esq.
Florida Bar No.  0093102
Email:  crthompson@burr.com
BURR & FORMAN LLP
200 S. Orange Avenue, Suite 800
Orlando, Florida 32801
Telephone: (407) 540-6600
Facsimile: (407) 540-6601
*Counsel for RS Lending, Inc.*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing was furnished via electronic mail using the Court's CM/ECF system on February 23, 2018, which will provide electronic notice to all parties in interest who have requested electronic notices, including, but not limited to: **Frank Wolff**, a/f Ingersoll Financial, LLC (via email at fwolff@fwolfflaw.com); and **Office of the United States Trustee**, c/o Audrey M. Aleskovsky (via email at Audrey.M.Aleskovsky@usdoj.gov).

*/s/ Christopher R. Thompson*
Christopher R. Thompson