UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

In re:                                                           Case No.:  6:17-bk-07077-KSJ

INGERSOLL FINANCIAL, LLC                        Chapter 11

     Debtor.
_____/

**MOTION TO APPROVE SETTLEMENT**
**BY AND BETWEEN THE DEBTOR AND ISLANDRULZ, LLC**

**NOTICE OF OPPORTUNITY TO OBJECT AND REQUEST FOR HEARING**

Pursuant to Local Rule 2002-4, the Court will consider the relief requested in this paper without further notice or hearing unless a party in interest files a response within twenty-one (21) days from the date set forth on the attached proof of service, plus an additional three (3) days for service if any party was served by U.S. Mail.

If you object to the relief requested in this paper, you must (i) file a response with the Clerk of the Court at the United States Bankruptcy Court, George C. Young Courthouse, 400 W. Washington Street, Suite 5100, Orlando, FL 32801, and (ii) serve a copy on the movant's attorney, Frank M. Wolff, Esq., Frank Martin Wolff, P.A., 19 E. Central Blvd., Orlando, Florida 32801.  If you file and serve a response within the time permitted, the Court will either schedule and notify you of a hearing or consider the response and grant or deny the relief requested without a hearing.

If you do not file a response within the time permitted, the Court will consider that you do not oppose the relief requested in the paper, will proceed to consider the paper without further notice or hearing, and may grant the relief requested.

INGERSOLL FINANCIAL, LLC (the "Debtor"), files this motion (the "Motion") requesting entry of an order approving the Settlement Agreement (the "Settlement") attached hereto as Exhibit "A," by and between the Debtor and Islandrulz, LLC ("Islandrulz"), and in support of the Motion states as follows:

**Background**

1.  On November 7, 2017 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. No trustee has been appointed and no creditors' committees have been formed. The Debtor continues to operate its business as a debtor-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

2.  On January 30, 2018, Islandrulz filed a Notice of Rule 2004 Examination of Ingersoll Financial LLC (Doc. No. 49) (the "Rule 2004 Examination Notice"), demanding the production of documents by February 21, 2018 and scheduling a Rule 2004 examination for February 28, 2018.

3.  On February 2, 2018, Islandrulz filed two Motion's for Relief from Stay (Doc. No. 51 and Doc. No. 52) (the "Motions for Relief from Stay"), seeking relief from stay as to the properties located at 9102 South Bay Drive, Orlando, FL 32819 and 231 Lexington Drive, Daytona Beach, FL 32114 (the "Properties").

4.  On February 19, 2018, Islandrulz filed two Motion's to Value Property and Determine Secured Status (Doc. No. 59 and Doc. No. 60) (the "Motions to Value").

5.  On February 23, 2018, Islandrulz filed a Motion to Compel Production of Documents (Doc. No. 70) (the "Motion to Compel"). The Court entered an Order Granting Islandrulz's Motions to Compel Production of Documents on March 5, 2018 (Doc. No. 80).

6.  The Court has scheduled a final evidentiary hearing on the Motions for Relief from Stay for March 27, 2018, and also scheduled preliminary hearings for that date on the Motions to Value.

7. The Debtor and Islandrulz reached a settlement (the "Settlement") that would resolve all pending matters between the parties. The Settlement would resolve all matters between Islandrulz and the Debtor currently set for hearing on March 27, 2017. A copy of the Settlement Agreement is attached hereto as **Exhibit A.**

8. The Debtor believes the Settlement is in the best interest of creditors, and accordingly, files this Motion seeking the Court's approval of the Settlement.

## Relief Requested

9. The Debtor respectfully requests that the Court enter an order granting this Motion approving the Settlement and granting all other relief that is appropriate under the circumstances.

