UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

In re:                                                    Case No.:  6:17-bk-07077-KSJ

INGERSOLL FINANCIAL, LLC                 Chapter 11

     Debtor.
_____/

**MOTION TO APPROVE SETTLEMENT
BY AND BETWEEN THE DEBTOR AND LEYLI 37, LLC**

**NOTICE OF OPPORTUNITY TO OBJECT AND REQUEST FOR HEARING**

Pursuant to Local Rule 2002-4, the Court will consider the relief requested in this paper without further notice or hearing unless a party in interest files a response within twenty-one (21) days from the date set forth on the attached proof of service, plus an additional three (3) days for service if any party was served by U.S. Mail.

If you object to the relief requested in this paper, you must (i) file a response with the Clerk of the Court at the United States Bankruptcy Court, George C. Young Courthouse, 400 W. Washington Street, Suite 5100, Orlando, FL 32801, and (ii) serve a copy on the movant's attorney, Frank M. Wolff, Esq., Frank Martin Wolff, P.A., 19 E. Central Blvd., Orlando, Florida 32801. If you file and serve a response within the time permitted, the Court will either schedule and notify you of a hearing or consider the response and grant or deny the relief requested without a hearing.

If you do not file a response within the time permitted, the Court will consider that you do not oppose the relief requested in the paper, will proceed to consider the paper without further notice or hearing, and may grant the relief requested.

INGERSOLL FINANCIAL, LLC (the "Debtor"), files this motion (the "Motion") requesting entry of an order approving the Settlement Agreement (the "Settlement") attached hereto as Exhibit "A," by and between the Debtor and Leyli 37, LLC ("Leyli"), and in support of the Motion states as follows:

**Background**

1. On November 7, 2017 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. No trustee has been appointed and no creditors' committees have been formed. The Debtor continues to operate its business as a debtor-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

2. On January 30, 2018, Leyli filed a Notice of Rule 2004 Examination of Ingersoll Financial LLC (Doc. No. 48) (the "Rule 2004 Examination Notice"), demanding the production of documents by February 21, 2018 and scheduling a Rule 2004 examination for February 28, 2018.

3. On February 2, 2018, Leyli filed a Motion for Relief from Stay (Doc. No. 53) (the "Motion for Relief from Stay"), seeking relief from stay as to the property located at 1620 E. Gore Street, Orlando, Florida 32806 (the "Property").

4. On February 19, 2018, Leyli filed a Motion to Value Property and Determine Secured Status (Doc. No. 58) (the "Motion to Value").

5. On February 23, 2018, Leyli filed a Motion to Compel Production of Documents (Doc. No. 71) (the "Motion to Compel"). The Court entered an Order Granting Leyli's Motion to Compel Production of Documents on March 5, 2018 (Doc. No. 80).

6. The Court has scheduled a final evidentiary hearing on the Motion for Relief from Stay for March 27, 2018, and also scheduled preliminary hearings for that date on the Motion to Value.

7. The Debtor and Leyli reached a settlement (the "Settlement") that would resolve all pending matters between the parties. The Settlement would resolve all matters between Leyli

and the Debtor that are scheduled for hearing on March 27, 2017.  A copy of the Settlement Agreement is attached hereto as **Exhibit A.**

8. The Debtor believes the Settlement is in the best interest of creditors, and accordingly, files this Motion seeking the Court's approval of the Settlement.

### Relief Requested

9. The Debtor respectfully requests that the Court enter an order granting this Motion and approving the Settlement, and granting all other relief that is appropriate under the circumstances.

### Basis for Requested Relief

10. Rule 9019(a) of the Federal Rules of Bankruptcy Procedure provides that, after notice and a hearing, a court may approve a proposed settlement of a claim.  The decision of a trustee in bankruptcy to enter a settlement is made within his or her business judgment. *See In re Simmonds*, 2010 U.S. Dist. LEXIS 87739 (S.D. Fla. 2010). "Compromises are generally approved if they meet the business judgment of the trustee." *Id.* (citation omitted). The decision of whether or not to approve a compromise is within the sound discretion of the court. *See Id*.; and *see In re Chira*, 367 B.R. 888, 896 (S.D. Fla. 2007) citing *In re Air Safety Intern*., L.C., 336 B.R. 843, 852 (S.D. Fla. 2005); *In re Arrow Air, Inc.*, 85 B.R. 886 (Bankr. S.D. Fla. 1988).

