ORDERED.

**Dated:  July 09, 2018**

Karen S. Jennemann
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

In re:                                              Case No.:  6:17-bk-07077-KSJ

INGERSOLL FINANCIAL, LLC                            Chapter 11

       Debtor.
_____/

## ORDER GRANTING MOTION TO APPROVE SETTLEMENT BY AND BETWEEN THE DEBTOR AND RS LENDING, INC.

This case came before the Court on the Debtor's Motion to Approve Settlement by and between the Debtor and RS Lending, Inc. (Doc. No. 146) (the "Motion").  The Motion was filed in accordance with the negative notice procedure contained in Local Ryle 2002-4.  After considering the Motion, the Settlement Agreement, a copy of which is attached as Exhibit "A," and the record in this case, and noting that no objections were filed during the objection period identified in the Motion, it is

ORDERED:

1.      The Motion is granted.

2.      The Debtor is authorized and directed to enter into the Settlement Agreement and to take all actions that are reasonably necessary to implement the Settlement Agreement, including but not limited to, executing and delivering all documents necessary to implement the Settlement

Agreement.  All capitalized terms used in this Order shall have the meanings ascribed to them in the Settlement Agreement unless otherwise indicated.

3.      As provided for in section 1.06 of the Settlement Agreement, the RS Claims are hereby allowed as secured claims as filed.

4.      This Court retains jurisdiction with respect to all matters relating to the Settlement Agreement and the implementation of this Order, including but not limited to interpreting and enforcing the Settlement Agreement and awarding damages for breach thereof.

*Attorney Frank M. Wolff is directed to serve a copy of this order on interested parties who are non-CM/ECF users and file a proof of service within 3 days of entry of the order.*

## COMPROMISE AND SETTLEMENT AGREEMENT

This Compromise and Settlement Agreement (this "Agreement"), is made and entered into as of May __, 2018, by and among (a) Ingersoll Financial, LLC, a Florida limited liability company (the "Debtor"), (b) Keith R. Ingersoll ("Keith"), (c) Ingersoll Financial Midland Land Trust (the "Land Trust") and (d) RS Lending Inc. ("RS"). The Debtor, Keith, Land Trust and RS are sometimes referred to hereafter collectively as the "Parties" or each individually as a "Party."

### RECITALS

This Agreement is entered into with reference to the following facts:

A.     On November 7, 2017 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code which remains pending as Case Number 6:17-bk-07077-KSJ in the United States Bankruptcy Court for the Middle District of Florida, (the "Bankruptcy Case"). The Debtor continues to manage and operate its business as Debtor-in-Possession pursuant to 11 U.S.C. §§ 1107 and 1108.

B.     The Debtor asserts that on or about August 11, 2016, a Purchase Agreement was entered into with BJ Home Services, Inc. ("BJ") for the Debtor to acquire from BJ 250 houses for $7,500,000, that the funds from Loan 1 and Loan 2 (as defined below) were used by the Debtor to fund the acquisition of the 250 houses, and that the Purchase Agreement mistakenly named the Land Trust, rather than the Debtor, as the Purchaser.

C.     On or about August 25, 2016, the Debtor borrowed $2,625,000 from RS ("Loan 1") to purchase from BJ the 123 parcels of real property set forth on Exhibit A to this Agreement ("Loan 1 Properties"). Loan 1 is evidenced by a Commercial Interest-Only Promissory Note dated August 25, 2016 and other loan documents, as modified from time to time (collectively, the Loan 1 Documents").

D.     Loan 1 is secured by mortgages or deeds of trust on the Loan 1 Properties.

E.     On or about September 20, 2016, the Debtor borrowed $2,479,750 from RS ("Loan 2") to purchase from BJ the 127 parcels of real property set forth on Exhibit B to this Agreement ("Loan 2 Properties" and, collectively with the Loan 1 Properties, the "Properties"). Loan 2 is evidenced by a Commercial Interest-Only Promissory Note dated September 20, 2016 and other loan documents, as modified from time to time (collectively, the Loan 2 Documents" and, collectively with the Loan 1 Documents, the "Loan Documents").

F.     Loan 2 is secured by mortgages, security deeds, or deeds of trust on the Loan 2 Properties.

G.     The Debtor's obligations to RS under both Loan 1 and Loan 2 are personally guaranteed by Keith ("Guarantee").

H.     Due to errors in the closing of the purchase of Properties from BJ, instead of being transferred into the name of the Debtor, some of the Properties were transferred into the name of the Land Trust; and some of the Properties were not owned by BJ and, as a result, were

not transferred at all. The Debtor, the Land Trust, Keith and RS all agree that to the extent Properties owned by BJ were transferred into the name of the Land Trust rather than the Debtor, there was a mutual mistake, the deeds should be reformed to reflect the Debtor is the transferee, and RS is entitled to an equitable mortgage on each such Property in the same scope, extent and priority as if the mortgages to secure Loan 1 and Loan 2 were properly executed by and recorded against the owner of the Property. *See Deutsche Bank Nat'l Trust Co. v. Dolci*, 2012 Ill. App. Unpubl. LEXIS 1555 (2012). The Debtor, the Land Trust, and Keith all agree that even without such a reformation, it was intended that the Debtor hold the only beneficial interest in the Land Trust, so therefore any property titled in the Land Trust is property of the Debtor's bankruptcy estate. *See In re Ameriswiss Associates*, 148 B.R. 349, 351 (Bankr. S.D. Fla. 1992) (holding "the beneficiary of a [Florida] land trust is the 'equitable owner of real property' within the meaning of the [Bankruptcy Code]" such that if the beneficiary is a debtor, the res of the trust is property of the debtor's bankruptcy estate); *In re Chardon, LLC*, 519 B.R. 211, 217-19 (Bankr. N.D. Ill. 2014) (same outcome with respect to Illinois land trust); *In re Stowell*, 232 B.R. 823, 825-26 (Bankr. N.D.N.Y. 1998) (same outcome with respect to New York land trust); *In re Langley*, 30 B.R. 595, 598-600 (Bankr. N.D. Ind. 1983) (same outcome with respect to Indiana land trust).

     I.     On February 23, 2018, RS timely filed a proof of claim in the Bankruptcy Case asserting a secured claim with respect to Loan 1 as of the Petition Date in the amount of $2,875,863.96 ("RS Claim No. 16").

     J.     Also on February 23, 2018, RS timely filed a proof of claim in the Bankruptcy Case asserting a secured claim with respect to Loan 2 as of the Petition Date in the amount of $2,696,489.15 ("RS Claim No. 17" and, collectively with RS Claim No. 16, the "RS Claims").

     K.     On July 27, 2017, RS filed a state court action against the Debtor and Keith in the San Francisco County Superior Court, Case No. CGC 17-560435, asserting breach of contract and common counts claims for Debtor's failure to make payments due under Loan 1 and Loan 2 and for judgment against Keith on his personal Guarantee (the "RS State Court Action"). The RS State Court Action remains pending, although further action against the Debtor (but not against Keith) is currently stayed by the Bankruptcy Case.

     L.     After extensive negotiations and discussions, the Parties have reached a conditional agreement to cooperate to address title issues with the Properties, to cooperate in the liquidation of the Properties through the Bankruptcy Case (the "Sale") pursuant to a motion to sell and a proposed plan of liquidation, to acknowledge the validity of the mortgages securing the RS Claims and to pay to RS the net proceeds of the Sale of the Properties.