## Basis for Requested Relief

10. Rule 9019(a) of the Federal Rules of Bankruptcy Procedure provides that, after notice and a hearing, a court may approve a proposed settlement of a claim. The decision of a trustee in bankruptcy to enter a settlement is made within his or her business judgment. *See In re Simmonds*, 2010 U.S. Dist. LEXIS 87739 (S.D. Fla. 2010). "Compromises are generally approved if they meet the business judgment of the trustee." *Id*. (citation omitted). The decision of whether or not to approve a compromise is within the sound discretion of the court. *See Id*.; and *see In re Chira*, 367 B.R. 888, 896 (S.D. Fla. 2007) citing *In re Air Safety Intern*., L.C., 336 B.R. 843, 852 (S.D. Fla. 2005); *In re Arrow Air, Inc.*, 85 B.R. 886 (Bankr. S.D. Fla. 1988).

11. In passing on proposed settlements, the Court must determine whether a proposed settlement is fair and equitable. *In re Chira*, 367 B.R. at 896 (S.D. Fla. 2007). The Court must evaluate whether the compromise falls below the "lowest point in the range of reasonableness." *In re S&I Investments*, 421 B.R. 569, 583 (Bankr. S.D. Fla. 2009) citing *In re Bicoastal Corp.*,

164 B.R. 1009, 1016 (Bankr. M.D. Fla. 1993); *In re Arrow Air, Inc.*, 85 B.R. at 886 (Bankr. S.D. Fla. 1988); and *see In re: Rothstein Rosenfeldt Adler, P.A.*, 2010 Bankr. LEXIS 3001 (S.D. Fla. 2010).

12. The Eleventh Circuit, in *In re Justice Oaks II, Ltd.*, 898 F.2d 1544, 1549, provided additional guidance regarding whether a settlement should be approved and established a four-part test:

  i. The probability of success in litigation;

  ii. The difficulties, if any, to be encountered in the matter of collection;

  iii. The complexity of the litigation involved and the expense, inconvenience and delay necessarily attending it; and

  iv. The paramount interest of the creditors and a proper deference to their reasonable views in the premises.

13. An analysis of each *Justice Oaks* factor supports approval of the Settlement:

  i. <u>The probability of success in litigation</u>. The Debtor faces an uncertain probability of success in the ongoing litigation against Islandrulz. Even if the Debtor succeeded in defending against Islandrulz's pending motions, Islandrulz's claim against the Debtor has continued to grow post-petition, and the Debtor currently has uncertain prospects at confirming a Chapter 11 plan over Islandrulz's objection.

  ii. <u>The difficulties, if any, to be encountered in the matter of collection</u>. Because the matters resolved in this Settlement primarily involve Islandrulz seeking relief against the Debtor, this factor is largely inapplicable.

  iii. <u>The complexity of the litigation involved and the expense, inconvenience and delay necessarily attending it</u>. While not overly complex, the issues raised by Islandrulz's Motions for Relief from Stay and Motions to Value would be time consuming to litigate, which would result in the Debtor's estate incurring significant administrative expenses.

  iv. <u>The paramount interest of the creditors and a proper deference to their reasonable views in the premises</u>. The paramount interest of the creditors and a proper deference to their reasonable views in the premises will be furthered by approval of the Settlement, without any further risk, expense or delay to the bankruptcy estate.

14.     In summary, the Debtor believes the Settlement is in the best interest of the estate and its creditors because it will stop the accrual of legal fees related to litigation over the Properties and reduce the number and amount of creditor claims against the estate, which could result in a higher return to the estate's other creditors.

WHEREFORE, Ingersoll Financial, LLC, respectfully requests that the Court enter an order granting this Motion, approving the Settlement attached hereto as Exhibit "A," and granting all other relief that is appropriate under the circumstances.

RESPECTFULLY SUBMITTED on this 14th day of March, 2018.

/s/ Frank M. Wolff
Frank M. Wolff
Fla. Bar No. 319521
Frank Martin Wolff, P.A.
19 E. Central Blvd.
Orlando, FL 32801
Telephone (407) 982-4448
Facsimile  (407) 386-3364
Email:  fwolff@fwolfflaw.com

Attorneys for Debtor

CERTIFICATE OF SERVICE

I certify that a copy of this motion with attachments has been served on March 14, 2018: (i) on all filing users through the CM/ECF filing system; and (ii) by first class United States mail to non-CM/ECF users on the mailing matrix attached to the original of this document filed with the court.