11. In passing on proposed settlements, the Court must determine whether a proposed settlement is fair and equitable. *In re Chira*, 367 B.R. at 896 (S.D. Fla. 2007). The Court must evaluate whether the compromise falls below the "lowest point in the range of reasonableness." *In re S&I Investments*, 421 B.R. 569, 583 (Bankr. S.D. Fla. 2009) citing *In re Bicoastal Corp.*, 164 B.R. 1009, 1016 (Bankr. M.D. Fla. 1993); *In re Arrow Air, Inc*., 85 B.R. at 886 (Bankr. S.D.

Fla. 1988); and *see In re: Rothstein Rosenfeldt Adler, P.A.*, 2010 Bankr. LEXIS 3001 (S.D. Fla. 2010).

12. The Eleventh Circuit, in *In re Justice Oaks II, Ltd.*, 898 F.2d 1544, 1549, provided additional guidance regarding whether a settlement should be approved and established a four-part test:

    i. The probability of success in litigation;

    ii. The difficulties, if any, to be encountered in the matter of collection;

    iii. The complexity of the litigation involved and the expense, inconvenience and delay necessarily attending it; and

    iv. The paramount interest of the creditors and a proper deference to their reasonable views in the premises.

13. An analysis of each *Justice Oaks* factor supports approval of the Settlement:

    i. <u>The probability of success in litigation</u>. The Debtor faces an uncertain probability of success in the ongoing litigation against Leyli. Even if the Debtor succeeded in defending against Leyli's pending motions, Leyli's claim against the Debtor has continued to grow post-petition, and the Debtor currently has uncertain prospects at confirming a Chapter 11 plan over Leyli's objection.

    ii. <u>The difficulties, if any, to be encountered in the matter of collection</u>. Because the matters resolved in this Settlement primarily involve Leyli seeking relief against the Debtor, this factor is largely inapplicable.

    iii. <u>The complexity of the litigation involved and the expense, inconvenience and delay necessarily attending it</u>. While not overly complex, the issues raised by Leyli's Motion for Relief from Stay and Motion to Value would be time consuming to litigate, which would result in the Debtor's estate incurring significant administrative expenses.

    iv. <u>The paramount interest of the creditors and a proper deference to their reasonable views in the premises</u>. The paramount interest of the creditors and a proper deference to their reasonable views in the premises will be furthered by approval of the Settlement, without any further risk, expense or delay to the bankruptcy estate.

14. In summary, the Debtor believes the Settlement is in the best interest of the estate and its creditors because it will stop the accrual of legal fees related to litigation over the

Property and reduce the number and amount of creditor claims against the estate, which could result in a higher return to the estate's other creditors.

WHEREFORE, Ingersoll Financial, LLC, respectfully requests that the Court enter an order granting this Motion, approving the Settlement attached hereto as Exhibit "A," and granting all other relief that is appropriate under the circumstances.

RESPECTFULLY SUBMITTED on this 14th day of March, 2018.

/s/ Frank M. Wolff
Frank M. Wolff
Fla. Bar No. 319521
Frank Martin Wolff, P.A.
19 E. Central Blvd.
Orlando, FL 32801
Telephone (407) 982-4448
Facsimile  (407) 386-3364
Email:  fwolff@fwolfflaw.com

Attorneys for Debtor

CERTIFICATE OF SERVICE

I certify that a copy of this motion with attachments has been served on March 14, 2018: (i) on all filing users through the CM/ECF filing system; and (ii) by first class United States mail to non-CM/ECF users on the mailing matrix attached to the original of this document filed with the court.

/s/ Frank M. Wolff
Frank M. Wolff

## SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") is entered into this 9th day of March, 2018 ("Effective Date"), by and between INGERSOLL FINANCIAL, LLC (the "Debtor"), and LEYLI 37, LLC ("Leyli," and together with the Debtor, the "Parties").