     M.     The process for seeking and obtaining bankruptcy court confirmation of the Plan is anticipated to take a number of weeks and the Parties seek to memorialize the terms of their compromises and agreement before completion of that process.

     NOW, THEREFORE, in consideration of the agreements, conditions, promises and warranties set forth below and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, each Party intending to be legally bound hereby, agrees as follows:

# AGREEMENT

## ARTICLE I
### Settlement, Compromise and Required Plan and Sale Provisions

**Section 1.01.** <u>Approval of Compromise</u>. Subject to the provisions of <u>Article II</u> of this Agreement, the settlement is conditioned upon entry of an order approving this Agreement in the Bankruptcy Case. Promptly after execution of this Agreement, the Debtor shall file and diligently prosecute a motion seeking approval of this Agreement under Federal Rule of Bankruptcy Procedure 9019 (the "9019 Motion"). Keith and the Land Trust agree to support the 9019 Motion.

**Section 1.02.** <u>Corrective Deeds</u>. The Debtor, Keith and the Land Trust shall arrange for substitute corrective deeds conveying title to each of the Properties from BJ to the Debtor, and as necessary from Kaja Holdings II LLC ("Kaja") to the Debtor, as soon as possible to be held in the Sale escrow.

**Section 1.03.** <u>Title in Name of Debtor and Other Action to Correct Title</u>. The Land Trust and Keith shall deliver to escrow as soon as possible any deeds required by the title and escrow company to confirm title in the name of the Debtor. Further, the Debtor, the Land Trust, and Keith shall execute such documents and take such other steps as may be reasonably required to put title to the Properties in a condition where a court-approved transfer from the Debtor to a buyer will be insurable.

**Section 1.04.** <u>Sale of the Properties</u>. The Debtor and RS shall cooperate in the Sale. To this end:

(a) The Debtor has selected Braunco Inc. as the agent to sell the Properties (the "Broker") and has obtained an order granting the application to employ the Broker.

(b) The Debtor has selected BCHH, Inc. to provide third-party search, title curative, and closing and escrow services for the Sale of the Properties ("Escrow Agency") and has obtained an order granting the application to employ the Escrow Agency.

(c) Promptly after execution of this Agreement, the Debtor shall file and diligently prosecute a motion, in form and substance reasonably acceptable to RS, to approve the proposed Sale and related sale procedures ("Sale Motion"). Keith and the Land Trust shall support the Sale Motion. The Sale Motion shall include the following key provisions:

(i) Sale of the Properties (less any Properties which Escrow Agency or Broker advise not be included in the sale due to title or marketability issues) under a bankruptcy court authorized section 363(f) sale free and clear of all liens, interests and encumbrances.

(ii) All gross proceeds of the sale shall be distributed by the Escrow Agency from escrow in the following order:

3

(1)    First, to pay the following:

      (A)    Broker's fees as allowed by the court;

      (B)    Title and escrow fees and costs borne by the seller under the sales agreements and as allowed by the court;

      (C)    Payoff of any allowed senior claims secured by the property sold, including but not limited to prorated ad valorum property taxes;

      (D)    Allowed administrative expenses of the estate under sections 507(a)(2) and 503(b) of the Bankruptcy Code that have not been paid by the Debtor's principal prior to the sale, but only to the extent such administrative expenses could have been surcharged against RS under the standards of section 506(c) of the Bankruptcy Code; and

      (E)    Funding of a reserve equal to ten percent of the gross proceeds of the sale for Allowed Administrative Expenses related to the administration of the Proofs of Claims and Interests asserted against the sale proceeds (the "Claims Administration Reserve").

(2)    Second, to be placed into a separate account, sufficient funds to provide for any disputed senior lien, claim or interest secured by property sold free and clear of such senior claim, lien or interest, with such disputed claim, lien or interest to attach to respective sale proceeds for the property against which the disputed senior lien, claim or interest is asserted ("Disputed Lien Claim Reserve Account"). The funds remaining after payment of (1) and (2) above shall be considered "Net Sale Proceeds."

(3)    Third, Net Sale Proceeds shall be distributed at the close of escrow to RS Lending for application to the RS Claims and, if all allowed claims are paid or provided for, to the Debtor . To the extent funds are released from the Disputed Lien Claim Reserve Account or from the Claims Administration Reserve and become Net Sale Proceeds, such funds shall be distributed to RS (or to the Debtor if all claims have been paid in full) within fifteen (15) calendar days after entry of a final order releasing such funds from the Disputed Lien Claim Reserve Account or the Claims Administration Reserve, unless such final order is stayed.

(4)    After the claims in paragraphs (1) through (3) are paid in full, any remaining gross proceeds will be paid to the Debtor.

      **Section 1.05.**  Consensual Plan of Liquidation.  Before or promptly after approval of this Agreement, the Debtor shall file and diligently seek confirmation of a plan of liquidation

4

(the "Plan") calling for the Sale of the Properties. The Debtor shall use its best effort to obtain, and Keith and the Land Trust shall support, confirmation of the Plan as soon as possible, and no later than July 27, 2018, or such later date as RS may agree to in writing. The Debtor and Keith shall cause the Plan to provide for the following key provisions and to conform with this Agreement, and as long as it does so RS will support confirmation of such Plan:

      (a)    No later than the effective date of the Plan, the corrective deeds to the Properties shall be released and recorded in the appropriate public records.

      (b)    Legal recognition that the Properties are property of the bankruptcy estate and subject to the jurisdiction of the bankruptcy court.

      (c)    Legal recognition of the validity and priority of the RS mortgages on the Properties.

      (d)    Sale of the Properties under a bankruptcy court authorized 363(f) sale free and clear of all liens, interests and encumbrances consistent with the Sale Motion and the key provisions to be included in the Sale Motion as provided in this Agreement.

      (e)    Upon the written request of RS, transfer and assignment to RS by the Debtor, Keith and the Land Trust of any and all claims and other rights to recovery against Standard Title Agency, LLC and against any affiliate or entity working in concert with Standard Title Agency, LLC. Any net proceeds or recoveries on these claims, after payment of RS's attorneys' fees and costs, shall be applied and credited to the allowed RS Claims and shall be used to calculate the amount RS has received for purposes of determining whether RS has met the Guarantor Release Minimum as set forth in Section 1.07, below, and, if not, to reduce the Judgment as provided for in that Section.

Notwithstanding anything contained in this Agreement, this Agreement is not, and shall not be deemed to be, a solicitation of votes for the acceptance of the Plan pursuant to section 1125 of the Bankruptcy Code or a solicitation of votes for the rejection of any alternative chapter 11 plan. Acceptance of the Plan will not be solicited until authorized by order of the bankruptcy court.

      **Section 1.06.**  Allowance of RS Claims. The RS Claims shall be allowed as filed as secured claims against the Properties and the Debtor. The RS Claims as of the Petition Date total $5,572,353.11, including principal, interest, late charges, default interest, legal fees and expenses, and payoff processing fee as of that date. The RS Claim will include further interest charges, fees and legal fees and expenses accrued post-petition, as provided in the Loan Documents. Notwithstanding any payment of the Guarantor Release Minimum and the subsequent release of Keith from the Guarantee and the Judgment as provided in Section 1.07 below, RS shall retain its claim against the Debtor until paid in full. To the extent the liquidation of the Properties is complete, or further liquidation efforts determined by RS not to be cost-effective, any remaining amounts due on the RS Claims shall be treated as allowed unsecured claims.