/s/ Frank M. Wolff
Frank M. Wolff

## SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") is entered into this 9th day of March, 2018 ("Effective Date"), by and between INGERSOLL FINANCIAL, LLC (the "Debtor"), and ISLANDRULZ, LLC ("IR," and together with the Debtor, the "Parties").

## RECITALS

WHEREAS, on November 7, 2017 ("Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code with the U.S. Bankruptcy Court for the Middle District of Florida, Orlando Division (the "Bankruptcy Court") which is pending under case number 17-bk-7077-KSJ (the "Bankruptcy Case");

WHEREAS, prior to the Petition Date, in July 2015, the Debtor entered into two promissory notes with IR and certain related loan documents, including two mortgages (collectively, the "Lexington Loan Documents"), which, among other things, granted IR a first and second priority lien on the real property located at 231 Lexington Drive, Daytona Beach, Florida 32114 (the "Lexington Property");

WHEREAS, prior to the Petition Date, in July 2015, the Debtor entered into a promissory note with IR and certain related loan documents, including a mortgage (collectively, the "South Bay Loan Documents") which, among other things, granted IR a first priority lien on the real property located at 9102 South Bay Drive, Orlando, Florida 32819 (the "South Bay Property");

WHEREAS, the Debtor defaulted under the Lexington Loan Documents, and as of the Petition Date, was unconditionally obligated to IR without defense or offset under the Lexington Loan Documents in an amount of not less than $495,622.31 secured by the first priority mortgage on the Lexington Property, and an amount of not less than $169,469.61 secured by the second priority mortgage on the Lexington Property, neither of which include amounts that have continued to accrue since the Petition Date, such as interest, fees, and expenses owed under the Lexington Loan Documents;

WHEREAS, the Debtor defaulted under the South Bay Loan Documents, and as of the Petition Date, was unconditionally obligated to IR without defense or offset under the Loan Documents in an amount of not less than $637,015.74, which does not include amounts that have continued to accrue since the Petition Date, such as interest, fees, and expenses owed under the South Bay Loan Documents;

WHEREAS, on January 30, 2018, IR filed a Notice of Rule 2004 Examination of the Debtor (Doc. No 48) (the "Rule 2004 Examination Notice"), demanding the production of documents by February 21, 2018 and scheduling a Rule 2004 examination for February 28, 2018.

WHEREAS, on February 2, 2018, IR filed two Motions for Relief from Stay (Doc. Nos. 51, 52) (the "Motions for Relief from Stay"), seeking relief from the automatic stay as to the Lexington and South Bay Properties;

WHEREAS, on February 19, 2018, IR filed two Motions to Value Property and Determine Secured Status (Doc. Nos. 59, 60) (the "Motions to Value") relating to the Lexington and South Bay Properties;

WHEREAS, the Debtor failed to timely produce documents responsive to the Rule 2004 Examination Notice, and accordingly, on February 23, 2018, IR filed a Motion to Compel Production of Documents (Doc. No. 70) (the "Motion to Compel"), and also cancelled the Rule 2004 examination set for February 28, 2018;

WHEREAS, the Parties have reached an agreement to globally resolve the disputes between the Parties, the terms of which are contained in this Settlement.

NOW THEREFORE, in consideration of the foregoing and the mutual promises and covenants contained herein, the Parties, intended to be legally bound, hereby agree as follows:

## AGREEMENT

1. <u>Recitals.</u> The Parties agree that the above recitals are true and correct and are incorporated herein.

2. <u>Agreement Regarding the Properties.</u> The Debtor consents to the Bankruptcy Court entering an order granting IR relief from the automatic stay as to the Lexington and South Bay Properties effective immediately upon Bankruptcy Court approval of this Agreement, and further agrees not to defend against or take any act to hinder or delay any foreclosure proceedings brought or continued by IR related to the Lexington or South Bay Properties. Additionally, the Debtor agrees to direct its counsel to immediately execute the Motions to Reset Foreclosure Sale attached hereto as **Exhibits A and B**.