## RECITALS

WHEREAS, on November 7, 2017 ("Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code with the U.S. Bankruptcy Court for the Middle District of Florida, Orlando Division (the "Bankruptcy Court") which is pending under case number 17-bk-7077-KSJ (the "Bankruptcy Case");

WHEREAS, prior to the Petition Date, in June 2015, the Debtor entered into a promissory note with Leyli and certain related loan documents, including a mortgage (collectively, the "Loan Documents") which, among other things, granted Leyli a first priority lien on the real property located at 1620 E. Gore Street, Orlando, Florida 32806 (the "Property");

WHEREAS, the Debtor defaulted under the Loan Documents, and as of the Petition Date, were unconditionally obligated to Leyli without defense or offset under the Loan Documents in an amount of not less than $390,333.09, which does not include amounts that have continued to accrue since the Petition Date, such as interest, fees, and expenses owed under the Loan Documents;

WHEREAS, on January 30, 2018, Leyli filed a Notice of Rule 2004 Examination of the Debtor (Doc. No 48) (the "Rule 2004 Examination Notice"), demanding the production of documents by February 21, 2018 and scheduling a Rule 2004 examination for February 28, 2018.

WHEREAS, on February 2, 2018, Leyli filed a Motion for Relief from Stay (Doc. No. 53) (the "Motion for Relief from Stay"), seeking relief from stay as to the Property;

WHEREAS, on February 19, 2018, Leyli filed a Motion to Value Property and Determine Secured Status (Doc. No. 58) (the "Motion to Value");

WHEREAS, the Debtor failed to timely produce documents responsive to the Rule 2004 Examination Notice, and accordingly, on February 23, 2018, Leyli filed a Motion to Compel Production of Documents (Doc. No. 71) (the "Motion to Compel"), and also cancelled the Rule 2004 examination set for February 28, 2018;

WHEREAS, the Parties have reached an agreement to globally resolve the disputes between the Parties, the terms of which are contained in this Settlement.

NOW THEREFORE, in consideration of the foregoing and the mutual promises and covenants contained herein, the Parties, intended to be legally bound, hereby agree as follows:

## AGREEMENT

1.   <u>Recitals.</u>   The Parties agree that the above recitals are true and correct and are incorporated herein.

2.   <u>Agreement Regarding the Property.</u>   The Debtor consents to the Bankruptcy Court entering an order granting Leyli relief from the automatic stay as to the Property effective immediately upon Bankruptcy Court approval of this Agreement, and further agrees not to defend against or take any act to hinder or delay any foreclosure proceeding brought or continued by Leyli related to the Property. Additionally, the Debtor agrees to execute the Consent attached hereto as **Exhibit A**.

3.   <u>Leyli's Withdrawal of Pending Bankruptcy Matters</u>.   Leyli agrees to withdraw or consent to orders denying as moot the Motion for Relief from Stay, Motion to Value, and Motion to Compel, and further agrees to withdraw any other pending discovery to the Debtor.

4.   <u>Leyli Withdrawal of Claims.</u>   Leyli agrees to withdraw its proof of claim filed against the Debtor, and will not seek any distribution from the bankruptcy estate.

5.   <u>No Deficiency Claim Against Keith Ingersoll</u>.   Leyli agrees that it will not pursue a deficiency claim against Keith Ingersoll individually.

6.   <u>Debtor's Release of Leyli</u>.   The Debtor hereby releases, waives, and discharges Leyli, its affiliates, partners, investors, officers, directors, employees, agents, attorneys, representatives, successors and assigns, from all claims, demands, losses, expenses, attorneys' fees, suits, actions, causes of action, known or unknown, suspected or unsuspected, fixed or contingent, at law or in equity, administrative or otherwise, arising under or related to the Loan Documents, the Property, the Bankruptcy Case, or otherwise arising prior to the Effective Date of this Agreement. For the avoidance of doubt, the Debtor specifically releases any claim to any proceeds relating to a foreclosure sale of the Property, to challenge the foreclosure sale process, or to assert that the Property has a value in excess of the debt to Leyli.

7.   <u>Bankruptcy Court Approval</u>.   This Settlement and all of the rights and obligations contained herein are conditioned upon and subject to Bankruptcy Court approval of this Agreement.

8.   <u>No Admission</u>. The Parties acknowledge that this Agreement involves a compromise of disputed claims and is not an admission or acknowledgement of liability or responsibility whatsoever on the part of any of the Parties.