      **Section 1.07.**  Stipulation for Judgment in the RS State Court Action. Contemporaneously with the execution of this Agreement, Keith and RS shall execute a Stipulation for Immediate Entry of Judgment in the RS State Court Action in the form attached

as Exhibit C to this Agreement ("Stipulation") based on the Guarantee. As of the date this Agreement is approved by order of the bankruptcy court, the Stipulation shall permit judgment to be entered against Keith in the RS State Court Action in the amount set forth in the Stipulation ("Judgment"). Upon entry of the Judgment, RS may have sister state judgments entered and recorded and RS may file judgment liens, but not enforce any judgment liens pending completion of the liquidation of the Properties; *provided, however,* that if (i) the liquidation of the Properties, plus net proceeds or recoveries on claims assigned by Keith, the Land Trust, or Debtor to RS, plus any payments made directly by Keith, the Land Trust or Debtor to RS results in net payments to RS of not less than $4,000,000 (the "Guarantor Release Minimum") and the Debtor, Keith and the Land Trust have fully complied with this Agreement and the Plan, then the Judgment (but not the claims of RS against the Debtor or others) shall be deemed satisfied, or (ii) on completion of liquidation of the Properties (or a determination by RS in its complete discretion that further liquidation of the Properties is not economically cost-effective) (the "Completion Event"), and on condition that the Debtor, Keith and the Land Trust have complied fully with this Agreement and the Plan, and the Guarantor Release Minimum has not been reached, then the Judgment shall be amended by Plaintiff within ten (10) business days after the Completion Event to the amount equal to the difference between the net amount paid to RS from the liquidation of the Properties and the Guarantor Release Minimum; otherwise, the Judgment shall remain in the full amount, less only the Net Sale Proceeds and any other payments actually paid to RS from the liquidation of the Properties or by Keith or the Debtor for application to the Judgment.

**Section 1.08.** Provision for Rents. Rents from the Properties, if any, shall be held by the Debtor in a segregated account and, upon request of RS, paid to RS and shall be used to calculate the amount RS has received for purposes of determining whether RS has met the Guarantor Release Minimum as set forth in Section 1.07, above, and, if not, to reduce the Judgment as provided for in that section.

## ARTICLE II
### Conditions/Effective Date

**Section 2.01.** **Certain Provisions Effective Immediately Upon Execution.** This Agreement shall be immediately effective upon execution as to the obligations of the Debtor, Keith and/or the Land Trust (a) under Section 1.01 (to seek and support approval of this Agreement), (b) under Section 1.02 (to arrange for corrective deeds from BJ and from Kaja), (c) under Section 1.04(c) (to file, prosecute and support the Sale Motion), (d) under Section 1.05 (to file and support confirmation of a Plan containing the designated provisions), and (e) under Section 1.07 (of Keith to execute and deliver a Stipulation for Entry of Judgment).

**Section 2.02.** **Remainder Effective.** The remaining provisions of this Agreement shall become effective, subject to Section 2.03, on entry of the order approving the 9019 Motion ("Effective Date").

**Section 2.03.** **Condition to Obligations of RS.** No obligations of RS shall arise under this Agreement unless and until Keith has provided RS with a personal financial statement prepared in accordance with standard financial practices and certified as accurate and RS finds

satisfactory in its sole and absolute discretion, or RS has waived such condition precedent in writing.

## ARTICLE III
### Representations, Warranties and Covenants

**Section 3.01.**  Representations and Warranties of Each Party.  In order to induce the other Party to enter into and perform its obligations under this Agreement, each Party makes the following representations and warranties, solely with respect to itself, to each of the other Parties:

(a)     Authority.  (1) Each Party has the power and authority to execute, deliver and perform its obligations under this Agreement; and (2) the execution, delivery and performance by such Party of this Agreement has been duly authorized by all necessary action on the part of such Party.

(b)     Validity.  This Agreement has been duly executed and delivered by each Party and constitutes the legal, valid and binding agreement of each Party.

(c)     No Reliance.  Each Party has been represented and advised or had the opportunity to be represented and advised by its attorneys in connection with this Agreement and has independently and without reliance upon any other Party or any officer, employee, agent or representative thereof, and based on such information as each Party has deemed appropriate, made its own analysis and decision to enter into this Agreement and each Party acknowledges that it has entered into this Agreement voluntarily and of its own choice and not under coercion or duress.

**Section 3.02.**  Acknowledgments. THIS AGREEMENT AND THE TRANSACTIONS CONTEMPLATED HEREIN AND THEREIN, ARE THE PRODUCT OF NEGOTIATIONS BETWEEN THE PARTIES AND THEIR RESPECTIVE REPRESENTATIVES. EACH PARTY HEREBY ACKNOWLEDGES THAT THIS AGREEMENT IS NOT AND SHALL NOT BE DEEMED TO BE A SOLICITATION OF VOTES FOR THE ACCEPTANCE OF THE PLAN OR REJECTION OF ANY OTHER CHAPTER 11 PLAN FOR PURPOSES OF SECTIONS 1125 AND 1126 OF THE BANKRUPTCY CODE OR OTHERWISE. THE DEBTOR WILL NOT SOLICIT ACCEPTANCES OF THE PLAN FROM ANY PERSON OR ENTITY UNTIL THE PERSON OR ENTITY HAS BEEN PROVIDED WITH A COPY OF THE DISCLOSURE STATEMENT APPROVED BY THE BANKRUPTCY COURT. NOTHING IN THIS AGREEMENT SHALL REQUIRE ANY PARTY TO TAKE ANY ACTION PROHIBITED BY THE BANKRUPTCY CODE, THE SECURITIES ACT OF 1933 (AS AMENDED), THE SECURITIES EXCHANGE ACT OF 1934 (AS AMENDED), ANY RULE OR REGULATIONS PROMULGATED THEREUNDER, OR BY ANY OTHER APPLICABLE LAW OR REGULATION OR BY AN ORDER OR DIRECTION OF ANY COURT OR ANY STATE OR FEDERAL GOVERNMENTAL AUTHORITY.

## ARTICLE IV
## Termination

**Section 4.01.** RS's Right to Terminate. RS shall have the right, at its election, to terminate this Agreement by written notice to the other Parties if there is a breach, in any material respect, of any performance by any other Party under Article I hereof, and, in either case, such other Party shall fail to cure such breach within ten (10) days following receipt of written notice of such breach from RS. Termination shall not relieve the other Parties from liability for any damages or other claims for relief caused by their breach.

## ARTICLE V
## Miscellaneous

**Section 5.01.** Entire Agreement. This Agreement constitutes the entire and only agreement of the Parties concerning the subject matter hereof. This Agreement supersedes and replaces any and all prior or contemporaneous verbal or written agreements between the Parties concerning the subject matter hereof. The Parties acknowledge that this Agreement is not being executed in reliance on any verbal or written agreement, promise or representation not contained herein.

**Section 5.02.** No Oral Modifications. This Agreement may not be modified or amended orally. This Agreement only may be modified or amended by a writing signed by a duly authorized representative of each Party hereto. Any waiver of compliance with any term or provision of this Agreement on the part of either Party must be provided in a writing signed by the other Party. No waiver of any breach of any term or provision of this Agreement shall be construed as a waiver of any subsequent breach.