3. <u>IR's Withdrawal of Pending Bankruptcy Matters.</u> IR agrees to withdraw or consent to orders denying as moot the Motions for Relief from Stay, Motions to Value, and Motions to Compel, and further agrees to withdraw any other pending discovery to the Debtor.

4. <u>IR Withdrawal of Claims.</u> IR agrees to withdraw the proofs of claim it filed against the Debtor, and will not seek any distribution from the bankruptcy estate.

5. <u>No Deficiency Claim Against Keith Ingersoll.</u> IR agrees that it will not pursue a deficiency claim against Keith Ingersoll individually.

6. <u>Debtor's Release of IR.</u> The Debtor hereby releases, waives, and discharges IR, its affiliates, partners, investors, officers, directors, employees, agents, attorneys, representatives, successors and assigns, from all claims, demands, losses, expenses, attorneys' fees, suits, actions,

2

4825-7131-4014.4

causes of action, known or unknown, suspected or unsuspected, fixed or contingent, at law or in equity, administrative or otherwise, arising under or related to the Lexington and South Bay Loan Documents, the Lexington and South Bay Properties, the Bankruptcy Case, or otherwise arising prior to the Effective Date of this Agreement. For the avoidance of doubt, the Debtor specifically releases any claim to any proceeds relating to a foreclosure sale of the Lexington or South Bay Properties, to challenge the foreclosure sale process, to assert that either the Lexington or South Bay Properties has a value in excess of the debt to Leyli, or to assert any claim for insurance proceeds based on insurance forced-placed on the Lexington or South Bay Properties by IR.

7. <u>Bankruptcy Court Approval</u>. This Settlement and all of the rights and obligations contained herein are conditioned upon and subject to Bankruptcy Court approval of this Agreement.

8. <u>No Admission</u>. The Parties acknowledge that this Agreement involves a compromise of disputed claims and is not an admission or acknowledgement of liability or responsibility whatsoever on the part of any of the Parties.

9. <u>Entire Agreement</u>. The Parties understand and agree that this Agreement sets forth the full and complete agreement of the Parties, that no statement or representation, other than those contained herein, have been made or relied upon by the undersigned as an inducement for executing this Agreement.

10. <u>Representation by Counsel</u>. The undersigned hereby acknowledge that they have or have had the opportunity to discuss this Agreement with their respective counsel to explain this document, and the undersigned acknowledge that they understand all of the terms and conditions of this Agreement, that this is a final compromise of all claims being released, and that they are voluntarily entering into this Agreement.

11. <u>Governing Law</u>. The laws of the State of Florida shall govern the interpretation and enforcement of this Agreement. Venue for any and all aspects of any disputes or legal proceedings arising hereunder shall be before the Bankruptcy Court.

12. <u>Prevailing Party Attorneys' Fees and Costs.</u> In the event of any dispute or legal proceeding arising out of or in connection with the interpretation or enforcement of this Agreement, the prevailing party shall be paid, and in the event of a legal proceeding shall be awarded, reasonably costs, expenses and attorneys' fees.

13. <u>Interpretation of Agreement</u>. The language of all parts of this Agreement shall in all cases be construed as a whole, according to its fair meaning, and not for or against either of the Parties. This Agreement has been drafted by both Parties, so that the rule of construction in favor of the non-drafting party shall not apply.

14. <u>Execution in Counterparts</u>. This Agreement may be executed in counterparts and all counterparts so executed shall constitute one Agreement, which shall be binding on the Parties.

All signatures of the Parties to this Settlement may be transmitted by facsimile or by electronic mail, and such transmission will, for all purposes, be deemed to be the original signature of such Party whose signature it reproduces, and will be binding upon such Party.

15. <u>Authority to Bind</u>. The Parties each warrant that they have the authority to enter into this Agreement.

16. <u>Successors and Assigns</u>. The provisions of the Settlement shall be binding on the Parties and their successors, heirs, and assigns and shall inure to the benefit of the Parties and their successors and assigns.