9.   <u>Entire Agreement</u>.   The Parties understand and agree that this Agreement sets forth the full and complete agreement of the Parties, that no statement or representation, other than those contained herein, have been made or relied upon by the undersigned as an inducement for executing this Agreement.

10. <u>Representation by Counsel</u>. The undersigned hereby acknowledge that they have or have had the opportunity to discuss this Agreement with their respective counsel to explain this document, and the undersigned acknowledge that they understand all of the terms and conditions of this Agreement, that this is a final compromise of all claims being released, and that they are voluntarily entering into this Agreement.

11. <u>Governing Law</u>. The laws of the State of Florida shall govern the interpretation and enforcement of this Agreement. Venue for any and all aspects of any disputes or legal proceedings arising hereunder shall be before the Bankruptcy Court.

12. <u>Prevailing Party Attorneys' Fees and Costs.</u> In the event of any dispute or legal proceeding arising out of or in connection with the interpretation or enforcement of this Agreement, the prevailing party shall be paid, and in the event of a legal proceeding shall be awarded, reasonably costs, expenses and attorneys' fees.

13. <u>Interpretation of Agreement</u>. The language of all parts of this Agreement shall in all cases be construed as a whole, according to its fair meaning, and not for or against either of the Parties. This Agreement has been drafted by both Parties, so that the rule of construction in favor of the non-drafting party shall not apply.

14. <u>Execution in Counterparts</u>. This Agreement may be executed in counterparts and all counterparts so executed shall constitute one Agreement, which shall be binding on the Parties. All signatures of the Parties to this Settlement may be transmitted by facsimile or by electronic mail, and such transmission will, for all purposes, be deemed to be the original signature of such Party whose signature it reproduces, and will be binding upon such Party.

15. <u>Authority to Bind</u>. The Parties each warrant that they have the authority to enter into this Agreement.

16. <u>Successors and Assigns</u>. The provisions of the Settlement shall be binding on the Parties and their successors, heirs, and assigns and shall inure to the benefit of the Parties and their successors and assigns.

*[The remainder of this page is intentionally blank. Signature pages follow.]*

**IN WITNESS WHEREOF,** the Parties have duly executed the Agreement effective as of the date first written above:

| LEYLI 37, LLC | INGERSOLL FINANCIAL, LLC |
|---|---|
| By: *[signature]* | By: _____ |
| Printed Name: REZA ANSARI | Printed Name: _____ |
| Title: President | Title: _____ |
| Date: March 12 2018 | Date: _____ |

4

**IN WITNESS WHEREOF,** the Parties have duly executed the Agreement effective as of the date first written above:

| LEYLI 37, LLC | INGERSOLL FINANCIAL, LLC |
|---|---|
| By: _____ | By: _____[signature]_____ |
| Printed Name: _____ | Printed Name: Keith Ingersoll |
| Title: _____ | Title: Owner |
| Date: _____ | Date: 03/08/18 |

4

## Exhibit A

### IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT
### IN AND FOR ORANGE COUNTY, FLORIDA

LEYLI 37, LLC,                          CASE NO.: 2017-CA-7675

      Plaintiff,

v.

INGERSOLL FINANCIAL, LLC,

      Defendants.
_____/

### JOINT STIPULATION OF CONSENT TO JUDGMENT

ISLANDRULZ, LLC ("Plaintiff") and INGERSOLL FINANCIAL, LLC ("Defendant"), by and through their undersigned counsel, hereby files this Joint Stipulation of Consent to Judgment in the above styled case and state:

1. The Defendant hereby agrees to no longer contest, object to, or in any other way further inhibit the Plaintiff's ability to proceed with the instant foreclosure action; and Defendant consents to the entry forthwith of a Final Judgment in the Plaintiff's favor. Defendant hereby waives and withdraws all defenses in law or equity which it had, has or may have in the future, including all rights of redemption and all rights to an appeal on any issue arising from the instant action.

2. Defendant agrees to pay for their own attorneys fees and costs and shall not look to the Plaintiff for payment. Plaintiff shall be entitled to recover its attorney's fees and costs incurred during the pendency of the action. Such fees and costs will be incorporated into and made part of any judgment entered by the court in favor of the Plaintiff pursuant to paragraph 1 above.