**Section 5.03.** Participation in Chapter 11 Case. Nothing in this Agreement shall limit in any way the right of any Party to participate in the Bankruptcy Case; *provided* that such participation does not violate and is not inconsistent with the terms of this Agreement. If the transactions contemplated by this Agreement or in the Plan are not consummated, or if this Agreement is terminated for any reason, the Parties fully reserve any and all of their rights.

**Section 5.04.** Binding Effect; Successor and Assigns; No Third Party Beneficiaries. This Agreement shall inure to the benefit of and be binding upon the Parties and their respective successors and permitted assigns; *provided, however*, that no Party may assign its rights or obligations under this Agreement without the written consent of the other Party, which consent shall not be unreasonably withheld or delayed, and any assignment not in accordance with the terms hereof shall be null and void ab initio. No one other than the Parties is intended as a beneficiary of this Agreement and may not enforce any of its terms. Without limiting the generality of the forgoing, each provision that benefits RS may be waived by RS and the waiver or consent of no other entity shall be required.

**Section 5.05.** Counterparts. This Agreement may be executed in counterparts, each of which constitutes an original, and all of which, collectively, constitute only one

8

agreement. The signatures of each of the Parties need not appear on the same counterpart. A facsimile or imaged copy of any signature shall be as valid as the original.

Section 5.06. Severability. If any term or other provision of this Agreement is invalid, illegal or incapable of being enforced, all other terms and provisions of this Agreement shall nevertheless remain in full force and effect so long as the economic or legal substance of the transactions contemplated hereby is not affected in any manner materially adverse to either of the parties hereto. Upon any determination that any term or other provision is invalid, illegal, or incapable of being enforced, each party hereto shall negotiate in good faith to modify this Agreement so as to effect the original intent of this Agreement as closely as possible in a mutually acceptable manner in order that the transactions contemplated hereby be consummated as originally contemplated to the greatest extent possible.

Section 5.07. Jurisdiction. This Agreement shall be governed by, and construed and enforced in accordance with, the laws of the State of Florida, and Federal Bankruptcy Laws to the extent applicable, without giving effect to its conflicts of law principles. Any right to trial by jury with respect to any lawsuit, claim or other proceeding arising out of or under this Agreement is expressly and irrevocably waived. Any suit, action or proceeding against any Party or any of their respective assets arising out of or under this Agreement shall be brought in the bankruptcy court, and each Party hereby irrevocably and unconditionally submits and consents to the exclusive jurisdiction of such court over the subject matter of any such suit, action, proceeding, dispute or controversy arising from or under this Agreement.

IN WITNESS WHEREOF, each Party by his or its duly authorized representative has executed this Agreement as of the date first written above:

**INGERSOLL FINANCIAL, LLC, a Florida limited liability company**

By: _____
Name: Keith R. Ingersoll
Title: Manager

**INGERSOLL FINANCIAL MIDLAND LAND TRUST, a Florida land trust**

By: _____
Name: Keith R. Ingersoll
Title: Trustee

_____
Keith R. Ingersoll, individually

**RS LENDING, INC., a Delaware corporation**

By: _____
Name: Christopher Holden
Title: Director of Asset Management

9

## Exhibit A

LIST OF PROPERTIES SECURING LOAN 1

Deeds of Trust and Mortgages granted as security for Promissory Note dated 8/25/16

| No. | Instrument | Address of Property |
|-----|-----------|---------------------|
| 1 | Mortgage | 136 Lee Road 207 Lot 9, Phenix City, AL |
| 2 | Mortgage | 208 Gardendale Dr., Montgomery, AL |
| 3 | Mortgage | 256 Wooley Road, Hanceville, AL |
| 4 | Mortgage | 295 3rd Street SW, Ashland, AL |
| 5 | Mortgage | 629 Warwick Dr., Montgomery, AL |
| 6 | Mortgage | 907 N. 13th Street, Lanett, AL |
| 7 | Mortgage | 1603 14th Ave., Phenix City, AL |
| 8 | Mortgage | 1709 Maglee Ave., Mobile, AL |
| 9 | Mortgage | 2443 County Road 37, Billingsley, AL |
| 10 | Mortgage | 2801 Country Court, Montgomery, AL |
| 11 | Mortgage | 4309 9th Ave., Birmingham, AL |
| 12 | Mortgage | 111 Poston Road, Jacksonville, AR |
| 13 | Mortgage | 557 Sunshine Street, Waldron, AR |
| 14 | Mortgage | 900 Webster St., Blytheville, AR |
| 15 | Mortgage | 2625 Claud Road, White Hall, AR |
| 16 | Mortgage | 3124 Elam Street, Little Rock, AR |
| 17 | Mortgage | 4246 Sheldon Place, New Port Richey, FL |
| 18 | Mortgage | 8603 Fancy Finch Drive, Unit 104, Tampa, FL |
| 19 | Mortgage | 19940 SW 109th Place, Dunnellon, FL |
| 20 | Deed of Trust | 358 7th Ave., Dawson, GA |
| 21 | Deed of Trust | 427 W. Monroe Street, Thomasville, GA |
| 22 | Mortgage | 217 S. 1st Street, Laurens, IA |
| 23 | Mortgage | 625 3rd Ave., S., Clinton, IA |
| 24 | Mortgage | 23 S 16th Street, Belleville, IL |
| 25 | Mortgage | 305 Meredocia Street, Madison, IL |
| 26 | Mortgage | 354 E Fulton Street, Paxton, IL |
| 27 | Mortgage | 605 W 9th Street, Johnston City, IL |
| 28 | Mortgage | 617 Abend Street, Belleville, IL |
| 29 | Mortgage | 713 South Walnut Street, Sesser, IL |
| 30 | Mortgage | 919 E Glenview Drive, Tuscola, IL |
| 31 | Mortgage | 1217 E 5th Street, Alton, IL |
| 32 | Mortgage | 1544 N. College Street, Decatur, IL |
| 33 | Mortgage | 1638 N 48th Street, East Saint Louis, IL |
| 34 | Mortgage | 33 N. Hillside Dr., North Manchester, IN |
| 35 | Mortgage | 41 Heltonville Rd., Heltonville, IN |
| 36 | Mortgage | 412 Tyler St., Gary, IN |
| 37 | Mortgage | 413 N 921 W., Fowler, IN |
| 38 | Mortgage | 415 W. Franklin, Hartford City, IN |
| 39 | Mortgage | 606 W. Main, Chesterfield, IN |
| 40 | Mortgage | 708 Vermont St., Gary, IN |