*[The remainder of this page is intentionally blank. Signature pages follow.]*

**IN WITNESS WHEREOF**, the Parties have duly executed the Agreement effective as of the date first written above:

ISLANDRULZ, LLC                                    INGERSOLL FINANCIAL, LLC

By: _Kelly Hiner_ (signature)                      By: _____

Printed Name: _Kelly Hiner_                        Printed Name: _____

Title: _MGRM_                                      Title: _____

Date: _3/9/18_                                     Date: _____

**IN WITNESS WHEREOF,** the Parties have duly executed the Agreement effective as of the date first written above:

ISLANDRULZ, LLC                                    INGERSOLL FINANCIAL, LLC

By: _____    By: _____

Printed Name: _____    Printed Name: _Keith Ingersoll_

Title: _____    Title: _Owner_

Date: _____    Date: _03/03/18_

5

610641875.5

## Exhibit A

### IN THE CIRCUIT COURT OF THE SEVENTH JUDICIAL CIRCUIT
### IN AND FOR VOLUSIA COUNTY, FLORIDA

ISLANDRULZ, LLC,                           CASE NO. 2017 30815 CICI

    Plaintiff,

v.

INGERSOLL FINANCIAL, LLC,

    Defendants.
_____/

### MOTION TO RESET SALE DATE

COMES NOW, Plaintiff, ISLANDRULZ, LLC, and Defendant, INGERSOLL FINANCIAL, LLC, and moves for the entry of an order resetting sale date and in support thereof states the following:

1. A Final Judgment was entered on September 18, 2017.
2. The sale date was originally set for November 8, 2017.
3. The sale was cancelled as the Defendant filed bankruptcy.
4. The automatic stay has since been lifted to allow the sale to be reset. See Exhibit "A."
5. The parties agree the sale date shall be reset for the soonest available sale date.

WHEREFORE, the parties respectfully requests the entry on this motion to reset sale date.

_____ Date: _____
Kimberly Soto, Esq.
The Soto Law Office, P.A.
415 Montgomery Rd., Suite 111
Altamonte Springs, FL 32714


_____ Date: _____
R. Lee Dorough
2 South Orange, Suite 202
Orlando, FL 32801

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the above was served to the Clerk of the Court by U.S. mail and via e-mail to all other parties if designated email is known in compliance with the new mandatory email service rule and by U.S. mail if no designated email of record provided this _____ day of _____ 2018:

R. Lee Dorough

2 South Orange, Suite 202

Orlando, FL 32801

By: _____

Kimberly Soto, Esq.
Florida Bar No. 93641
The Soto Law Office, P.A.
415 Montgomery Rd., Suite 111
Longwood, FL 32779
**Primary E-Mail for service:**
ksoto@thesotolawoffice.com
**Secondary E-Mail:**
kimsoto8@gmail.com
(321) 972-2279

Attorney for Plaintiff

## Exhibit B

### IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT
### IN AND FOR ORANGE COUNTY, FLORIDA

ISLANDRULZ, LLC,                                  CASE NO. 2017-CA-4523

    Plaintiff,

v.

INGERSOLL FINANCIAL, LLC, and
UNKNOWN PERSON IN POSSESSION,

    Defendants.
_____/

### MOTION TO RESET SALE DATE

COMES NOW, Plaintiff, ISLANDRULZ, LLC, and Defendant, INGERSOLL FINANCIAL, LLC, and moves for the entry of an order resetting sale date and in support thereof states the following:

1. A Final Judgment was entered on September 8, 2017.
2. The sale date was originally set for November 22, 2017.
3. The sale was cancelled as the Defendant filed bankruptcy.
4. The automatic stay has since been lifted to allow the sale to be reset. See Exhibit "A."
5. The parties agree the sale date shall be reset for the soonest available sale date.

WHEREFORE, the parties respectfully requests the entry on this motion to reset sale date.