3. Plaintiff and Defendant agree that the exchanges made herein represent a mutual exchange for fair value and that no party has received or paid an unfair windfall in this mutual exchange.

4. This Joint Stipulation shall be effective on the date first written below.

5. This Joint Stipulation may be executed in counterparts. Fax signatures shall operate as originals. The attorneys executing this document each represent that they have full authority to execute this document on behalf of their clients.

_____   Date: _____
Kimberly Soto, Esq.
The Soto Law Office, P.A.
415 Montgomery Rd., Suite 111
Altamonte Springs, FL 32714



_____   Date: _____
R. Lee Dorough
2 South Orange, Suite 202
Orlando, FL 32801

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the above was served to the Clerk of the Court and via e-mail to all other parties if designated email is known in compliance with the new mandatory email service rule and by U.S. mail if no designated email of record provided this _____ day of August, 2017 on:

Ingersoll Financial, LLC
c/o R. Lee Dorough
2 South Orange, Suite 202
Orlando, FL 32801

By: _____
   **Kimberly Soto, Esq.**
   Florida Bar No. 93641
   The Soto Law Office, P.A.
   415 Montgomery Road – Suite 111
   Altamonte Springs, FL 32714
   **Court designated email for service:**
   ksoto@thesotolawoffice.com
   **Secondary E-Mail [non-pleadings]:**
   kimsoto8@gmail.com
   (321) 972-2279
   Attorney for Plaintiff

```
Label Matrix for local noticing          City of Jacksonville                     Duval County Tax Collector
113A-6                                    City of Jacksonville                     Office of General Counsel
Case 6:17-bk-07077-KSJ                    Office of General Counsel                c/o Wendy Mummaw
Middle District of Florida                c/o Wendy Mummaw                         117 West Duval Street
Orlando                                   117 W. Duval St. #480                    Suite 480
Tue Mar 13 10:38:12 EDT 2018              Jacksonville, FL 32202-3734              Jacksonville, FL 32202-3734

Ingersoll Financial, LLC                  Islandrulz, LLC                          Leyli 37, LLC
2 South Orange Avenue, Suiite 202         c/o Andrew V. Layden, Esq.               c/o Andrew V. Layden, Esq.
Orlando, FL 32801-2634                    Baker & Hostetler LLP                    Baker & Hostetler LLP
                                          200 S. Orange Ave.                       200 S. Orange Ave.
                                          SunTrust Center, Suite 2300              SunTrust Center, Suite 2300
                                          Orlando, FL 32801-3432                   Orlando, FL 32801-3432

RS Lending, Inc.                          Alexandra Krot                           Alexandra Krot
c/o Christopher R. Thompson               169 Bassett Place                        680 Osceola Avenue
Burr & Forman LLP                         Bloomfield Hills MI 48301-3463           Winter Park, FL 32789-4456
200 S. Orange Ave., Suite 800
Orlando, FL 32801-6404

Bay Hill Property Owners Ass              Chipco Group LLC                         City of Daytona Beach
13350 W Colonial Dr Ste 330               Successor to PMSG LLC                    Code Enforcement
Winter Garden, FL 34787-3967              625 Waltham Ave                          301 S Ridgewood Ave
                                          Orlando FL 32809-4205                    Daytona Beach, FL 32114-4933

City of Jacksonville                      City of Jacksonville                     City of Orlando
Municipal Code Compliance                 c/o Wendy L Mummaw Esq                   Code Enforcement Division
214 Hogan Street N., Ste 134              Asst General Counsel                     400 S Orange Ave
Jacksonville, FL 32202-4234               117 W Duval St Ste 480                   Orlando, FL 32801-3317
                                          Jacksonville FL 32202-3734

Condrite Asset Trust.                     Duval County Tax Collector               Duval County Tax Collector
Series 2016-OCC2                          231 E. Forsyth St Ste 130                c/o Wendy L Mummaw
c/o US Bank Corp Trust Svcs               Jacksonville, FL 32202-3380              Office of General Counsel
60 Livingston Ave EP-MN-WS3D                                                       117 W. Duval St., Ste. 480
Saint Paul, MN 55107-2292                                                          Jacksonville, FL 32202-3734

Florida Department of Revenue             GreatAmerica Financial Svcs              Internal Revenue Service