| 41 | Mortgage | 758 N. Spring St., Wabash, IN |
|----|----------|-------------------------------|
| 42 | Mortgage | 842 S. Bendix, South Bend, IN |
| 43 | Mortgage | 937 N. Oxford St., Indianapolis, IN |
| 44 | Mortgage | 964 Hobart Street, Gary, IN |
| 45 | Mortgage | 1108 Bancroft Ave., Rochester, IN |
| 46 | Mortgage | 1912 Maryland St., Gary, IN |
| 47 | Mortgage | 2810 E 34th St., Indianapolis, IN |
| 48 | Mortgage | 3423 N. Sherman Dr., Indianapolis, IN |
| 49 | Mortgage | 4120 Adams Street, Gary, IN |
| 50 | Mortgage | 4608 Miller Lane, Gary, IN |
| 51 | Mortgage | 4640 Delaware St., Gary, IN |
| 52 | Mortgage | 13424 Harber Rd., IN |
| 53 | Mortgage | 1168 Harless Creek Rd., Regina, KY |
| 54 | Deed of Trust | 236 Columbia St., Cumerland, MD |
| 55 | Deed of Trust | 300 S. Augusta Ave., Baltimore, MD |
| 56 | Deed of Trust | 536 Elk Mills Road, Elk Mills, MD |
| 57 | Deed of Trust | 2418 E. Oliver St., Baltimore, MD |
| 58 | Deed of Trust | 2616 Orleans St., Baltimore, MD |
| 59 | Mortgage | 62 Bidwell Street W., Battle Creek, MI |
| 60 | Mortgage | 234 Allen Ave., Muskegon, MI |
| 61 | Mortgage | 611 West 2nd Street, Pinconning, MI |
| 62 | Mortgage | 707 South Orchard St., Clinton, MI |
| 63 | Mortgage | 1021 Haven St., Mount Morris, MI |
| 64 | Mortgage | 1946 Hosler Street, Flint, MI |
| 65 | Mortgage | 2002 Dakota Ave., Flint, MI |
| 66 | Mortgage | 2049 Stanford Ave., Flint, MI |
| 67 | Mortgage | 2618 Wolcott St., Flint, MI |
| 68 | Mortgage | 3350 Dixie Court, Saginaw, MI |
| 69 | Mortgage | 3411 Brownell Blvd., Flint, MI |
| 70 | Mortgage | 12667 Mansfield St., Detroit, MI |
| 71 | Mortgage | 14429 Mapleridge St., Detroit, MI |
| 72 | Mortgage | 16934 Lilac St., Detroit, MI |
| 73 | Mortgage | 18545 Trinity Street, Detroit, MI |
| 74 | Mortgage | 19516 Westbrook Street, Detroit, MI |
| 75 | Deed of Trust | 534 South Hardy Ave., Independence, MO |
| 76 | Deed of Trust | 1736 Crystal Court, St. Louis, MO |
| 77 | Deed of Trust | 2019 Montgall Ave., Kansas City, MO |
| 78 | Deed of Trust | 3411 E 36th Street, Kansas City, MO |
| 79 | Deed of Trust | 4912 Arlington Ave., St. Louis, MO |
| 80 | Deed of Trust | 6833 Bales Ave., Kansas City, MO |
| 81 | Deed of Trust | 147 Louisiana Ave., Jackson, MS |
| 82 | Deed of Trust | 237 Sewanee Dr., Jackson, MS |
| 83 | Deed of Trust | 363 Lamar Street, Durant, MS |
| 84 | Deed of Trust | 514 West Hillsdale Dr., Jackson, MS |
| 85 | Deed of Trust | 306 Buchanan Lane, Burnesville, NC |

| 86 | Deed of Trust | 316 Bonner Bridge Rd., Aulander, NC |
|---|---|---|
| 87 | Deed of Trust | 602 Delview Road, Cherryville, NC |
| 88 | Deed of Trust | 1202 Montlieu Ave., High Point, NC |
| 89 | Mortgage | 75 Woodrow St., Hamilton, OH |
| 90 | Mortgage | 549 Cameron Ave., Youngstown, OH |
| 91 | Mortgage | 728 Whitmore Ave., Dayton, OH |
| 92 | Mortgage | 924 East 129th St., Cleveland, OH |
| 93 | Mortgage | 1021 Wyoming St., Dayton, OH |
| 94 | Mortgage | 1060 Olmstead Ave., Columbus, OH |
| 95 | Mortgage | 1144 Washington Ave., Lorain, OH |
| 96 | Mortgage | 1260 E 59th St., Cleveland, OH |
| 97 | Mortgage | 1317 Wellesley Ave., Steubenville, OH |
| 98 | Mortgage | 1319 East 91st St., Cleveland, OH |
| 99 | Mortgage | 1404 Andrus St., Akron, OH |
| 100 | Mortgage | 1729 Rosedale Ave., East Cleveland, OH |
| 101 | Mortgage | 1803 S. Ridge Rd., Ashtabula Twp., OH |
| 102 | Mortgage | 2160 SW 11th, Akron, OH |
| 103 | Mortgage | 3128 Firnley Ave., Youngstown, OH |
| 104 | Mortgage | 3332 East 128th St., Cleveland, OH |
| 105 | Mortgage | 3378 East 132 St., Cleveland, OH |
| 106 | Mortgage | 3471 Watson Marshall Rd., McDonald, OH |
| 107 | Mortgage | 3608 Risher Rd., Youngstown, OH |
| 108 | Mortgage | 5737 Liberty Hill Rd., Chillicothe, OH |
| 109 | Mortgage | 6303 US Route 35 E., West Alexandria, OH |
| 110 | Mortgage | 2429 Cox City Rd., Rush Springs, OK |
| 111 | Mortgage | 410 Knox Ave., Monessen, PA |
| 112 | Mortgage | 7268 Long Pine Dr., Tobyhanna, PA |
| 113 | Deed of Trust | 255 Howeland Circle, Danville, VA |
| 114 | Mortgage | 1116 13th St., Racine, WI |
| 115 | Mortgage | 3046 N 7th St., Milwaukee, WI |
| 116 | Mortgage | 7835 336th Ave., Burlington, WI |
| 117 | Mortgage | 8457 Cochise Rd., Fremont, WI |
| 118 | Deed of Trust | 136 James St., St. Albans, WV |
| 119 | Deed of Trust | 180 N. Main Street, Keyser, WV |
| 120 | Deed of Trust | 449 Church St., Grant Town, WV |
| 121 | Deed of Trust | 1612 North 16th St., Clarksburg, WV |
| 122 | Deed of Trust | 2301 Pleasant Ave., Wellsburg, WV |
| 123 | Deed of Trust | 923 Cedar Street, Kemmerer, WY |

## Exhibit B

LIST OF PROPERTIES SECURING LOAN 2

Deeds of Trust and Mortgages granted as security for Promissory Note dated 9/20/16