_____ Date: _____
Kimberly Soto, Esq.
The Soto Law Office, P.A.
415 Montgomery Rd., Suite 111
Altamonte Springs, FL 32714



_____ Date: _____
R. Lee Dorough
2 South Orange, Suite 202
Orlando, FL 32801

8

4825-7131-4014.4

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the above was served to the Clerk of the Court by U.S. mail and via e-mail to all other parties if designated email is known in compliance with the new mandatory email service rule and by U.S. mail if no designated email of record provided this _____ day of _____ 2018:

R. Lee Dorough
2 South Orange, Suite 202
Orlando, FL 32801

                                              By: _____
**Kimberly Soto, Esq.**
Florida Bar No. 93641
The Soto Law Office, P.A.
415 Montgomery Rd., Suite 111
Longwood, FL 32779
**Primary E-Mail for service:**
**ksoto@thesotolawoffice.com**
**Secondary E-Mail:**
**kimsoto8@gmail.com**
(321) 972-2279
Attorney for Plaintiff

9

4825-7131-4014.4

| | | |
|---|---|---|
| Label Matrix for local noticing<br>113A-6<br>Case 6:17-bk-07077-KSJ<br>Middle District of Florida<br>Orlando<br>Tue Mar 13 10:38:12 EDT 2018 | City of Jacksonville<br>City of Jacksonville<br>Office of General Counsel<br>c/o Wendy Mummaw<br>117 W. Duval St. #480<br>Jacksonville, FL 32202-3734 | Duval County Tax Collector<br>Office of General Counsel<br>c/o Wendy Mummaw<br>117 West Duval Street<br>Suite 480<br>Jacksonville, FL 32202-3734 |
| Ingersoll Financial, LLC<br>2 South Orange Avenue, Suiite 202<br>Orlando, FL 32801-2634 | Islandrulz, LLC<br>c/o Andrew V. Layden, Esq.<br>Baker & Hostetler LLP<br>200 S. Orange Ave.<br>SunTrust Center, Suite 2300<br>Orlando, FL 32801-3432 | Leyli 37, LLC<br>c/o Andrew V. Layden, Esq.<br>Baker & Hostetler LLP<br>200 S. Orange Ave.<br>SunTrust Center, Suite 2300<br>Orlando, FL 32801-3432 |
| RS Lending, Inc.<br>c/o Christopher R. Thompson<br>Burr & Forman LLP<br>200 S. Orange Ave., Suite 800<br>Orlando, FL 32801-6404 | Alexandra Krot<br>169 Bassett Place<br>Bloomfield Hills MI 48301-3463 | Alexandra Krot<br>680 Osceola Avenue<br>Winter Park, FL 32789-4456 |
| Bay Hill Property Owners Ass<br>13350 W Colonial Dr Ste 330<br>Winter Garden, FL 34787-3967 | Chipco Group LLC<br>Successor to PMSG LLC<br>625 Waltham Ave<br>Orlando FL 32809-4205 | City of Daytona Beach<br>Code Enforcement<br>301 S Ridgewood Ave<br>Daytona Beach, FL 32114-4933 |
| City of Jacksonville<br>Municipal Code Compliance<br>214 Hogan Street N., Ste 134<br>Jacksonville, FL 32202-4234 | City of Jacksonville<br>c/o Wendy L Mummaw Esq<br>Asst General Counsel<br>117 W Duval St Ste 480<br>Jacksonville FL 32202-3734 | City of Orlando<br>Code Enforcement Division<br>400 S Orange Ave<br>Orlando, FL 32801-3317 |
| Condrite Asset Trust.<br>Series 2016-OCC2<br>c/o US Bank Corp Trust Svcs<br>60 Livingston Ave EP-MN-WS3D<br>Saint Paul, MN 55107-2292 | Duval County Tax Collector<br>231 E. Forsyth St Ste 130<br>Jacksonville, FL 32202-3380 | Duval County Tax Collector<br>c/o Wendy L Mummaw<br>Office of General Counsel<br>117 W. Duval St., Ste. 480<br>Jacksonville, FL 32202-3734 |
| Florida Department of Revenue<br>Bankruptcy Unit<br>Post Office Box 6668<br>Tallahassee FL 32314-6668 | GreatAmerica Financial Svcs<br>PO Box 609<br>Cedar Rapids, IA 52406-0609 | Internal Revenue Service<br>Post Office Box 7346<br>Philadelphia PA 19101-7346 |
| Islandrulz, LLC<br>2307 N. Geyer Rd.<br>Saint Louis, MO 63131-3308 | James Ingersoll<br>4037 Conway Place Cir<br>Orlando, FL 32812-7986 | Keith Ingersoll<br>2 South Orange Ste 202<br>Orlando, FL 32801-2634 |