Bankruptcy Unit                           PO Box 609                               Post Office Box 7346
Post Office Box 6668                      Cedar Rapids, IA 52406-0609              Philadelphia PA 19101-7346
Tallahassee FL 32314-6668

Islandrulz, LLC                           James Ingersoll                          Keith Ingersoll
2307 N. Geyer Rd.                         4037 Conway Place Cir                    2 South Orange Ste 202
Saint Louis, MO 63131-3308                Orlando, FL 32812-7986                   Orlando, FL 32801-2634

Leyli 37, LLC                             Leyli 37, LLC                            Mathon Investments
966 Baileyana Road                        c/o Andrew V. Layden, Esq.               8724 Sunset Drive #531
Hillsborough CA 94010-6108                Baker & Hostetler LLP                    Miami, FL 33173-3512
                                          200 S. Orange Ave., SunTrust Center, Sui
                                          Orlando, FL 32801-3432

Michael LaFay                             Office of General Counse                 Orange County
9342 Wickham Way                          City of Jacksonville                     Code Enforcement Board
Orlando, FL 32836-5517                    c/o Wendy L. Mummaw                      2450 W 33rd St
                                          117 West Duval Street, #480              Orlando, FL 32839-8726
                                          Jacksonville, FL 32202-5721
```

```
Orange County Tax Collector         Orange County Tax Collector         PMSG, LLC
PO Box 545100                       Attn: Scott Randolph                625 Waltham Avenue
Orlando FL 32854-5100               PO Box 545100                       Orlando, FL 32809-4205
                                    Orlando, FL 32854-5100

RS Lending, Inc.                    RS Lending, Inc.                    Santa Rosa Co Tax Collector
501 Second St, Ste 700              c/o Christopher R. Thompson, Esq.   6495 Caroline Street Ste E
San Francisco, CA 94107-4134        Burr & Forman LLP                   Milton, FL 32570-4592
                                    200 S. Orange Ave., Suite 800
                                    Orlando, FL 32801-6404

Secured Investment Funding L        The Soto Law Office PA              Volusia County Revenue Div
1485 International Pkwy             Attn Kimberly Soto, Esq             123 W Indiana Ave, Room 103
Suite 1031                          415 Montgomery Rd, Ste 111          Deland, FL 32720-4615
Lake Mary, FL 32746-5304            Altamonte Springs, FL 32714-6814

Winderweedle Haines et al           Frank M Wolff +                     United States Trustee - ORL +
Attn Mya M. Hatchette               Frank Martin Wolff, P.A.            Office of the United States Trustee
PO Box 880                          19 E. Central Blvd                  George C Young Federal Building
Winter Park, FL 32790-0880          Orlando, FL 32801-2468              400 West Washington Street, Suite 1100
                                                                        Orlando, FL 32801-2210

Andrew V Layden +                   Christopher R Thompson +            Wendy L Mummaw +
Baker & Hostetler LLP               200 S Orange Ave, Ste 800           Office of General Counsel
Suntrust Center - Suite 2300        Orlando, FL 32801-6404              117 West Duval Street
200 S. Orange Avenue                                                    Jacksonville, FL 32202-3734
Orlando, FL 32801-3432

Wendy L Mummaw +                    Audrey M Aleskovsky +               Donald W Fitzgerald +
Office of General Counsel           Office of the United States Trustee Felderstein Fitzgerald Willoughby
117 West Duval Street               George C. Young Federal Building    400 Capitol Mall, Suite 1750
Ste 480                             400 West Washington St, Suite 1100  Sacramento, CA 95814-4432
Jacksonville, FL 32202-3734         Orlando, FL 32801-2210

Jennifer E Niemann +                Note: Entries with a '+' at the end of the
Felderstein Fitzgerald Willoughby   name have an email address on file in CMECF
400 Capitol Mall, Suite 1750
Sacramento, CA 95814-4432


      The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.


(u)Karen S. Jennemann               (u)Islandrulz, LLC                  End of Label Matrix
Orlando                             c/o Andrew V. Layden, Esq.          Mailable recipients   49
                                    Baker & Hostetler LLP               Bypassed recipients    2
                                    200 S. Orange Ave., SunTrust Center, Sui  Total            51
```