| No. | Instrument | Address of Property |
|-----|------------|---------------------|
| 1 | Mortgage | 828 Overton Ave, Tarrant, AL |
| 2 | Mortgage | 1312 Princeton Ave SW, Birmingham, AL |
| 3 | Mortgage | 1656 50th Street Ensley, Birmingham, AL |
| 4 | Mortgage | 3257 Dogwood Road, Mobile, AL |
| 5 | Mortgage | 3700 Raceway Parkway, Mount Olive, AL |
| 6 | Mortgage | 5409 Court H, Birmingham, AL |
| 7 | Mortgage | 7016 2nd Avenue South, Birmingham, AL |
| 8 | Mortgage | 7804 8th Avenue South, Birmingham, AL |
| 9 | Mortgage | 17415 Highway 55, Sterrett, AL |
| 10 | Mortgage | 55 Valley Heart Drive, Highland, AR |
| 11 | Mortgage | 1509 West 23rd Avenue, Pine Bluff, AR |
| 12 | Mortgage | 2005 Abigail Street, Little Rock, AR |
| 13 | Mortgage | 4011 West 11th Street, Pine Bluff, AR |
| 14 | Security Deed | 255 Friendship Circle, Fort Valley, GA |
| 15 | Security Deed | 485 Carlyene Drive, Midway, GA |
| 16 | Security Deed | 2443 Elm Drive, Columbus, GA |
| 17 | Mortgage | 307 4th Avenue, Earling, IA |
| 18 | Mortgage | 800 Colver Street, Muscatine, IA |
| 19 | Mortgage | 918 West 14th Street, Davenport, IA |
| 20 | Mortgage | 254 East 136th Street, Chicago, IL |
| 21 | Mortgage | 316 North Horn Street, West Frankfort, IL |
| 22 | Mortgage | 1508 Park Lane, Ford Heights, IL |
| 23 | Mortgage | 1511 7th Street, Rock Island, IL |
| 24 | Mortgage | 3919 West Grenshaw Street, Chicago, IL |
| 25 | Mortgage | 5949 South Union Avenue, Chicago, IL |
| 26 | Mortgage | 6525 South Marshfield Avenue, Chicago, IL |
| 27 | Mortgage | 6948 Carpenter Street, Chicago, IL |
| 28 | Mortgage | 8345 South Baltimore Ave., Chicago, IL |
| 29 | Mortgage | 455 West Hendricks Street, Shelbyville, IN |
| 30 | Mortgage | 602 Mississippi Street, Gary, IN |
| 31 | Mortgage | 606 Dundee Street, South Bend, IN |
| 32 | Mortgage | 805 Leland Avenue, South Bend, IN |
| 33 | Mortgage | 830 East 26th Street, Marion, IN |
| 34 | Mortgage | 1326 North Ewing Street, Indianapolis, IN |
| 35 | Mortgage | 1619 West 6th Street, Anderson, IN |
| 36 | Mortgage | 1929 Roosevelt Place, Gary, IN |
| 37 | Mortgage | 1976 Massachusetts Street, Gary, IN |
| 38 | Mortgage | 2652 Buchanan Street, Gary, IN |
| 39 | Mortgage | 2749 Jackson Street, Gary, IN |
| 40 | Mortgage | 3801 Pennsylvania Street, Gary, IN |

| 41 | Mortgage | 3861 Polk Street, Gary, IN |
|---|---|---|
| 42 | Mortgage | 4456 Pennsylvania Street, Gary, IN |
| 43 | Mortgage | 4630 East 10th Avenue, Gary, IN |
| 44 | Mortgage | 4832 West 11th Avenue, Gary, IN |
| 45 | Mortgage | 323 North 20th Street, Louisville, KY |
| 46 | Mortgage | 126 Billedeau Drive, Pineville, LA |
| 47 | Mortgage | 12670 Carroll Drive, Amite, LA |
| 48 | Mortgage | 57758 Grove Road, Plaquemine, LA |
| 49 | Mortgage | 72381 Dahlia Street, Covington, LA |
| 50 | Deed of Trust | 113 Franklin Street, Hancock, MD |
| 51 | Deed of Trust | 2916 West Lafayette Avenue, Baltimore, MD |
| 52 | Mortgage | 34 Maple Terrace, Battle Creek, MI |
| 53 | Mortgage | 99 Clay Street, Battle Creek, MI |
| 54 | Mortgage | 204 Beulah Avenue, Battle Creek, MI |
| 55 | Mortgage | 335 Norman Street, Caro, MI |
| 56 | Mortgage | 475 South State Road, Otisville, MI |
| 57 | Mortgage | 598 Broadway Avenue, Benton Harbor, MI |
| 58 | Mortgage | 1047 North Wood Street, Muskegon, MI |
| 59 | Mortgage | 1501 Lake Forest Drive, Flint, MI |
| 60 | Mortgage | 1735 Prospect Street, Flint, MI |
| 61 | Mortgage | 2001 Mallery Street, Flint, MI |
| 62 | Mortgage | 2229 Emmons Avenue, Warren, MI |
| 63 | Mortgage | 2907 Mason Street, Flint, MI |
| 64 | Mortgage | 2924 7th Street, Muskegon Heights, MI |
| 65 | Mortgage | 3416 Henry Street, Inkster, MI |
| 66 | Mortgage | 3555 Spruce Street, Inkster, MI |
| 67 | Mortgage | 3561 Allen Street, Inkster, MI |
| 68 | Mortgage | 4044 Allen Street, Inkster, MI |
| 69 | Mortgage | 4346 Allen Street, Inkster, MI |
| 70 | Mortgage | 10585 North Lake Road, Ironwood, MI |
| 71 | Mortgage | 13744 Fenelon Street, Detroit, MI |
| 72 | Mortgage | 26006 Dartmouth Street, Inkster, MI |
| 73 | Mortgage | 26142 Stanford Street, Inkster, MI |
| 74 | Mortgage | 26200 Stanford Street, Inkster, MI |
| 75 | Mortgage | 26733 Andover Street, Inkster, MI |
| 76 | Mortgage | 27052 Norfolk Street, Inkster, MI |
| 77 | Mortgage | 28661 Glenwood Street, Inkster, MI |
| 78 | Deed of Trust | 105 Bell Street, Excelsior Springs, MO |
| 79 | Deed of Trust | 1016 Central Street, Joplin, MO |
| 80 | Deed of Trust | 2019 Montgall Avenue, Kansas City, MO |
| 81 | Deed of Trust | 2925 Lyndhurst Avenue, St. Louis, MO |
| 82 | Deed of Trust | 3118 Whittier Street, St. Louis, MO |
| 83 | Deed of Trust | 4857 Palm Street, St. Louis, MO |
| 84 | Deed of Trust | 4912 Arlington Ave., St. Louis, MO |
| 85 | Deed of Trust | 5811 Theodore Avenue, St. Louis, MO |

| 86 | Deed of Trust | 8451 Lowell Street, St. Louis, MO |
|----|---------------|-----------------------------------|
| 87 | Deed of Trust | 8846 Bobb Avenue, St. Louis, MO |
| 88 | Deed of Trust | 13552 East Sunrise Lake Drive, DeSoto, MO |
| 89 | Deed of Trust | 13841 Apache Way, Greentop, MO |
| 90 | Deed of Trust | 33212 Circle Drive, Sunrise Beach, MO |
| 91 | Deed of Trust | 54 Trest Road, Heidelberg, MS |
| 92 | Deed of Trust | 157 West Madison Street, Durant, MS |
| 93 | Deed of Trust | 174 Road of Remembrance, Jackson, MS |
| 94 | Deed of Trust | 390 Sweet Gum Bottom Road, Meridian, MS |
| 95 | Deed of Trust | 504 Mitchell Street, Picayune, MS |
| 96 | Deed of Trust | 603 111th Street, Armory, MS |
| 97 | Deed of Trust | 913 Winn Street, Jackson, MS |
| 98 | Deed of Trust | 2522 Jefferson Street, Pascagoula, MS |
| 99 | Deed of Trust | 2813 Marydale Drive, Jackson, MS |
| 100 | Deed of Trust | 125 Patsy Lemons Lane, Lillington, NC |
| 101 | Deed of Trust | 172 Highway 158 West, Gatesville, NC |
| 102 | Deed of Trust | 411 Peru Rd, Morven, NC |
| 103 | Deed of Trust | 3832 Hanford Road, Durham, NC |
| 104 | Mortgage | 62 South Garfield Street, Dayton, OH |
| 105 | Mortgage | 141 School Street, LaRue, OH |
| 106 | Mortgage | 221 Curry Place, Youngstown, OH |
| 107 | Mortgage | 250 Helen Avenue, Mansfield, OH |
| 108 | Mortgage | 304 Clover Street, Dayton, OH |
| 109 | Mortgage | 996-998 Main Street, Wellsville, OH |
| 110 | Mortgage | 1111 West Riverview Avenue, Dayton, OH |
| 111 | Mortgage | 1128 Mansion Avenue, Cincinnati, OH |
| 112 | Mortgage | 1170-1172 Oakwood Ave., Columbus, OH |
| 113 | Mortgage | 1216 Gilsey Avenue, Cincinnati, OH |
| 114 | Mortgage | 1342 South Street Southeast, Warren, OH |
| 115 | Mortgage | 2817 Northwest Merriweather Street, Warren, OH |
| 116 | Mortgage | 3103 County Road N30, Edon, OH |
| 117 | Mortgage | 3432 Hudson Avenue, Youngstown, OH |
| 118 | Mortgage | 11405 Melba Avenue, Cleveland, OH |
| 119 | Mortgage | 14612 Orinoco Avenue, Cleveland, OH |
| 120 | Mortgage | 221 South Main Street, Okeene, OK |
| 121 | Deed of Trust | 935 Blankenship Road, Martinsville, VA |
| 122 | Deed of Trust | 2172 Jewell Ridge Rd., Richlands, VA |
| 123 | Deed of Trust | 29042 US Highway 23, Big Stone Gap, VA |
| 124 | Mortgage | 2854 North 28th Street, Milwaukee, WI |
| 125 | Mortgage | 2917 North 16th Street, Milwaukee, WI |
| 126 | Deed of Trust | 339 Green Valley Drive, Saint Albans, WV |
| 127 | Mortgage | 713 S Walnut St., Sesser, IL |