| Leyli 37, LLC<br>966 Baileyana Road<br>Hillsborough CA 94010-6108 | Leyli 37, LLC<br>c/o Andrew V. Layden, Esq.<br>Baker & Hostetler LLP<br>200 S. Orange Ave., SunTrust Center, Sui<br>Orlando, FL 32801-3432 | Mathon Investments<br>8724 Sunset Drive #531<br>Miami, FL 33173-3512 |
| Michael LaFay<br>9342 Wickham Way<br>Orlando, FL 32836-5517 | Office of General Counse<br>City of Jacksonville<br>c/o Wendy L. Mummaw<br>117 West Duval Street, #480<br>Jacksonville, FL 32202-5721 | Orange County<br>Code Enforcement Board<br>2450 W 33rd St<br>Orlando, FL 32839-8726 |

```
Orange County Tax Collector          Orange County Tax Collector         PMSG, LLC
PO Box 545100                        Attn: Scott Randolph                625 Waltham Avenue
Orlando FL 32854-5100                PO Box 545100                       Orlando, FL 32809-4205
                                     Orlando, FL 32854-5100


RS Lending, Inc.                     RS Lending, Inc.                    Santa Rosa Co Tax Collector
501 Second St, Ste 700               c/o Christopher R. Thompson, Esq.   6495 Caroline Street Ste E
San Francisco, CA 94107-4134         Burr & Forman LLP                   Milton, FL 32570-4592
                                     200 S. Orange Ave., Suite 800
                                     Orlando, FL 32801-6404


Secured Investment Funding L         The Soto Law Office PA              Volusia County Revenue Div
1485 International Pkwy              Attn Kimberly Soto, Esq             123 W Indiana Ave, Room 103
Suite 1031                           415 Montgomery Rd, Ste 111          Deland, FL 32720-4615
Lake Mary, FL 32746-5304             Altamonte Springs, FL 32714-6814


Winderweedle Haines et al            Frank M Wolff +                     United States Trustee - ORL +
Attn Mya M. Hatchette                Frank Martin Wolff, P.A.            Office of the United States Trustee
PO Box 880                           19 E. Central Blvd                  George C Young Federal Building
Winter Park, FL 32790-0880           Orlando, FL 32801-2468              400 West Washington Street, Suite 1100
                                                                         Orlando, FL 32801-2210


Andrew V Layden +                    Christopher R Thompson +            Wendy L Mummaw +
Baker & Hostetler LLP                200 S Orange Ave, Ste 800           Office of General Counsel
Suntrust Center - Suite 2300         Orlando, FL 32801-6404              117 West Duval Street
200 S. Orange Avenue                                                     Jacksonville, FL 32202-3734
Orlando, FL 32801-3432


Wendy L Mummaw +                     Audrey M Aleskovsky +               Donald W Fitzgerald +
Office of General Counsel            Office of the United States Trustee Felderstein Fitzgerald Willoughby
117 West Duval Street                George C. Young Federal Building   400 Capitol Mall, Suite 1750
Ste 480                              400 West Washington St, Suite 1100  Sacramento, CA 95814-4432
Jacksonville, FL 32202-3734          Orlando, FL 32801-2210


Jennifer E Niemann +                 Note: Entries with a '+' at the end of the
Felderstein Fitzgerald Willoughby    name have an email address on file in CMECF
400 Capitol Mall, Suite 1750
Sacramento, CA 95814-4432



       The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.


(u)Karen S. Jennemann                (u)Islandrulz, LLC                  End of Label Matrix
Orlando                              c/o Andrew V. Layden, Esq.          Mailable recipients    49
                                     Baker & Hostetler LLP               Bypassed recipients     2
                                     200 S. Orange Ave., SunTrust Center, Sui   Total           51
```