## **Exhibit C**

STIPULATION FOR ENTRY OF JUDGMENT

1  BLAIR W. WILL, SBN 224929
   PIONEER LAW GROUP, LLP
2  1122 S Street
   Sacramento, CA 95811
3  Telephone: (916) 287-9500
   Facsimile: (916) 287-9515
4  Email: blair@pioneerlawgroup.net

5  Attorneys for Plaintiff
   RS LENDING, INC.
6

7

8              **SUPERIOR COURT OF CALIFORNIA**

9               **COUNTY OF SAN FRANCISCO**

10

| | |
|---|---|
| RS LENDING, INC., | Case No. CGC17-560435 |
| Plaintiff, | **STIPULATION FOR ENTRY OF JUDGMENT** |
| vs. | |
| INGERSOLL FINANCIAL, LLC, KEITH R. INGERSOLL, and DOES 1-99, | Date Action Filed: July 27, 2017 |
| Defendants. | |

17        Plaintiff RS LENDING, INC. ("Plaintiff") and Defendant KEITH R. INGERSOLL

18  ("Keith") collectively referred to herein as "the Parties," hereby enter into the following

19  Stipulation for Entry of Judgment ("Stipulation") as follows:

20                          **RECITALS**

21        A.      On or about August 25, 2016, Ingersoll Financial, LLC (the "Debtor") borrowed

22  $2,625,000 from Plaintiff ("Loan 1") to purchase 123 parcels of real property ("Loan 1

23  Properties"). Loan 1 is evidenced by a Commercial Interest-Only Promissory Note dated

24  August 25, 2016 and other loan documents, as modified from time to time. Loan 1 is secured by

25  mortgages or deeds of trust on the Loan 1 Properties.

26        B.      On or about September 20, 2016, the Debtor borrowed $2,479,750 from Plaintiff

27  ("Loan 2") to purchase 127 parcels of real property ("Loan 2 Properties" and, collectively with

28  the Loan 1 Properties, the "Properties"). Loan 2 is evidenced by a Commercial Interest-Only

1

1   Promissory Note dated September 20, 2016 and other loan documents, as modified from time to

2   time. Loan 2 is secured by mortgages, security deeds, or deeds of trust on the Loan 2 Properties.

3       C.       The Debtor's obligations to Plaintiff under both Loan 1 and Loan 2 are personally

4   guaranteed by Keith (the "Guarantees").

5       D.       On July 27, 2017 this action was commenced by Plaintiff against Debtor for

6   breach of the agreements comprising Loan 1 and Loan 2, including common counts, and against

7   Keith for breach of the Guarantees.

8       E.       On November 7, 2017, the Debtor filed a voluntary petition for relief under

9   chapter 11 of the Bankruptcy Code (the "Bankruptcy Case") pending as Case Number 6:17-bk-

10  07077-KSJ in the United States Bankruptcy Court for the Middle District of Florida ("Bankruptcy

11  Court"). The Bankruptcy Case stayed this action as against the Debtor but not as against Keith.

12      F.       Plaintiff, the Debtor, Keith and others have reached a compromise regarding

13  many related issues and that compromise is memorized in a Settlement Agreement, a copy of

14  which is attached as Exhibit 1. As part of the Settlement Agreement Keith is obligated to

15  contemporaneously enter into this Stipulation with Plaintiff, allowing for entry of a judgment

16  against Keith, partial forbearance of the judgment, and potential amendment of the judgment.

17                                  **STIPULATION**

18      1.       Defendant hereby stipulates to the entry of a judgment against him in the form

19  attached hereto as Exhibit 2 ("Judgment"), in the amount of $6,119,308,26, calculated as follows:

20  
| Loan 1 Principal and Interest as of June 13, 2018 | $3,135,935.21 |
|---|---|
| Loan 1 Attorneys Fees as of November 7, 2017 | $ 7,250.22 |
| Loan 1 Late Charges and Other Fees | $ 14,510.49 |
| Total Loan 1 | $3,157,695.92 |
| Loan 2 Principal and Interest as of June 13, 2018 | $2,941,063.66 |
| Loan 2 Attorneys Fees as of November 7, 2017 | $ 6,790.61 |
| Loan 2 Late Charges and Other Fees | $ 13,758.07 |
| Total Loan 2 | $2,961,612.34 |

25  Interest on the Judgment amount of $6,119,308.26 shall accrue at the rate of 10% per annum

26  simple interest, commencing on June 13, 2018.

27      2.       Plaintiff may have the Judgment entered against Keith immediately upon entry of

28  an order by the Bankruptcy Court approving the Settlement Agreement. The application for

1   entry of Judgment need only merely recite that the Bankruptcy Court order has been entered.

2       3.      Upon entry of the Judgment, Plaintiff may have sister state judgments entered and

3   recorded and Plaintiff may file and record judgment liens, but may not enforce any judgment

4   liens pending completion of the liquidation of the Properties in the Bankruptcy Case; *provided,*

5   *however,* that:

6           a.      if the liquidation of the Properties and other recoveries results in net

7       payments to Plaintiff of not less than $4,000,000 (the "Guarantor Release Minimum"),

8       then the Judgment (but not the claims of Plaintiff against the Debtor or others) shall be

9       deemed satisfied; and

10          b.      on completion of liquidation of the Properties in the Bankruptcy Case (or a

11      determination by Plaintiff that any further liquidation efforts will not be cost-effective)

12      and on the condition that the Debtor, Keith and the Land Trust have complied fully with

13      the Settlement Agreement and the plan of liquidation to be confirmed as part of the

14      Settlement Agreement (the "Plan"), and the Guarantor Release Minimum has not been

15      reached, then the Judgment shall be amended by Plaintiff within ten (10) business days

16      after completion of the liquidation of the Properties pursuant to the Plan to the amount

17      equal to the difference between the net amount paid to Plaintiff from the liquidation of the

18      Properties and the Guarantor Release Minimum.

19  Otherwise, the Judgment shall remain in the full amount, less only (i) Net Sale Proceeds (as

20  defined in the Settlement Agreement) actually paid to and received by Plaintiff, (ii) Rents from

21  the Properties as referenced in the Settlement Agreement actually paid to and received by

22  Plaintiff, and (iii) any other payments actually received by Plaintiff for application to, and

23  actually applied to, the Judgment.

24      4.      Keith agrees to pay Plaintiff's reasonable attorneys' fees and costs in any

25  subsequent enforcement of judgment proceedings, pursuant to California Civil Code § 1717 and

26  California Code of Civil Procedure § 685.040.

27      5.      Keith hereby consents to the personal jurisdiction, subject matter jurisdiction and

28  venue of this court. Defendant agrees to execute a Notice of Acknowledgement of Receipt,

1  acknowledging service of process in this case.

2       6.    Both Parties hereby waive findings of fact, conclusions of law, and a Statement of

3  Decision.  In addition, Keith concedes that there is a proper basis for Plaintiff's Judgment against

4  Keith in this action.

5       7.    Each Party acknowledges that it has been represented by counsel in negotiating

6  this Stipulation or has had the opportunity to seek the advice of counsel, that each of the Parties

7  has read this Stipulation and has had it fully explained to such Party by each Party's own counsel

8  and is fully aware of the contents and legal effect of this Stipulation.

9       IT IS SO STIPULATED.

10  DATED: May __, 2018    RS LENDING, INC.

11

12                                   By:_____
                                 Name: Christopher Holden

13                                   Title: Director of Asset Management

14

15  DATED: May __, 2018    By:_____
                                   KEITH R. INGERSOLL, Individually

16

17

18

19

20

21

22

23

24

25

26

27

28

**JUD-100**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, state bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Blair W Will, SBN 224929<br>Pioneer Law Group, LLP<br>1122 S Street, Sacramento, CA 95811<br>TELEPHONE NO: (916) 287-9500    FAX NO. *(Optional)* (916) 287-9515<br>E-MAIL ADDRESS *(Optional)*: blair@pioneer lawgroup.net<br>ATTORNEY FOR *(Name)* RS Lending, Inc. | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Francisco
STREET ADDRESS   400 McAllister Street
MAILING ADDRESS
CITY AND ZIP CODE   San Francisco, CA 94102
BRANCH NAME

PLAINTIFF: RS Lending, Inc.

DEFENDANT: Ingersoll Financial LLC, et al.

| JUDGMENT | CASE NUMBER |
|---|---|
| ☐ By Clerk   ☐ By Default   ☐ After Court Trial<br>☐ By Court   ☑ On Stipulation   ☐ Defendant Did Not Appear at Trial | CGC17-560435 |

**JUDGMENT**

1. ☐ **BY DEFAULT**
   a. Defendant was properly served with a copy of the summons and complaint.
   b. Defendant failed to answer the complaint or appear and defend the action within the time allowed by law.
   c. Defendant's default was entered by the clerk upon plaintiff's application.
   d. ☐ **Clerk's Judgment** (Code Civ. Proc., § 585(a)). Defendant was sued only on a contract or judgment of a court of this state for the recovery of money.
   e. ☐ **Court Judgment** (Code Civ. Proc., § 585(b)). The court considered
       (1) ☐ plaintiff's testimony and other evidence.
       (2) ☐ plaintiff's written declaration (Code Civ. Proc., § 585(d)).

2. ☑ **ON STIPULATION**
   a. Plaintiff and defendant agreed (stipulated) that a judgment be entered in this case. The court approved the stipulated judgment and
   b. ☑ the signed written stipulation was filed in the case
   c. ☐ the stipulation was stated in open court   ☐ the stipulation was stated on the record.

3. ☐ **AFTER COURT TRIAL.** The jury was waived. The court considered the evidence.
   a. The case was tried on *(date and time):*
      before *(name of judicial officer):*
   b. Appearances by:
      ☐ Plaintiff *(name each):*          ☐ Plaintiff's attorney *(name each):*
         (1)                                  (1)
         (2)                                  (2)
      ☐ Continued on Attachment 3b.

      ☐ Defendant *(name each):*          ☐ Defendant's attorney *(name each):*
         (1)                                  (1)
         (2)                                  (2)
      ☐ Continued on Attachment 3b.

   c. ☐ Defendant did not appear at trial. Defendant was properly served with notice of trial.

   d. ☐ A statement of decision (Code Civ. Proc., § 632) ☐ was not ☐ was   requested.

Page 1 of 2

| PLAINTIFF: RS Lending, Inc. | CASE NUMBER |
|---|---|
| DEFENDANT: Ingersoll Financial LLC, et al. | CGC17-560435 |

**JUDGMENT IS ENTERED AS FOLLOWS BY:** ☑ **THE COURT**    ☐ **THE CLERK**

4. ☑ **Stipulated Judgment.** Judgment is entered according to the stipulation of the parties.

5. **Parties.** Judgment is

   a. ☑ for plaintiff (name each):
      RS Lending, Inc.

      and against defendant (names):
      Keith R. Ingersoll

      ☐ Continued on Attachment 5a.

   b. ☐ for defendant (name each):

   c. ☐ for cross-complainant (name each):

      and against cross-defendant (name each):

      ☐ Continued on Attachment 5c.

   d. ☐ for cross-defendant (name each):

6. **Amount.**

   a. ☑ Defendant named in item 5a above must pay plaintiff on the complaint:

   c. ☐ Cross-defendant named in item 5c above must pay cross-complainant on the cross-complaint:

| (1) ☑ | Damages | $ 5,032,221.41 |
|---|---|---|
| (2) ☑ | Prejudgment interest at the annual rate of varied % | $ 1,044,777.46 |
| (3) ☑ | Attorney fees | $ 14,040.83 |
| (4) ☐ | Costs | $ |
| (5) ☑ | Other (specify): Late Charges & Fees | $ 28,268.56 |
| (6) | TOTAL | $ 6,119,308.26 |

| (1) ☐ | Damages | $ |
|---|---|---|
| (2) ☐ | Prejudgment interest at the annual rate of % | $ |
| (3) ☐ | Attorney fees | $ |
| (4) ☐ | Costs | $ |
| (5) ☐ | Other (specify): | $ |
| (6) | TOTAL | $ |

   b. ☐ Plaintiff to receive nothing from defendant named in item 5b.
      ☐ Defendant named in item 5b to recover costs $
         ☐ and attorney fees $

   d. ☐ Cross-complainant to receive nothing from cross-defendant named in item 5d.
      ☐ Cross-defendant named in item 5d to recover costs $
         ☐ and attorney fees $

7. ☑ Other (specify):

   Interest on the Judgment amount of $6,119,308.26 shall accrue at the rate of 10% per annum simple interest, commencing on June 13, 2018.

Date: _____    ☐ _____
                                    JUDICIAL OFFICER

Date: _____    ☐ Clerk, by _____, Deputy

| (SEAL) | **CLERK'S CERTIFICATE** (Optional) |
|---|---|
| | I certify that this is a true copy of the original judgment on file in the court. |
| | Date: |
| | Clerk, by _____, Deputy |

Page 2 of 2

JUD-100 [New January 1, 2002]                    **JUDGMENT**