UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

In re:

                                       Chapter 11

Ingersoll Financial, LLC                     Case no. 6:17-bk-07077-KSJ

                  Debtor.

_____/

**DISCLOSURE STATEMENT FOR PLAN OF LIQUIDATION UNDER
<u>CHAPTER 11 OF THE BANKRUPTCY CODE FOR INGERSOLL FINANCIAL LLC</u>**

**August 23, 2018**

Frank M. Wolff
Frank Martin Wolff, P.A.
Florida Bar No. 319521
19 E. Central Blvd.
Tampa, Florida 33801
Telephone: (407) 872-4448
Facsimile: (407) 386-3364
Email: fwolff@fwolfflaw.com

Counsel for Debtor and Debtor in Possession

THIS DISCLOSURE STATEMENT FOR PLAN OF LIQUIDATION UNDER CHAPTER 11 OF THE BANKRUPTCY CODE FOR INGERSOLL FINANCIAL, LLC (THE "**DISCLOSURE STATEMENT**") MAY NOT BE RELIED ON FOR ANY PURPOSE OTHER THAN TO DETERMINE HOW TO VOTE ON THE PLAN OF LIQUIDATION UNDER CHAPTER 11 OF THE BANKRUPTCY CODE FOR INGERSOLL FINANCIAL, LLC (THE "**PLAN**") DATED AS OF **AUGUST 21 2018** (AS FURTHER AMENDED FROM TIME TO TIME).

ALL CREDITORS AND HOLDERS OF EQUITY INTERESTS THAT ARE ENTITLED TO VOTE ON THE PLAN ARE ENCOURAGED TO READ AND CAREFULLY CONSIDER THE ENTIRE DISCLOSURE STATEMENT FURNISHED TO THEM AND THE MATTERS DESCRIBED IN THIS DISCLOSURE STATEMENT, PRIOR TO SUBMITTING A BALLOT PURSUANT TO THIS SOLICITATION. THE DESCRIPTION OF THE PLAN CONTAINED IN THIS DISCLOSURE STATEMENT IS INTENDED AS A SUMMARY ONLY AND IS QUALIFIED IN ITS ENTIRETY BY REFERENCE TO THE PLAN ITSELF

THIS DISCLOSURE STATEMENT HAS NOT BEEN APPROVED BY THE SECURITIES AND EXCHANGE COMMISSION OR ANY STATE SECURITIES COMMISSION NOR HAS THE SECURITIES AND EXCHANGE COMMISSION OR ANY STATE SECURITIES COMMISSION PASSED UPON THE ACCURACY OR ADEQUACY OF THE STATEMENTS CONTAINED HEREIN. IN ADDITION, THE DISCLOSURE STATEMENT AND THE PLAN HAVE NOT BEEN REQUIRED TO BE PREPARED IN ACCORDANCE WITH FEDERAL OR STATE SECURITIES LAWS OR OTHER APPLICABLE NON-BANKRUPTCY LAW.

NO PERSON IS AUTHORIZED BY THE DEBTOR IN CONNECTION WITH THE PLAN OR THE SOLICITATION OF ACCEPTANCES OF THE PLAN TO GIVE ANY INFORMATION OR TO MAKE ANY REPRESENTATION OTHER THAN AS CONTAINED IN THIS DISCLOSURE STATEMENT AND THE EXHIBITS ATTACHED HERETO OR THE ACCOMPANYING DOCUMENTS INCORPORATED BY REFERENCE OR REFERRED TO HEREIN AND, IF GIVEN OR MADE, SUCH INFORMATION OR REPRESENTATION MAY NOT BE RELIED UPON AS HAVING BEEN AUTHORIZED BY THE DEBTOR. TO THE BANKRUPTCY COURT FOR ACTION AS MAY BE DEEMED APPROPRIATE. CREDITORS AND HOLDERS OF EQUITY INTERESTS ARE ENCOURAGED TO REVIEW THE DOCKET IN THE LIQUIDATION CASE IN ORDER TO APPRISE THEMSELVES OF EVENTS WHICH OCCUR BETWEEN THE DATE OF THIS DISCLOSURE STATEMENT AND THE DATE OF THE CONFIRMATION HEARING.

NOTWITHSTANDING ANYTHING HEREIN TO THE CONTRARY, UNLESS OTHERWISE STATED, ALL STATEMENTS IN THIS DISCLOSURE STATEMENT AND IN THE ACCOMPANYING PLAN CONCERNING THE HISTORY OF THE DEBTOR'S BUSINESS, THE PAST OR PRESENT FINANCIAL CONDITION OF THE DEBTOR, TRANSACTIONS TO WHICH THE DEBTOR WAS OR IS A PARTY, OR THE EFFECT OF CONFIRMATION OF THE PLAN ON HOLDERS OF CLAIMS AGAINST AND EQUITY INTERESTS IN THE DEBTOR ARE ATTRIBUTABLE EXCLUSIVELY TO THE DEBTOR

i

AND NOT TO ANY OTHER PARTY. NONE OF THE ATTORNEYS, ACCOUNTANTS, OR OTHER PROFESSIONALS RETAINED BY THE DEBTOR MAKE ANY REPRESENTATIONS CONCERNING SUCH INFORMATION.

IN THE EVENT THAT ANY IMPAIRED CLASS OF CLAIMS OR EQUITY INTERESTS VOTES TO REJECT THE PLAN, (1) THE DEBTOR MAY ALSO SEEK TO SATISFY THE REQUIREMENTS FOR CONFIRMATION OF THE PLAN WITH RESPECT TO THAT CLASS UNDER THE BANKRUPTCY CODE'S "CRAMDOWN" PROVISIONS AND, IF REQUIRED, MAY AMEND THE PLAN TO CONFORM TO SUCH REQUIREMENTS, OR (2) THE PLAN MAY BE OTHERWISE MODIFIED OR WITHDRAWN.

THE REQUIREMENTS FOR CONFIRMATION, INCLUDING THE VOTE OF IMPAIRED CLASSES OF CLAIMS AND EQUITY INTERESTS TO ACCEPT THE PLAN AND CERTAIN OF THE STATUTORY FINDINGS THAT MUST BE MADE BY THE BANKRUPTCY COURT, ARE SET FORTH IN ARTICLE XVI OF THIS DISCLOSURE STATEMENT TITLED "VOTING ON AND CONFIRMATION OF THE PLAN."

## INDEX OF EXHIBITS TO DISCLOSURE STATEMENT

EXHIBIT A    The Plan of Liquidation

**DISCLOSURE STATEMENT PURSUANT
TO SECTION 1125 OF THE BANKRUPTCY CODE**

## ARTICLE I - INTRODUCTION

The purpose of this Disclosure Statement is to provide the Holders of Claims and Equity Interests with adequate information to make an informed judgment about the Plan. This information includes, among other things, (a) the procedures for voting on the Plan, (b) a summary of the Plan and an explanation of how the Plan will function, including the means of implementing and funding the Plan, (c) general information about the history and business of the Debtor prior to the Petition Date, (d) the events leading to the filing of the Liquidation Case, (e) a summary of significant events occurring in the Liquidation Case and (f) a brief summary of the plan for liquidating the Debtor's assets.

**NO REPRESENTATION CONCERNING THE DEBTOR IS AUTHORIZED OTHER THAN AS SET FORTH HEREIN. ANY REPRESENTATIONS OR INDUCEMENTS MADE WHICH ARE OTHER THAN AS CONTAINED HEREIN SHOULD NOT BE RELIED UPON IN ARRIVING AT A DECISION ABOUT THE PLAN.**

The information contained herein has not been subject to audit. For that reason, as well as the complexity of the Debtor's business and the impossibility of making assumptions, estimates and projections with complete accuracy, the Debtor is unable to warrant or represent the information contained herein is without inaccuracy, although every reasonable effort has been made to ensure that such information is accurate.

A copy of the Plan is attached. The Disclosure Statement is qualified in its entirety by reference to the Plan. If there is any inconsistency between the Plan and this Disclosure Statement, then the terms of the Plan shall control. All capitalized terms used in this Disclosure Statement shall have the definitions specified in the Plan unless otherwise defined

**THE DEBTOR BELIEVES THAT CONFIRMATION OF THE PLAN IS IN THE BEST INTERESTS OF CREDITORS, AND THE DEBTOR RECOMMENDS THAT CREDITORS VOTE TO ACCEPT THE PLAN.**

## ARTICLE II - VOTING INSTRUCTIONS

**A.      Who May Vote**. Only the Holders of Claims and Equity Interests which are "Impaired" under the terms and provisions of the Plan are permitted to vote to accept or reject the Plan.

**B.      How to Vote**. Each Holder of a Claim in a Voting Class should read the Disclosure Statement, together with the Plan and any Exhibits thereto, in their entirety. After carefully reviewing the Plan and this Disclosure Statement and any Exhibits thereto, please complete the enclosed Ballot, including your vote with respect to the Plan, and return it as provided below. If you have an Impaired Claim in more than one Class, you should receive a separate Ballot for each such Claim. If you receive more than one Ballot you should assume that each Ballot is for a separate Impaired Claim and you should complete and return all of them.

If you are a member of a Voting Class and did not receive a Ballot, if your Ballot is damaged or lost, or if you have any questions concerning voting procedures, please contact Lauren Humiec by telephone at (407) 982-4448 or by electronic transmission at lauren@fwolfflaw.com.

Completed Ballots should be sent by regular mail, hand delivery, or overnight delivery, **SO AS TO BE RECEIVED NO LATER THAN THE BALLOT DEADLINE,** to:

Clerk of the United States Bankruptcy Court
George C. Young Federal Building
400 W. Washington Street, Suite 5100
Orlando, FL 32801

or completed Ballots can be filed electronically through the Bankruptcy Court's website at: www.flmb.uscourts.gov and selecting "Electronic Filings" and "Chapter 11 Ballots".

A copy of the Ballot should also be sent to:

Frank M. Wolff, Esquire
Frank Martin Wolff, P.A.
19 E. Central Blvd.
Orlando, FL 32801

**C.** **Acceptance of Plan and Vote Required for Class Acceptance**.  Pursuant to Section 1126(c) of the Bankruptcy Code, an Impaired Class of Claims shall have accepted the Plan if (a) the Holders (other than any Holder designated pursuant to Section 1126(e) of the Bankruptcy Code) of at least two-thirds in dollar amount of the Allowed Claims actually voting in such Class have voted to accept the Plan and (b) the Holders (other than any Holder designated pursuant to Section 1126(e) of the Bankruptcy Code) of more than one-half in number of the Allowed Claims actually voting in such Class have voted to accept the Plan.  If a Holder of a Claim holds more than one Claim in any one Class, all Claims of such Holder in such Class shall be aggregated and deemed to be one Claim for purposes of determining the number of Claims in such Class voting on the Plan.  Pursuant to Section 1126(d) of the Bankruptcy Code, an Impaired Class of Equity Interests shall have accepted the Plan if the Holders (other than any Holder designated pursuant to Section 1126(e) of the Bankruptcy Code) of at least two-thirds in amount of the Allowed Equity Interests actually voting in such Class have voted to accept the Plan.

To meet the requirement for confirmation of the Plan under the "cram-down" provisions of the Bankruptcy Code with respect to any Impaired Class of Claims or Equity Interests which votes to reject, or is deemed to vote to reject, the Plan (a "**Rejecting Class**"), the Debtor would have to show that all Classes junior to the Rejecting Class will not receive or retain any Property under the Plan unless all Holders of Claims or Equity Interests in the Rejecting Class receive or retain under the Plan Property having a value equal to the full amount of their Allowed Claims or Allowed Equity Interests.  For a more complete description of the implementation of the "cram-down" provisions of the Bankruptcy Code pursuant to the Plan, see "ARTICLE IVI - VOTING ON AND CONFIRMATION OF THE PLAN -- Confirmation Without Acceptance by All Impaired Classes."

**D.    Confirmation Hearing**.  The Bankruptcy Court will schedule a hearing to consider confirmation of the Plan (the "Confirmation Hearing"), which may be adjourned from time to time by the Bankruptcy Court without further notice except for an announcement of the adjourned date made at the Confirmation Hearing.  The Bankruptcy Court has directed that any objection to confirmation of the Plan must be in writing and specify in detail the name and address of the objector, the basis for the objection and the specific grounds for the objection, and the amount of the Claim held by the objector.  Consistent with Rule 3020(b) of the Federal Rules of Bankruptcy Procedure and Local Rule 3020-1(a), any such objection must be filed with the Bankruptcy Court and served upon each of the following parties, so as to be actually received on or before the deadline set by the Court:

| | |
|---|---|
| Debtor: | Frank M. Wolff, Esquire |
| | Frank Martin Wolff, P.A. |
| | 19 E. Central Blvd. |
| | Orlando, FL 32801 |
| | |
| U.S. Trustee | Audrey Aleskovsky, Trial Attorney |
| | Office of the United States Trustee |
| | George C. Young Federal Building |
| | 400 West Washington St., Suite 1100 |
| | Orlando, FL 32801 |

## ARTICLE III - BACKGROUND

**A.    History and Business of the Debtor Prior to the Chapter 11 Filing.**  Debtor is a Florida limited liability company formed February 27, 2012, with its office located at office at 2 South Orange Avenue, Suite 202, Orlando, FL 32801.  The Debtor's business has been to acquire distresses properties and re-sell them to the public.    The Debtor utilized four lenders to acquire properties:  Leyli 37, LLC ("Leyli") – property located at 1620 Gore Street, Orlando, FL 32806 ; Islandrulz, LLC ("Islandrulz") – properties located at 9102 South Bay Dr., Orlando, FL 32819 and 231 Lexington Dr., Daytona Beach, FL 32114; Chondrite Asset Trust ("Chondrite") – property located at 8484 Bay Hill Blvd., Orlando, FL 32819); and RS Lending, Inc., approximately 250 properties, including the 216 properties listed on Exhibits A and B to the Plan (the "RS Properties").

**B.    Liabilities**.  Subject to defenses and offsets, and assuming claims are timely filed, Debtor estimates claims may be asserted as follows, including unsecured deficiency claims:

| | | |
|---|---|---|
| 1. | Secured | $6 million |
| 2. | Priority | $0.00 |
| 3. | Unsecured | $0.00 |

**C.    Assets**.    $8 million, comprised of the estimated value of the Debtor's real properties.

**D.    Events Leading to the Chapter 11 Filing.**  The Debtor was unable to close on the properties, and Leyli and Islandrulz set two of the properties for foreclosure in November 2017. In order to preserve the equity for the Debtor and the creditors of the Debtor, the Debtor filed for Chapter 11. The Debtor also was not able to sell the RS Properties in a timely manner.  RS Lending filed suit against the Debtor and its principal, Keith Ingersoll, in California.  After that suit was filed, this Chapter 11 was filed.

## ARTICLE IV - DEBTOR'S CHAPTER 11 CASE

**A.    General**.  On November 7, 2017**, INGERSOLL FINANCIAL, LLC** filed its voluntary petition for relief under Chapter 11 of the Bankruptcy Code, Case No. 6:17-bk-07077-KSJ.  Soon after the case was filed, it became apparent that substantial confusion surrounded the RS Properties.

**B.    The RS Properties.**  The Debtor acquired the RS Properties from BJ Home Services Inc, through two lending facilities with RS Lending, Inc. ("RS").  On August 25, 2016 the Debtor borrowed $2,625,000 to purchase 125 properties.  On September 20, 2016 the Debtor borrowed $2,479,750 for another 125 properties.  The RS Properties includes properties in 20 different states.  The Debtor had difficulty selling the RS Properties at the agreed upon release prices and ultimately defaulted on the payments due under the two facilities. RS then filed suit against the Debtor and its principal, Keith Ingersoll.

After filing this case, the parties discovered that title to the properties in the RS Properties was not placed in the Debtor, but in a land trust named the Ingersoll Financial Midwest Land Trust.  Initially, therefore, there was confusion as to whether the Debtor was the owner of the RS Properties, and the original Case Management Summary filed in this case did not deal with them.

The Debtor determined from existing case law that if the beneficiary of a land trust is a Debtor, the property in the name of the land trust deemed to be property in the estate.  However, upon careful inspection of the deeds from BJ Home Services, questions arose as to the effectiveness of the deeds themselves under existing real estate law.  Accordingly, the Debtor has obtained deeds and other corrective instruments from BJ Home Services and other predecessors in title to put marketable title in the Debtor's name to the extent possible.

In May 2018, the Debtor and RS entered into a Settlement Agreement that provided for a method of liquidating the RS Properties and resolution of the parties' disputes through a plan of liquidation. The Court approved the Settlement Agreement by order date July 9, 2018 (Doc. No. 163).

Consistent with the Settlement Agreement, on August 15, 2018, the Debtor filed a Motion for, among other things, authorization of a sale of the RS Properties free and clear of liens, claims, and encumbrances under § 363(f) of the Code, and for approval of the form and manner of notice of the sale, bidding procedures, and claims procedure pursuant to Rule 2002, Fed. R. Bankr. P. (Doc. No. 177) (the "Sale Motion"). After appropriate notice and a hearing, the Court granted the Sale Motion and entered an Order Authorizing and Scheduling (A) A Public Auction for the

Sale of Assets, Free and Clear of Liens, Claims and Encumbrances; (B) Approving Procedures for the Submission of Bids; (C) Scheduling a Hearing to Consider Approval of Such Sale; and (D) Approving the Form and Manner of Notice of the Sale and Bidding Procedures Pursuant to Fed. R. Bankr. P. 2002 (Doc. No. 200) (the "Sale Procedures Order"). Pursuant to the Sale Procedures Order, and as set forth herein and in the Plan, the Debtor is authorized to conduct a two-tier sealed bid auction of the Auction Properties (as defined in the Sale Procedures Order) listed on Exhibit A to the Plan and the Sale Procedures Order, respectively, with a hearing to consider final approval of the auction and sale of the Auction Properties to be held on November 14, 2018 at 2:45 p.m.

      **C.**    **Employment.**  The Debtor has employed the following professionals to assist the Debtor in this case:

| Name | Function |
|------|----------|
| Frank Martin Wolff, P.A. | bankruptcy counsel |
| Ed Fore and the Law Firm of Jeffrey D. Ostlie. P.A. | real estate counsel |
| Braunco, Inc. | auctioneer |
| BCHH, Inc. | title agent |
| BMC Group, Inc. | noticing agent |

      **D.**    **Surrender of Properties.**  Under a court approved settlement, the Debtor has surrendered the following properties to the lenders: (a) 1620 Gore Street, Orlando, FL 32806 to Leyli; (b) 9102 South Bay Dr., Orlando, FL 32819 and 231 Lexington Dr., Daytona Beach, FL 32114 to Islandrulz; and (c) 8484 Bay Hill Blvd., Orlando, FL 32819 to Chondrite.

      **E.**    **Financial Performance.**  After the Petition Date, the Debtor has obtained title commitments from BCHH, which has graded the titles, drafted corrective deeds and other instruments and documents such that the Debtor believes that it can provided marketable title in over 200 properties.

## ARTICLE V - SUMMARY OF THE PLAN

      **A.**    **Introduction.**  Under Chapter 11, a debtor is authorized to reorganize and/or liquidate its business for the benefit of itself and its creditors and stockholders. The formulation of a plan is the principal objective of a Chapter 11 case. In general, a Chapter 11 plan (i) divides claims and interests into separate classes, (ii) specifies the property that each class is to receive under such plan, and (iii) contains other provisions necessary to the reorganization and/or liquidation of the debtor.

      The summary of the Plan contained herein addresses only certain provisions of the Plan. As a summary, it is qualified in its entirety by reference to the Plan itself. Upon Confirmation and the Effective Date, the Plan shall bind the Debtors, all of the Debtors' Creditors, the Holders of Equity Interests, and other parties in interest except as expressly set forth in the Plan.

      **B.**    **Overview of the Plan**.  Under the Plan, the Debtor will sell all of the Auction Properties consistent with the provisions of the Sale Procedures Order and will sell the Remaining Properties as it deems appropriate, all as set forth in Article IX, Section F of this Disclosure Statement, and in Article VI, Section E of the Plan.

## ARTICLE VI - TREATMENT OF
## ADMINISTRATIVE EXPENSES AND PRIORITY TAX CLAIMS

    **A.**    **Nonclassification.** In accordance with Section 1123(a)(1) of the Bankruptcy Code, Administrative Expenses and Priority Tax Claims have not been classified in the Plan. The treatment accorded to Administrative Expenses and Priority Tax Claims is set forth in this Article VI.

    **B.**    **Administrative Expenses**. Except as otherwise provided in the Plan, each Holder of an Allowed Administrative Expense will be paid (a) on the Effective Date, an amount, in Cash, equal to the Allowed Amount of its Administrative Expense, in accordance with Section 1129(a)(9)(A) of the Bankruptcy Code, (b) under such other terms as may be agreed upon by both the Holder of such Allowed Administrative Expense and the Debtor or Reorganized Debtor, or (c) as otherwise ordered by a Final Order of the Bankruptcy Court.

    **C.**    **Fees and Charges**. All fees and charges assessed against the Estate under Chapter 123 of Title 28, United States Code, 28 U.S.C. §§1911-1930, through the Confirmation Date, as determined by the Bankruptcy Court in the Confirmation Order, will be paid on or before the Effective Date.

    **D.**    **Applications for Allowance of Administrative Expenses.** Except as provided herein, all Holders of Administrative Expenses (including Holders of any Claims for non-ad valorem post-petition federal, state, or local taxes) that do not file an application or other Bankruptcy Court-approved pleading by the Administrative Expense Bar Date will be forever barred from asserting such Administrative Expense against the Debtor, the Reorganized Debtor, or any of their respective Properties.

## ARTICLE VII - DESIGNATION OF CLASSES OF CLAIMS
## FOR CLAIMS NOT RELATED TO THE RS LENDING PROPERTIES

    For purposes of the Plan, Claims are classified as follow**s**:

    1.    Class 1 is comprised of all allowed Priority Claims.

    2.    Class 2 is comprised of the Allowed Secured Claims with regard to property located at 231 Lexington Drive, Daytona Beach, FL 32114:

        a.    Class 2a for the first mortgage of Islandrulz, LLC
        b.    Class 2b for the second mortgage of Islandrulz, LLC
        c.    Class 2c for the claim of Chipco Group, LLC
        d.    Class 2d for the claim of Volusia County Tax Collector
        e.    Class 2e for the claims of City of Daytona Beach Code Enforcement

    3.    Class 3 is comprised of all Allowed Secured Claims with regard to the property located at 9201 South Bay Dr., Orlando, FL 32819:

        a.    Class 3a for first mortgage of Islandrulz, LLC

        b.        Class 3b for the claim of Chipco Group, LLC
        c.        Class 3c for the claim of Orange County Tax Collector
        d.        Class 3d for the claim of Orange County Code Enforcement Board
        e.        Class 3e for the claim of South Bay Homeowner's Association, Inc.

4.        Class 4 is comprised of all Allowed Secured Claims with regard to the property located at1620 E. Gore Street, Orlando, FL 32806:

        a.        Class 4a for the first mortgage of Leyli 37, LLC
        b.        Class 4b for the second mortgage of Michael LaFay
        c.        Class 4c for the claim of Chipco Group, LLC
        d.        Class 4d for the claim of Orange County Tax Collector
        e.        Class 4e for the claims of City of Orlando

5.        Class 5 is comprised of all Allowed Secured Claims with regard to the property located at 8484 Bay Hill Blvd., Orlando, FL 32819:

        a.        Class 5a for the first mortgage of Chondrite Asset Trust
        b.        Class 5b for the claim of Chipco Group, LLC
        c.        Classes 5c and 5d for the claims of Orange County Tax Collector
        d.        Class 5e for the claim of Bay Hill Property Owners Association

6.        Class 6 is comprised of all Secured Claims to the property located at 1922 College Circle South, Jacksonville, FL 32209:

        a.        Classes 6a through 6e for the claims of Duval County Tax Collector
        b.        Class 6f for the claims of City of Jacksonville

7.        Class 7 is comprised of all Secured Claims with regard to the property located at 4759 Bayside Drive, Jacksonville, FL:  Classes 7a through 7c for the claims of Santa Rosa Tax Collector.

        8.        Class 8 is comprised of the claim of GreatAmerica Financial Services.

        9.        Class 9 is comprised of all Allowed General Unsecured Claims.

        10.      Class 10 is comprised of all Insider Unsecured Claims

        11.      Class 11 is comprised of all Equity Interests.

## ARTICLE VIII - DESIGNATION OF CLASSES OF CLAIMS
## FOR CLAIMS RELATED TO THE RS LENDING PROPERTIES

        A.      **Auction Properties.**  Classes 12 through 223 are comprised of claims related to the properties listed on Exhibit A (the "Auction Properties").  Within each numbered class, there subclasses comprised of the holders of:

1.      (subclass a) any unknown parties in possession of the property;
2.      (subclass b) unpaid tax claims, if any;
3.      (subclass c) municipal or county assessments for code violations or similar assessments, if any;
4.      (subclass d) home owner associations assessments, if any;
5.      (subclass e) any miscellaneous liens or assessments not included in the subclasses above; and
6.      (subclass f) the Allowed Secured Claim of RS Lending.

Holders in a given subclass of each Class of Claims with respect to the Auction Properties, if any, are identified on Exhibit A.

**B.      Remaining Properties**.  Classes 224 through 227 are comprised of claims related to the properties listed on Exhibit B ("Remaining Properties").  Within each numbered Class, there subclasses comprised of the holders of:

1.      (subclass a) any unknown parties in possession of the property;
2.      (subclass b) unpaid tax claims, if any;
3.      (subclass c) municipal or county assessments for code violations or similar assessments, if any;
4.      (subclass d) home owner associations assessments, if any;
5.      (subclass e) any miscellaneous liens or assessments not included in the subclasses above; and
6.      (subclass f) the Allowed Secured Claim of RS Lending.

Holders in a given subclass of each Class of Claims with respect to the Remaining Properties, if any, are identified on Exhibit B.

## ARTICLE IX - TREATMENT OF CLASSIFIED CLAIMS AND EQUITY INTERESTS

**A.      General**.  Claims and Equity Interests will be treated under the Plan in the manner set forth in this Article VI.  Except as otherwise specifically provided in the Plan, the treatment of, and the consideration to be received by, Holders of Allowed Claims pursuant to the Plan will be in full and final satisfaction, settlement, release, extinguishment, and discharge of their respective Allowed Claims, of any nature whatsoever.

**B.      Unclassified Claims**. Each Holder of an Allowed Administrative Expense or an Allowed Priority Tax Claim will receive the treatment set forth in Article VI hereof.

**C.      Class 1: Priority Claims**. Class 1 is comprised of all Allowed Priority Claims. Each Holder of an Allowed Priority Claim will receive (a) on the Effective Date, an amount, in Cash, equal to the Allowed Amount of its Priority Claim, in accordance with Section 1129(a)(9)(B) of the Bankruptcy Code, or (b) payment under such other terms as may be agreed upon by the Holder of such Allowed Priority Claim and the Debtor or Reorganized Debtor. Class 1 is Unimpaired. Each Holder of a Priority Claim in Class 1 is presumed to have accepted the

Plan and, therefore, is not entitled to vote to accept or reject the Plan.

**D.    Administrative Expense Claims.**    In accordance with § 1123(a)(1) of the Bankruptcy Code, Administrative Expense Claims and Priority Tax Claims have not been classified in the Plan. The treatment accorded to Administrative Expense Claims and Priority Tax Claims is set forth in Article 3 of the Plan and summarized below.

Except as otherwise provided in the Plan, each Holder of an Allowed Administrative Expense will be paid (a) on the Effective Date, an amount, in Cash, equal to the Allowed Amount of its Administrative Expense, in accordance with Section 1129(a)(9)(A) of the Bankruptcy Code, (b) under such other terms as may be agreed upon by both the Holder of such Allowed Administrative Expense and the Debtor or Reorganized Debtor, or (c) as otherwise ordered by a Final Order of the Bankruptcy Court.

**E.    Claims on Properties Not Acquired with RS Lending Financing.**

1.    *Classes 2 through 5*. The automatic stay has been lifted on properties in Classes 2 through 5 and are being foreclosed upon by the first mortgage holders on those properties. The Debtor believes that all of these creditors will be paid through the foreclosure process or are in rem claims that will be extinguished in the foreclosure. If any of the holders of Claims in Classes 2 through 5 file a claim for a deficiency prior to confirmation, they shall have a claim in Class 9. Classes 2 through 5 are Impaired and are entitled to vote to accept or reject the Plan.

2.    *Classes 6 and 7*. The two properties related to Classes 6 and 7 shall be sold in the ordinary course of the Debtor's business and the claims in these classes paid from the proceeds of the sale. Any excess proceeds shall be used to pay holders of Unsecured Claims in Class 9, if any. Should they not sell in a reasonable period of time, they shall be abandoned. The holders of these claims are in rem and shall have no claim against the estate if an abandonment occurs. Classes 6 and 7 are Impaired and are entitled to vote to accept or reject the Plan.

3.    *Class 8:  GreatAmerica Financial Services ("Great America')*. Class 8 is comprised of the Allowed Secured Claim of GreatAmerica Financial Services by virtue of a lien on office equipment. GreatAmerica's Allowed Class 8 claim shall be paid in accordance with its contract terms. GreatAmerica shall retain its Lien on the collateral until the Allowed Class 8 Claim has been paid in full. Class 8 is Unimpaired and is not entitled to vote to accept or reject the Plan.

4.    *Class 9: General Unsecured Claims.* This class of claims consists of unsecured deficiency claims.  Holders of Allowed Class 9, if any exist, shall be paid from the proceeds of the Debtor's properties in Duvall and Santa Rosa Counties in the state of Florida. Class 9 is Impaired and is entitled to vote to accept or reject the Plan.

5.    *Class 10: Insider Unsecured Claims.* Class 10 is comprised of all insider unsecured claims. Claims shall not receive any distributions under the Plan until Class 9 is paid in full. Class 10 is Impaired and is entitled to vote to accept or reject the Plan.

6.    ***Class 11: Equity Interests.*** Class 11 is comprised of all Equity Interests in the Debtor. Holders of Allowed Class 11 Claims shall not receive any distributions under the Plan until all Allowed Claims are paid in full. Class 11 is Impaired and is entitled to vote to accept or reject the Plan.

F.    **Claims Related to the Properties Purchased Through Loans 1 And 2 from RS Lending**

**Classes of Claims Related to the Auction Properties (Classes 12 through 223 and Subclasses).**

As set forth in, and consistent with, the Sale Procedures Order:

1.    The Debtor shall a conduct the Auction through sealed bids.

2.    The Auction will be conducted in accordance with the following Method of Sale:

a.    In order to derive the best offer and sale of the Auction Properties, the Auction Properties will be offered as a whole, in subgroups by State, and in other subgroups according to the type and condition of the properties as determined in the business judgment of the Broker to generate the highest price for the Auction Properties.

b.    To qualify, each prospective purchaser (collectively, the "Bidders") will provide to Broker a $10,000 cash deposit and proof, satisfactory to Broker, of available funds required to close escrow for each group of Properties. For Bidders qualifying for more than eight groups of Properties, the required cash deposits may be limited to $80,000.

c.    The Broker shall accept binding, sealed bids by a date certain on the Auction Properties as a whole and as subgroups by State.  The top 33.3% of all bids received ("Qualifying Bidders") will be approved to move to the highest and best round.  This approval may take into account a bulk bid or any combination thereof.

d.    Forty-eight (48) hours after qualifying, or such other time as may be determined by Broker, each Qualifying Bidder shall submit a second "highest and best" binding, sealed bid together with a fully executed purchase agreement.

e.    Broker shall then submit the highest and best bids to the Debtor for acceptance or rejection in consultation with RS Lending.  Each accepted bid will result in a "Successful Bidder."

f.    Each Successful Bidder shall make an earnest money deposit equal to ten (10%) of the contract price (the "Deposit") within twenty-four (24) hours of the first business day after being notified it is a Successful Bidder.  The initial $10,000 cash deposit may be applied to the Deposit. A hearing to confirm the results of the Auction and each Successful Bidder will be held immediately following the Auction (the "Sale Approval Hearing").

g.      Each Sale will close within thirty (30) days after the Sale Approval Hearing, or such later date as may be agreed to by Debtor, after consultation with RS Lending, at which time each Successful Bidder will pay the balance of the purchase price.

h.      The Successful Bidders will pay any title insurance premium.

i.      The Deposit shall be applied by the Debtor against the purchase price to be paid by the Successful Bidder at the closing of the transaction.  In the event the Successful Bidder does not close said transaction by reason of its breach of the terms of its agreement with the Debtor, the Deposit shall be retained by the Debtor.

j.      The stipulated purchase price for each Property sold as part of a group shall be the determined by multiplying the accepted bid price for the group by a fraction with the numerator being the 2017 assessed value for that Property and the denominator being the 2017 assessed value of all lots in the group (the "Attributable Purchase Price"). Absent agreement between the Debtor and RS Lending to keep such a Property in the sale, if a Property's Attributable Purchase Price does not exceed its outstanding ad valorem taxes plus Attributable Administrative Costs (as defined in paragraph 20 below), such Property shall be removed from sale, shall no longer be an Auction Property, and the accepted bid amount shall be reduced by the Attributable Purchase Price for the Property.

k.      All Bidders shall be deemed to have consented to the core jurisdiction of the Court and to have waived any right to a jury trial in connection with any disputes relating to the Auction and/or the sale of the Auction Properties.  All Bidders shall be bound by their bids until such time as the Court has entered an order approving the sale(s) to the Successful Bidder(s); provided, however, the Successful Bidder(s) will be bound by their bids until 5:00 p.m. (Eastern Time) on the day subsequent to the scheduled closing date of the sale to the Successful Bidder.  If, for any reason, a Successful Bidder is unable to consummate a transaction within thirty (30) days after the Sale Approval Hearing, or such later date as may be agreed to by Debtor after consultation with RS Lending, the Successful Bidder's Deposit shall be paid to the Debtor.  If for any reason the Debtor cannot close, the Deposit will be returned to the Successful Bidder.

3.      Subject to any appropriate proof provided at the Sale Approval Hearing, all Bidders participating in the Auction shall be deemed to be purchasing the Property in good faith, and each Successful Bidder shall be afforded the special protections provided in Bankruptcy Code § 363(m) and shall not be affected by any subsequent appeal reversing or modifying of the order authorizing this sale.

4.      The provisions of FRBP 6004(h) notwithstanding, the order approving the sale will be effective upon entry and will not be stayed.

5.      All Sales shall be subject to Court approval at the Sale Approval Hearing.

6.      All liens set forth in Exhibit A and Exhibit B are in rem claims against the related Property. The value of each Property under Section 506(a) of the Bankruptcy Code and the

maximum value of the claims on each Property for the purposes of 363(f)(3) of the Bankruptcy Code shall be determined by the Attributable Purchase Price less the Attributable Administrative Costs (as defined below Paragraph 21).

7.    The Attributable Purchase Price less Attributable Administrative Costs (as defined below) shall determine the value of each Property under Section 506(a) of the Bankruptcy Code and shall determine the value of the claims on each Property for the purposes of 363(f)(3) of the Bankruptcy Code.

8.    All proceeds from the sale of the Auction Properties shall be placed in escrow with BCHH, Inc.

9.    All gross proceeds of the sale (the "Gross Proceeds") shall be distributed by the Escrow Agent from escrow as soon as practicable after the entry of an order approving the sale and be distributed in the following order:

(A)    First, to pay the following costs (the "Overall Administrative Costs"):

(1)    All Broker's fees as allowed by the Court;

(2)    All title and escrow fees and costs borne by the Debtor under the purchase agreement(s) and as allowed by the Court;

(3)    Allowed administrative expenses of the estate under sections 507(a)(2) and 503(b) of the Bankruptcy Code that have not been paid by the Debtor's principal prior to the sale, but only to the extent such administrative expenses could have been surcharged against RS Lending under the standards of section 506(c) of the Bankruptcy Code; and

(4)    Funding of a reserve equal to ten percent (10%) of the Gross Proceeds of the sale for Allowed Administrative Expenses related to the administration of the Claims asserted against the sale proceeds (the "Claims Administration Reserve").

The amounts distributed in (A)(1) through (A)(4) attributable to each Property will be determined by multiplying the total Overall Administrative Costs by a fraction with the numerator being the 2017 assessed value for that Property and the denominator being the 2017 assessed value of all Properties sold in the Auction (the "Attributable Administrative Costs").

(B)    Second:

(1)    to pay for each Property without disputed secured claims, and in an amount not to exceed that Attributable Purchase Price for the Property less the Attributable Administrative Costs, payoff of any Allowed Claims secured by the Property sold, including but not limited to prorated ad valorem property taxes;

(2)    for each Property with disputed secured claims but with a large enough Attributable Purchase Price to cover (i) the Attributable Administrative Costs, (ii) the disputed secured claims, and (iii) the Allowed Claims secured by the property sold,

(a)   to pay the Allowed Claims for the Property, and

(b)   to place into a separate account, sufficient funds to provide for any disputed Claim secured by Property sold free and clear of such senior claim, lien or interest, with such disputed claim, lien or interest to attach to respective sale proceeds for the Property against which the disputed lien, claim or interest is asserted (a "Disputed Lien Claim Reserve Account").

(3)   for each Property with disputed secured claims but without a large enough Attributable Purchase Price to cover (i) the Attributable Administrative Costs, (ii) the disputed secured claims, and (iii) the Allowed Claims secured by the Property sold, place into a Disputed Lien Claim Reserve Account an amount equal to the Attributable Purchase Price less Attributable Administrative Costs to provide for any disputed Claims secured by Property sold free and clear of such claim, lien or interest, with such disputed claim, lien or interests and Allowed Claims to attach to the account.

(C)   Third, remaining proceeds for all Auction Properties shall be distributed to RS Lending for application to, and not to exceed, the Allowed Secured Claims of RS Lending (the "RS Lending Claims"). The RS Lending Claims are comprised of (i) proof of claim no. 16 in the amount of $2,875,863.96, and (ii) proof of claim no. 17 in the amount of $2,696,489.15, which claims are deemed under the Plan as Allowed Secured Claims to the full extent set forth in such proofs of claims.

(D)   Fourth, after the claims in paragraphs (A) through (C) are paid in full, any remain proceeds will be paid to the Debtor and, if the Plan has been confirmed, shall be administered under the terms of the Plan.

(E)   To the extent funds are released from the Disputed Lien Claim Reserve Accounts or from the Claims Administration Reserve, such funds shall be distributed to RS Lending (or to the Debtor if all claims have been paid in full) within fifteen (15) calendar days after entry of an order releasing such funds from the Disputed Lien Claim Reserve Account or the Claims Administration Reserve, unless such order is stayed.

10.   The Debtor, or any other party in interest, shall have thirty days from September 7, 2018, the deadline set by the Court for creditors to file a proof of claim (Doc. no. 170) to file an objection to any disputed Claim. The objections will be filed with the Court and may be served under thirty (30) days' negative notice under the negative notice procedures in the local rules for the Bankruptcy Court for the Middle District of Florida. If a response to the objection is filed, the objection shall be set for hearing promptly. Upon the resolution of Claims as to each Property, distribution of the net proceeds for that Property shall be made according to paragraph 9 above.

**Classes of Claims Related to the Remaining Properties (Classes 224 through 227 and Subclasses).**

1.      The Remaining Properties have attributes of title and physical condition such that the Debtor, after being advised by Broker and Escrow Agent, believes that sale by auction is not appropriate.

2.      Accordingly, the Debtor shall market and sell the Remaining Properties separately with the cooperation and approval of RS Lending by private sale, offering a three percent commission to buyer's brokers.  The distribution of the gross proceeds of any such sale shall be made in the same manner as set forth in paragraph 9 above. The Remaining Properties which do not sell within a reasonable period of time, and after consultation with the Broker and RS Lending, shall, after notice and hearing, be abandoned.

## ARTICLE X - TREATMENT OF
## EXECUTORY CONTRACTS AND UNEXPIRED LEASES

The Debtor has no known executory contracts or unexpired leases.

## ARTICLE XI - MEANS OF IMPLEMENTATION OF THE PLAN

**A.      General Overview of the Plan.**  The distributions under the Plan will be funded by revenues generated by the sale of all of its properties as set forth in the Plan.

**B.      Vesting of Certain Assets of the Estate in the Debtor.**   On the Effective Date, except as otherwise expressly provided in the Plan, all Assets of the Estate (including the Causes of Action) shall vest in the Reorganized Debtor, free and clear of any and all Liens, Debts, obligations, Claims, Cure Claims, Liabilities, encumbrances, and all other interests of every kind and nature, and the Confirmation Order shall so provide.  As of the Effective Date, the Reorganized Debtor shall be responsible for the operation of the business, the management of the Assets, the pursuit of Causes of Action, the payment of Allowed Clams, and such other duties imposed by the Plan and the Confirmation Order. All privileges with respect to the Assets of the Debtor's Estate, including the attorney-client privilege, to which the Debtor is entitled shall automatically vest in, and may be asserted by or waived on behalf of, the Reorganized Debtor.

**C.      Corporate Existence.**  The Debtor will continue to exist after the Effective Date as a corporation, with all of the powers of a for profit corporation under applicable law in the State of Florida and pursuant to its articles of organization and bylaws or other organizational documents in effect prior to the Effective Date, without prejudice to any right to terminate such existence (whether by merger, dissolution or otherwise) under applicable law after the Effective Date. On the Effective Date, title to the Assets shall vest in the Reorganized Debtor.

**D.      Management of the Reorganized Debtor Following the Effective Date.**  On and after the Effective Date, the operation and management of the Reorganized Debtor shall be the responsibility of Keith Ingersoll, Managing Member and such other officers, directors, employees, and professionals as she shall so designate. From and after the Confirmation Date, the Reorganized

Debtor shall have all powers accorded by law to put into effect and carry out the Plan and the Confirmation Order.

      **E.**    **Corporate Action**.  All matters provided for under the Plan involving the corporate structure of the Debtor, or any corporate action to be taken by or required of the Debtor, shall, as of the Effective Date, be deemed to have occurred and be effective as provided herein, and shall be authorized and approved in all respects without any requirement for further action by the director(s) of the Debtor.

      **F.**    **Section 1146 Exemption**.  The Plan provides that, pursuant to Section 1146(a) of the Code, the issuance, transfer or exchange of any security under the Plan or the making or delivery of any instrument of transfer pursuant to, in implementation of, or as contemplated by, the Plan or the re-vesting, transfer or sale of any real or personal property of the Debtors pursuant to, in implementation of, or as contemplated by, the Plan shall not be taxed under any state or local law imposing a stamp tax, transfer tax or similar tax or fee.

      **G.**    **Effectuating Documents; Further Transactions.**  Each officer and director of the Debtor or the Reorganized Debtor, as applicable, shall be authorized to execute, deliver, file, or record such contracts, instruments, releases, mortgages, and other agreements or documents, and take such actions as may be necessary or appropriate, to effectuate and further evidence the terms and conditions of the Plan or to otherwise comply with applicable law.

      **H.**    **Pursuit of Causes of Action.**  On the Effective Date, the Causes of Action shall be vested in the Reorganized Debtor, except to the extent provided in the Settlement Agreement between the Debtor and RS Lending.  Subject only to the Settlement Agreement, the Reorganized Debtor will have the rights, powers and privileges, in its absolute discretion, to pursue, not pursue, settle, release or enforce any Causes of Action without seeking any approval from the Bankruptcy Court.  The Debtor is not currently in a position to express an opinion on the merits of any of the Causes of Action or on the recoverability of any amounts as a result of any such Causes of Action.  Any party in interest that engaged in business or other transactions with the Debtor Prepetition or that received payments from the Debtor Prepetition may be subject to litigation to the extent that applicable bankruptcy or non-bankruptcy law supports such litigation.

      No Creditor or other party should vote for the Plan or otherwise rely on the Confirmation of the Plan or the entry of the Confirmation Order in order to obtain, or on the belief that it will obtain, any defense to any Cause of Action.  No Creditor or other party should act or refrain from acting on the belief that it will obtain any defense to any Cause of Action.  ADDITIONALLY, THE PLAN DOES NOT, AND IS NOT INTENDED TO, RELEASE ANY CAUSES OF ACTION OR OBJECTIONS TO CLAIMS, AND ALL SUCH RIGHTS ARE SPECIFICALLY RESERVED IN FAVOR OF THE DEBTOR.  Creditors are advised that legal rights, claims and rights of action the Debtor may have against them, if they exist, are retained under the Plan for prosecution by the Reorganized Debtor unless a specific order of the Bankruptcy Court authorizes the Debtor to release such claims.  It is the expressed intention of the Plan to preserve rights, objections to Claims, and rights of action of the Debtor, whether now known or unknown, for the benefit of the Debtor's Estate. A Cause of Action shall not, under any circumstances, be waived as a result of the failure of the Debtor to describe such Cause of Action

with specificity in the Plan or the Disclosure Statement; nor shall the Debtor, as a result of such failure, be estopped or precluded under any theory from pursuing such Cause of Action. Nothing in the Plan operates as a release of any of the Causes of Action, except as expressly provided otherwise.

The Reorganized Debtor reserves the right to pursue any or none of the Causes of Action in its sole discretion.

**I.**     **Exclusivity Period.**   The Debtor retains the exclusive right to amend or modify the Plan, and to solicit acceptances of any amendments to or modifications of the Plan, through and until the Effective Date.

## ARTICLE XII - PROVISIONS GOVERNING DISTRIBUTIONS

**A.**     **Cash Distributions.**   Within the times provided elsewhere in the Plan and as required by the Plan, the Reorganized Debtor shall make the Cash distributions required by the Plan.

**B.**     **Determination of Claims.**   The Court has set September 7, 2018 as the bar date for filing Proof of Claim (Doc. No. 170). 22.     The Debtor, or any other party in interest, shall have thirty days from September 7, 2018, to file an objection to any disputed Claim. The objections will be filed with the Court and may be served under thirty (30) days' negative notice under the negative notice procedures in the local rules for the Bankruptcy Court for the Middle District of Florida. If a response to the objection is filed, the objection shall be set for hearing promptly. Upon the resolution of Claims as to each Property, distribution of the net proceeds for that Property shall be made according to the Plan.

**C.**     **Unclaimed Distributions.**   If the Holder of an Allowed Claim fails to negotiate a check for a Distribution issued to such Holder within 60 days of the date such check was issued, then the Reorganized Debtor shall provide written notice to such Holder stating that, unless such Holder negotiates such check within 30 days of the date of such notice, the amount of Cash attributable to such check shall be deemed to be unclaimed, such Holder shall be deemed to have no further Claim in respect of such check, such Holder's Allowed Claim shall no longer be deemed to be Allowed, and such Holder shall not be entitled to participate in any further Distributions under the Plan in respect of such Claim.

**D.**     **No Interest on Claims**.   Except as expressly stated in the Plan or otherwise Allowed by a Final Order of the Bankruptcy Court, no Holder of an Allowed Claim shall be entitled to the accrual of Postpetition interest or the payment of Postpetition interest, penalties, or late charges on account of such Allowed Claim for any purpose. Additionally, and without limiting the foregoing, interest shall not accrue or be paid on any Disputed Claim in respect of the period from the Effective Date to the date a Distribution is made when and if such Disputed Claim becomes an Allowed Claim.

## ARTICLE XIII – TAX CLAIMS

**A.** **No Liability for Tax Claims**.  Unless a taxing Governmental Unit has asserted a Claim against the Debtor before the Governmental Unit Bar Date or Administrative Expense Claim Bar Date established therefor, no Claim of such Governmental Unit shall be Allowed against the Debtor or the Reorganized Debtor as applicable or its officers, directors, or agents for taxes, penalties, interest, additions to tax or other charges arising out of (i) the failure, if any, of the Debtor, any of its Affiliates, or any other Person or Entity to have paid tax or to have filed any tax return (including any income tax return or franchise tax return) in or for any prior year or period or (ii) an audit of any return for a period before the Petition Date.

## ARTICLE XIV - RETENTION OF JURISDICTION

**A.** **General Retention.**  Notwithstanding the entry of the Confirmation Order and the occurrence of the Effective Date, until the Liquidation Case is closed, the Bankruptcy Court shall retain the fullest and most extensive jurisdiction of the Liquidation Case that is permitted by applicable law, including that necessary to ensure that the purposes and intent of the Plan are carried out.

**B.** **Specific Purposes.**  In addition to the general retention of jurisdiction set forth in Article 12.1 of the Plan, after Confirmation of the Plan and until the Liquidation Case is closed, the Bankruptcy Court shall retain jurisdiction of the Liquidation Case for the specific purposes set forth in Article 12.2 of the Plan**.**

## ARTICLE XV - CERTAIN FEDERAL INCOME TAX CONSEQUENCES

HOLDERS OF CLAIMS AND HOLDERS OF EQUITY INTERESTS (COLLECTIVELY, "HOLDERS") ARE URGED TO CONSULT THEIR OWN TAX ADVISORS REGARDING THE TAX CONSEQUENCES TO THEM OF THE TRANSACTIONS CONTEMPLATED BY THE PLAN, INCLUDING STATE, LOCAL AND FOREIGN TAX CONSEQUENCES.

THE DEBTOR'S GENERAL BANKRUPTCY COUNSEL HAS NO TAX EXPERTISE AND HAS NOT RESEARCHED OR ANALYZED TAX CONSEQUENCES RESULTING FROM THE PLAN.

PERSONS CONCERNED WITH THE TAX CONSEQUENCES OF THE PLAN SHOULD CONSULT THEIR OWN ACCOUNTANTS, ATTORNEYS AND/OR ADVISORS. THE DEBTOR MAKES THE ABOVE-NOTED DISCLOSURE OF POSSIBLE TAX CONSEQUENCES FOR THE SOLE PURPOSE OF ALERTING READERS TO TAX ISSUES THEY MAY WISH TO CONSIDER. THE DEBTOR CANNOT AND DOES NOT REPRESENT THAT THE TAX CONSEQUENCES MENTIONED ABOVE ARE COMPLETELY ACCURATE BECAUSE, AMONG OTHER THINGS, THE TAX LAW EMBODIES MANY COMPLICATED RULES THAT MAKE IT DIFFICULT TO STATE ACCURATELY WHAT THE TAX IMPLICATIONS OF ANY ACTION MIGHT BE.

## ARTICLE XVI - VOTING ON AND CONFIRMATION OF THE PLAN

**A.** **Confirmation Without Acceptance by All Impaired Classes**. If one or more of the Impaired Classes of Claims or Equity Interests does not accept the Plan, the Plan may nevertheless be confirmed and be binding upon the non-accepting Impaired Class under the "cram-down" provisions of the Bankruptcy Code, if the Plan does not "discriminate unfairly" and is "fair and equitable" to the non-accepting Impaired Classes under the Plan.

**B.** **Discriminate Unfairly**. The Bankruptcy Code requirement that a plan not "discriminate unfairly" means that a dissenting class must be treated equally with respect to other classes of equal rank. The Debtor believes that the Plan does not "discriminate unfairly" with respect to any Class of Claims or Equity Interests because no Class is afforded treatment which is disproportionate to the treatment afforded other Classes of equal rank.

**C.** **Fair and Equitable Standard**. The "fair and equitable" standard, also known as the "absolute priority rule," requires that a dissenting class receive full compensation for its allowed claims or interests before any junior class receives any distribution. The Debtor believes the Plan is fair and equitable to all Classes pursuant to this standard.

With respect to the Impaired Class of Unsecured Claims, Bankruptcy Code Section 1129(b)(2)(B) provides that a plan is "fair and equitable" if it provides that (i) each holder of a claim of such a class receives or retains on account of such claim, property of a value as of the effective date of the plan equal to the allowed amount of such claim; or (ii) the Holder of any claim or interest that is junior to the claims of such class will not receive or retain any property under the plan on account of such junior claim or interest.

Accordingly, if necessary, the Debtor believes that the Plan meets the requirements for Confirmation by the Bankruptcy Court, notwithstanding the non-acceptance by an Impaired Class of Claims.

The Debtor intends to evaluate the results of the balloting and determine whether to seek Confirmation of the Plan in the event that less than all the Impaired Classes of Claims do not vote to accept the Plan. The determination as to whether to seek Confirmation under such circumstances will be announced before or at the Confirmation Hearing.

## ARTICLE XVII - ALTERNATIVES TO
## CONFIRMATION AND CONSUMMATION OF THE PLAN

If the Plan is not confirmed, the potential alternatives include (a) alternative plans under Chapter 11, (b) dismissal of the Liquidation Case, or (c) conversion of the Liquidation Case to a case under Chapter 7 of the Bankruptcy Code.

**A.    Liquidation under Chapter 7**.    If a plan is not confirmed, the Liquidation Case may be converted to a Chapter 7 liquidation case.  In a Chapter 7 case, a trustee would be elected or appointed to liquidate the assets of the Debtor.  The proceeds of the liquidation would be distributed to the Creditors of the Debtor in accordance with the priorities established by the Bankruptcy Code.

In general, the Debtor believes that liquidation under Chapter 7 would result in diminution of the value of the interests of the Creditors because of (a) additional administrative expenses involved in the appointment of a trustee and attorneys, accountants and other professionals to assist such trustee; (b) additional expenses and claims, some of which might be entitled to priority, which would arise by reason of the liquidation; (c) the inability to utilize the work product and knowledge of the Debtor and its Professionals; and (d) the substantial delay that would elapse before Creditors would receive any distribution in respect of their Claims.

## ARTICLE XVIII - SUMMARY, RECOMMENDATION AND CONCLUSION

The Debtor believes that the Plan is in the best interests of all Creditors. In the event of a liquidation of the Debtor's assets under Chapter 7 of the Bankruptcy Code, the Debtor believes there would be no distribution to Unsecured Creditors. For these reasons, the Debtor believes that the Plan is in the best interests of all Creditors and urge that the Plan be accepted.

Dated August 23, 2018

Ingersoll Financial, LLC

By:  /s/ Keith Ingersoll                              
          Keith Ingersoll, Manager

          /s/ Frank M. Wolff                              
          Frank M. Wolff
          Frank Martin Wolff, P.A.
          19 E. Central Blvd.
          Orlando, FL 32801
          Telephone:  (407) 982-4448
          Facsimile:  (407) 386-3364
          Email: fwolff@fwolfflaw.com
          Attorney for Debtor

19

**EXHIBIT A**

**<u>PLAN OF LIQUIDATION</u>**

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

In re:                                                    Chapter 11

Ingersoll Financial, LLC,                     Case No.  6:17-bk-07077-KSJ

　　　　Debtor.

_____/

## PLAN OF LIQUIDATION UNDER CHAPTER 11 OF THE
## UNITED STATES BANKRUPTCY CODE FOR INGERSOLL FINANCIAL, LLC

**August 23, 2018**

Frank M. Wolff
Frank Martin Wolff, P.A.
Florida Bar No. 319521
19 E. Central Blvd.
Orlando, Florida 33801
Telephone: (407) 982-4448
Facsimile: (407) 386-3364
Email: fwolff@fwolfflaw.com
Counsel for Debtor and Debtor in Possession

PURSUANT TO SECTION 1125 OF TITLE 11 OF THE UNITED STATES CODE, NOTHING CONTAINED IN THIS PLAN SHOULD BE CONSTRUED AS CONSTITUTING A SOLICITATION OF ACCEPTANCES OF THE PLAN UNTIL SUCH TIME AS THE DEBTOR'S DISCLOSURE STATEMENT (AS DEFINED HEREIN) HAS BEEN CONDITIONALLY OR FINALLY APPROVED BY AN ORDER OF THE UNITED STATES BANKRUPTCY COURT FOR THE MIDDLE DISTRICT OF FLORIDA, ORLANDO DIVISION, AND DISTRIBUTED, WITH APPROPRIATE BALLOTS, TO ALL HOLDERS OF CLAIMS AGAINST AND EQUITY INTERESTS IN THE DEBTOR ENTITLED TO VOTE ON THE PLAN. THE DEBTOR RESERVES THE RIGHT TO FILE AN AMENDED OR AN AMENDED AND RESTATED PLAN AND AN AMENDED OR AN AMENDED AND RESTATED DISCLOSURE STATEMENT FROM TIME TO TIME HEREAFTER. REFERENCE IS MADE TO SUCH DISCLOSURE STATEMENT FOR A DISCUSSION OF THE DEBTOR'S HISTORY, BUSINESS, PROPERTIES, AND OPERATIONS, A SUMMARY OF THE MEANS OF IMPLEMENTING AND FUNDING THE PLAN, AND THE PROCEDURES FOR VOTING ON THE PLAN. ALL HOLDERS OF CLAIMS AGAINST AND EQUITY INTERESTS IN THE DEBTOR ARE HEREBY ADVISED AND ENCOURAGED TO READ THE DISCLOSURE STATEMENT AND THE PLAN IN THEIR ENTIRETY BEFORE VOTING TO ACCEPT OR REJECT THE PLAN.

AS TO CONTESTED MATTERS, ADVERSARY PROCEEDINGS AND OTHER ACTIONS OR THREATENED ACTIONS, THE PLAN AND THE DISCLOSURE STATEMENT SHALL NOT BE CONSTRUED AS AN ADMISSION OR STIPULATION, BUT RATHER AS A STATEMENT MADE IN SETTLEMENT NEGOTIATIONS.

## INTRODUCTION

INGERSOLL FINANCIAL, LLC (the "**Debtor**"), as the Debtor and the Debtor in Possession in the Liquidation Case, proposes this plan (the "**Plan**," as more particularly defined below) for the liquidation of the Debtor and the resolution of the outstanding Claims against and Equity Interests in the Debtor pursuant to the provisions of Chapter 11 of the Bankruptcy Code, and requests confirmation of the Plan pursuant to Section 1129 of the Bankruptcy Code. The Plan provides for the payment of Claims in accordance with Article VI hereof. The distributions under the Plan will be funded by the sale of substantially all of the Debtor's assets.

Under Section 1125(b) of the Bankruptcy Code, a vote to accept or reject the Plan cannot be solicited from the Holder of a Claim or Equity Interest until such time as the Debtor's Disclosure Statement for Plan of Liquidation under Chapter 11 of the United States Bankruptcy Code for INGERSOLL FINANCIAL, LLC (the "**Disclosure Statement,**" as more particularly defined below) has been approved by the Bankruptcy Court and distributed to Holders of Claims and Equity Interests. The Debtor's Disclosure Statement was conditionally approved by the Bankruptcy Court in the Disclosure Statement Approval Order, which is being distributed simultaneously with the Plan to all Holders of Claims and Equity Interests whose votes are being solicited. The Disclosure Statement contains, among other things, (a) a discussion of the Debtor's history, business, property, and operations, (b) a summary of significant events which have occurred to date in the Liquidation Case; (c) a summary of the means of implementing and funding the Plan, and (d) the procedures for voting on the Plan. Other than the Disclosure Statement and any exhibits and schedules and documents attached thereto or referenced therein, no materials have been approved by the Debtor for use in soliciting acceptances or rejections of the Plan. ALL HOLDERS OF CLAIMS AGAINST THE DEBTOR ENTITLED TO VOTE ON THE PLAN ARE ENCOURAGED TO READ THE PLAN AND THE DISCLOSURE STATEMENT IN THEIR ENTIRETY BEFORE VOTING TO ACCEPT OR REJECT THE PLAN.

Subject to certain restrictions and requirements set forth in Section 1127 of the Bankruptcy Code and Bankruptcy Rule 3019, and those restrictions or modifications set forth in Article X hereof, the Debtor expressly reserves the right to alter, further amend, further modify, revoke or withdraw the Plan, one or more times, prior to the Plan's substantial consummation.

NOTWITHSTANDING ANYTHING HEREIN TO THE CONTRARY, UNLESS OTHERWISE STATED, ALL STATEMENTS IN THE PLAN AND IN THE ACCOMPANYING DISCLOSURE STATEMENT CONCERNING THE HISTORY OF THE DEBTOR'S OPERATIONS, THE PAST OR PRESENT FINANCIAL CONDITION OF THE DEBTOR, TRANSACTIONS TO WHICH THE DEBTOR WAS OR IS A PARTY, OR THE EFFECT OF CONFIRMATION OF THE PLAN ON HOLDERS OF CLAIMS AGAINST THE DEBTOR ARE ATTRIBUTABLE EXCLUSIVELY TO THE DEBTOR AND NOT TO ANY OTHER PARTY.

THE PLAN AND THE DISCLOSURE STATEMENT HAVE NOT BEEN REQUIRED TO BE PREPARED IN ACCORDANCE WITH FEDERAL OR STATE SECURITIES LAWS OR OTHER APPLICABLE NON-BANKRUPTCY LAW. ALL PERSONS OR ENTITIES SHOULD EVALUATE THE PLAN AND THE DISCLOSURE STATEMENT IN LIGHT OF THE PURPOSES FOR WHICH THEY WERE PREPARED.

## <u>ARTICLE I - DEFINED TERMS</u>

**A.**    <u>Definitions</u>.  For purposes of this Plan, the following definitions shall apply unless the context clearly requires otherwise.  All of the definitions set forth in Section 101 of the Bankruptcy Code are incorporated herein as though set forth herein in their entirety. If a defined term contained herein is inconsistent with the definition set forth in Section 101 of the Bankruptcy Code, the defined term set forth herein shall be superseded by the definition set forth in Section 101.

1.    ***Administrative Expense*** shall mean a cost or expense of administration of the Chapter 11 Case allowed under §§503(b) and 507(a)(2) of the Bankruptcy Code.

2.    ***Allowed*** when used with respect to a Claim or Interest, shall mean a Claim or Interest (a) proof of which was filed with the Bankruptcy Court on or before the Bar Date, and (i) as to which no objection has been filed by the Objection Deadline, unless such Claim or Interest is to be determined in a forum other than the Bankruptcy Court, in which case such Claim or Interest shall not become allowed until determined by Final Order of such other forum and allowed by Final Order of the Bankruptcy Court; or (ii) as to which an objection was filed by the Objection Deadline, to the extent allowed by a Final Order; (b) allowed by a Final Order; or (c) listed in the Debtor's schedules filed in connection with this Chapter 11 Case and not identified as contingent, unliquidated, or disputed.

3.    ***Auction Properties*** are listed in Exhibit A.  These properties have marketable title and shall be sold at auction through the Plan.

4.    ***Bankruptcy Rules*** mean the Federal Rules of Bankruptcy Procedure, as amended, and as supplemented by the Local Rules of Practice and Procedure of the Bankruptcy Court, as amended.

5.    ***Bar Date*** shall mean the date fixed by order of the Bankruptcy Court by which a proof of Claim or Interest must be filed against the Debtor.

6.    ***Bankruptcy Code*** shall mean 11 U.S.C. §101 et seq., and any amendments thereto.

7.    ***Bankruptcy Court*** shall mean the United States Bankruptcy Court, Middle District of Florida, Orlando Division, and any court having competent jurisdiction to hear appeals or certiorari proceedings therefrom.

8.    ***Claim*** shall mean, as defined in §101(5) of the Bankruptcy Code:  (a) any right to payment from the Debtor, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured; or (b) any right to an equitable remedy for breach of performance if such breach gives rise to a right of payment from the Debtor, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured.

9.    ***Class*** means a group of Claims of Interests substantially similar to each other as classified under this Plan.

10.    ***Confirmation Date*** shall mean the date of entry of the Confirmation Order.

4

11.     ***Confirmation Order*** shall mean the order entered by the Bankruptcy Court confirming the Plan.

12.     ***Contested*** when used with respect to a Claim or Interest, shall mean a Claim or Interest that is not an Allowed Claim or Interest.

13.     ***Disallowed*** when used with respect to a Claim or Interest, shall mean a Claim or Interest to the extent 10 days has expired since it has been disallowed by order of the Bankruptcy Court, unless proper application for a stay of such order has been made within such 10 day period, in which case the Claim or Interest shall be disallowed 30 days after entry of the order disallowing such Claim or Interest, unless prior to the expiration of such period, a stay is obtained with respect to the order disallowing the Claim or Interest.

14.     ***Disclosure Statement*** means the disclosure statement of the same date as this Plan that was filed by the Debtor and approved by the Bankruptcy Court pursuant to Bankruptcy Code Section 1125 and any amendments thereto, including all exhibits.

15.     ***Effective Date*** shall mean: (a) if no stay of the Confirmation Order is in effect, then the date which a Business Day selected by the Debtor which is not more than thirty (30) days following the date of the Confirmation Order; or (b) if a stay of the Confirmation Order is in effect, then the date which is a Business Day selected by the Debtor which is not more than thirty (30) days following the date the stay is vacated or any appeal, rehearing, remand or petition for certiorari is resolved in a manner that does not reverse or materially modify the Confirmation Order.

16.     ***Final Order*** means an order of the Bankruptcy Court, which order shall not have been reversed, stayed, modified or amended and the time to appeal from or to seek review or rehearing of such order shall have expired and which shall have become final in accordance with applicable law.

17.     ***Interest*** means the equity interests in the Debtor.

18.     ***Petition Date*** shall mean November 07, 2017, the date on which the petition for relief was filed in the Chapter 11 case.

19.     ***Plan*** shall mean this Chapter 11 plan, as amended in accordance with the terms hereof or modified in accordance with the Bankruptcy Code.

20.     ***Priority Non-Tax Claim*** shall mean a Claim entitled to priority pursuant to §§507(a)(3), 507(a)(4), 507(a)(5), 507(a)(6) or 507(a)(7) of the Bankruptcy Code.

21.     ***Priority Tax Claim*** shall mean a Claim entitled to priority pursuant to §507(a)(8) of the Bankruptcy Code.

22.     ***Pro Rata Share*** means the ratio that the amount of a particular Allowed Claim or Interest bears to the total amount of Allowed Claims or Interests of the same class, including Contested Claims or Interests, but not including Disallowed Claims or Interests, as calculated by the Debtor as of the Distribution Date.

23.     ***Remaining Properties*** are listed in Exhibit B.  The title to these properties has been determined to be such that the Debtor does not believe they are appropriate to be sold at auction.

5

24.     ***RS Lending Claims*** means the Allowed Secured Claims of RS Lending, Inc., which are comprised of (i) proof of claim no. 16 in the amount of $2,875,863.96, and (ii) proof of claim no. 17 in the amount of $2,696,489.15, which claims are deemed Allowed Secured Claims to the full extent set forth in such proofs of claims.

25.     ***RS Lending Settlement*** means the Compromise and Settlement Agreement by and among the Debtor, RS Lending, the Debtor's principal Keith Ingersoll and the Ingersoll Financial Midwest Land Trust entered into as of May 24, 2018 and approved by the RS Lending Settlement Order.

26.     ***RS Lending Settlement Order*** means the Order entered bv the Bankruptcy Court on July 9, 2018 (Doc. No. 163) approving the RS Lending Settlement Agreement.

27.     ***Sale Procedures Order*** means that certain Order of the Bankruptcy Court Authorizing and Scheduling (A) A Public Auction for the Sale of Assets, Free and Clear of Liens, Claims and Encumbrances; (B) Approving Procedures for the Submission of Bids; (C) Scheduling a Hearing to Consider Approval of Such Sale; and (D) Approving the Form and Manner of Notice of the Sale and Bidding Procedures Pursuant to Fed. R. Bankr. P. 2002 entered by the Bankruptcy Court on August 15, 2018 (Doc. No. 200).

28.     ***Secured Claim*** shall mean a Claim secured by a lien against property in which the Debtor has an interest, or which is subject to setoff under §553 of the Bankruptcy Code to the extent of the value (determined in accordance with §506(a) of the Bankruptcy Code) of the interest of the holder of such Claim in the Debtor's interest in such property or to the extent of the amounts subject to such setoff, as the case may be.

29.     ***Unsecured Claim*** means a Claim other than an Administrative Expense, a Priority Non-Tax Claim, a Priority Tax Claim, or a Secured Claim.

**B.**     **Bankruptcy Code Definitions**.  Definitions in the Bankruptcy Code and Bankruptcy Rules shall be applicable to the Plan unless otherwise defined in the Plan.  The rules of construction in Bankruptcy Code §102 shall apply to the Plan.

**C.**     **Interpretation**.  Unless otherwise specified, all section, article and exhibit references in the Plan are to the respective section in, article of, or exhibit to, the Plan, as the same may be amended, waived, or modified from time to time.  The headings in the Plan are for convenience of reference only and shall not limit or otherwise affect the provisions hereof.  Words denoting the singular number shall include the plural number and vice versa, and words denoting one gender shall include the other gender.  As to contested matters, adversary proceedings, and other actions or threatened actions, this Plan and the Disclosure Statement shall not be construed as a stipulation or admission, but rather, as a statement made in settlement negotiations.

## ARTICLE II - CONTROLLING LAW AND RULES OF CONSTRUCTION

**A.**     **Reference to Bankruptcy Code and Bankruptcy Rules**.  Any capitalized term used in the Plan that is not defined in the Plan but that is defined in the Bankruptcy Code or the Bankruptcy Rules will have the meaning ascribed to that term in the Bankruptcy Code or the Bankruptcy Rules, as the case may be.  In the instance of a conflict or ambiguity, the Bankruptcy Code or the Bankruptcy Rules, as applicable, will control.

**B.**     **Rules of Construction.** For purposes of the Plan, the following rules of construction will apply:

1.     Whenever from the context it is appropriate, each term, whether stated in the singular or the plural, will include both the singular and the plural.

2.     Any reference in the Plan to a contract, instrument, release, indenture, or other agreement or document being in a particular form or on particular terms and conditions means that such contract, instrument, release, indenture or other agreement or document will be substantially in such form or substantially on such terms and conditions.

3.     Any reference in the Plan to an existing document or exhibit means such document or exhibit as it may have been or may be amended, modified or supplemented.

4.     If the description in the Plan of the terms of an Exhibit is inconsistent with the terms of the Exhibit, the terms of the Exhibit will control.

5.     Unless otherwise specified, all references in the Plan to Articles and Exhibits are references to Articles and Exhibits of or to the Plan.

6.     Unless the context requires otherwise, the words "herein," "hereunder," and "hereto" refer to the Plan in its entirety rather than to a particular article or section or subsection of the Plan.

7.     Any phrase containing the term "include" or "including" will mean including without limitation.

8.     All of the Exhibits referred to in the Plan will be deemed incorporated herein by such reference and made a part hereof for all purposes.

9.     Any reference to an Entity as a Holder of a Claim or Equity Interest includes that Entity's successors and assigns.

## ARTICLE III - TREATMENT OF
## ADMINISTRATIVE EXPENSES AND PRIORITY TAX CLAIMS

**A.**     **Nonclassification.**  In accordance with Section 1123(a)(1) of the Bankruptcy Code, Administrative Expenses and Priority Tax Claims have not been classified in the Plan.  The treatment accorded to Administrative Expenses and Priority Tax Claims is set forth in this Article III.

**B.**     **Administrative Expenses**. Except as otherwise provided in the Plan, each Holder of an Allowed Administrative Expense will be paid (a) on the Effective Date, an amount, in Cash, equal to the Allowed Amount of its Administrative Expense, in accordance with Section 1129(a)(9)(A) of the Bankruptcy Code, (b) under such other terms as may be agreed upon by both the Holder of such Allowed Administrative Expense and the Debtor or Reorganized Debtor, or (c)

as otherwise ordered by a Final Order of the Bankruptcy Court. Except as set forth in the RS Lending Settlement Agreement, the RS Lending Settlement Order or the Sale Procedures Order, no Holder of an Allowed Administrative Claim shall be entitled to payment from the proceeds of the Auction Properties or of the Remaining Properties ahead of payment of the Allowed RS Lending Claims.

**C.** **Fees and Charges**. All fees and charges assessed against the Estate under Chapter 123 of Title 28, United States Code, 28 U.S.C. §§1911-1930, through the Confirmation Date, as determined by the Bankruptcy Court in the Confirmation Order, will be paid on or before the Effective Date.

**D.** **Applications for Allowance of Administrative Expenses**. Except as provided herein, all Holders of Administrative Expenses (including Holders of any Claims for non-ad valorem post-petition federal, state, or local taxes) that do not file an application or other Bankruptcy Court-approved pleading by the Administrative Expense Bar Date will be forever barred from asserting such Administrative Expense against the Debtor, the Reorganized Debtor, or any of their respective Properties.

## ARTICLE IV - DESIGNATION OF CLASSES OF CLAIMS
## FOR CLAIMS NOT RELATED TO THE RS LENDING PROPERTIES

**A.** **In General.** Pursuant to Section 1122 of the Bankruptcy Code, set forth below is a designation of Classes of Claims. A Claim is classified (a) in a particular Class only to the extent the Claim qualifies within the description of that Class and (b) in a different Class to the extent the Claim qualifies within the description of that different Class. Unless otherwise expressly stated, the Classes of Claims set forth below include all Claims that qualify within the description of that Class.

**B.** **Classes**. For purposes of this Plan, Claims are classified as follows:

1. Class 1 is comprised of all allowed Priority Claims.

2. Class 2 is comprised of the Allowed Secured Claims with regard to property located at 231 Lexington Drive, Daytona Beach, FL 32114:

    a. Class 2a for the first mortgage of Islandrulz, LLC
    b. Class 2b for the second mortgage of Islandrulz, LLC
    c. Class 2c for the claim of Chipco Group, LLC
    d. Class 2d for the claim of Volusia County Tax Collector
    e. Class 2e for the claims of City of Daytona Beach Code Enforcement

3. Class 3 is comprised of all Allowed Secured Claims with regard to the property located at 9201 South Bay Dr., Orlando, FL 32819:

      a.      Class 3a for first mortgage of Islandrulz, LLC
      b.      Class 3b for the claim of Chipco Group, LLC
      c.      Class 3c for the claim of Orange County Tax Collector
      d.      Class 3d for the claim of Orange County Code Enforcement Board
      e.      Class 3e for the claim of South Bay Homeowner's Association, Inc.

4.      Class 4 is comprised of all Allowed Secured Claims with regard to the property located at1620 E. Gore Street, Orlando, FL 32806:

      a.      Class 4a for the first mortgage of Leyli 37, LLC
      b.      Class 4b for the second mortgage of Michael LaFay
      c.      Class 4c for the claim of Chipco Group, LLC
      d.      Class 4d for the claim of Orange County Tax Collector
      e.      Class 4e for the claims of City of Orlando

5.      Class 5 is comprised of all Allowed Secured Claims with regard to the property located at 8484 Bay Hill Blvd., Orlando, FL 32819:

      a.      Class 5a for the first mortgage of Chondrite Asset Trust
      b.      Class 5b for the claim of Chipco Group, LLC
      c.      Classes 5c and 5d for the claims of Orange County Tax Collector
      d.      Class 5e for the claim of Bay Hill Property Owners Association

6.      Class 6 is comprised of all Secured Claims to the property located at 1922 College Circle South, Jacksonville, FL 32209:

      a.      Classes 6a through 6e for the claims of Duval County Tax Collector
      b.      Class 6f for the claims of City of Jacksonville

7.      Class 7 is comprised of all Secured Claims with regard to the property located at 4759 Bayside Drive, Jacksonville, FL:  Classes 7a through 7c for the claims of Santa Rosa Tax Collector.

8.      Class 8 is comprised of the claim of GreatAmerica Financial Services.

9.      Class 9 is comprised of all Allowed General Unsecured Claims.

10.      Class 10 is comprised of all Insider Unsecured Claims

11.      Class 11 is comprised of all Equity Interests.

## ARTICLE V - DESIGNATION OF CLASSES OF CLAIMS
## FOR CLAIMS RELATED TO THE RS LENDING PROPERTIES

**A.**    **Auction Properties.**    Classes 12 through 223 are comprised of claims related to the properties listed on Exhibit A (Auction Properties).    Within each numbered class, there are subclasses comprised of the holders of:

1.    (subclass a) any unknown parties in possession of the property;
2.    (subclass b) unpaid tax claims, if any;
3.    (subclass c) municipal or county assessments for code violations or similar assessments, if any;
4.    (subclass d) claims for utilities, if any;
5.    (subclass e) any miscellaneous liens or assessments not included in the subclasses above; and
6.    (subclass f) the RS Lending Claims.

Holders in a given subclass of each Class of Claims with respect to the Auction Properties, if any, are identified on Exhibit A.

**B.**    **Remaining Properties**.    Classes 224 through 227 are comprised of claims related to the properties listed on Exhibit B (Remaining Properties).    Within each numbered class, there are subclasses comprised of the holders of:

1.    (subclass a) any unknown parties in possession of the property;
2.    (subclass b) unpaid tax claims, if any;
3.    (subclass c) municipal or county assessments for code violations or similar assessments, if any;
4.    (subclass d) claims for utilities, if any;
5.    (subclass e) any miscellaneous liens or assessments not included in the subclasses above; and
6.    (subclass f) the RS Lending Claims.

Holders in a given subclass of each Class of Claims with respect to the Remaining Properties, if any, are identified on Exhibit B.

## ARTICLE VI - TREATMENT OF CLASSIFIED CLAIMS AND EQUITY INTERESTS

**A.**    **In General**.    Claims and Equity Interests will be treated under the Plan in the manner set forth in this Article VI.    Except as otherwise specifically provided in the Plan, the treatment of, and the consideration to be received by, Holders of Allowed Claims pursuant to the Plan will be in full and final satisfaction, settlement, release, extinguishment, and discharge of their respective Allowed Claims, of any nature whatsoever.

**B.** **Unclassified Claims**. Each Holder of an Allowed Administrative Expense or an Allowed Priority Tax Claim will receive the treatment set forth in Article III hereof.

**C.** **Class 1: Priority Claims**. Class 1 is comprised of all Allowed Priority Claims. Each Holder of an Allowed Priority Claim will receive (a) on the Effective Date, an amount, in Cash, equal to the Allowed Amount of its Priority Claim, in accordance with Section 1129(a)(9)(B) of the Bankruptcy Code, or (b) payment under such other terms as may be agreed upon by the Holder of such Allowed Priority Claim and the Debtor or Reorganized Debtor. Class 1 is Unimpaired. Each Holder of a Priority Claim in Class 1 is presumed to have accepted the Plan and, therefore, is not entitled to vote to accept or reject the Plan. Except as set forth in the RS Lending Settlement Agreement, the RS Lending Settlement Order or the Sale Procedures Order, nothing in this Plan or the Confirmation Order shall give the Holder of an Allowed Priority Claim the right to be paid out of the proceeds of the Auction Properties or the Remaining Properties ahead of the payment of the Allowed RS Lending Claims.

**D.** **Claims on Properties Not Acquired with RS Lending Financing.**

1. ***Classes 2 through 5***. The automatic stay has been lifted on properties in Classes 2 through 5 and are being foreclosed upon by the first mortgage holders on those properties. The Debtor believes that all of these creditors will be paid through the foreclosure process or are in rem claims that will be extinguished in the foreclosure. If any of the holders of Claims in Classes 2 through 5 file a claim for a deficiency prior to confirmation, they shall have a claim in Class 9. Classes 2 through 5 are Impaired and are entitled to vote to accept or reject the Plan.

2. ***Classes 6 and 7***. The two properties related to Classes 6 and 7 shall be sold in the ordinary course of the Debtor's business and the claims in these classes paid from the proceeds of the sale. Any excess proceeds shall be used to pay holders of Unsecured Claims in Class 9, if any. Should they not sell in a reasonable period of time, they shall be abandoned. The holders of these claims are in rem and shall have no claim against the estate if an abandonment occurs. Classes 6 and 7 are Impaired and are entitled to vote to accept or reject the Plan.

3. ***Class 8: GreatAmerica Financial Services ("Great America")***. Class 8 is comprised of the Allowed Secured Claim of GreatAmerica Financial Services by virtue of a lien on office equipment. GreatAmerica's Allowed Class 8 claim shall be paid in accordance with its contract terms. GreatAmerica shall retain its Lien on the collateral until the Allowed Class 8 Claim has been paid in full. Class 8 is Unimpaired and is not entitled to vote to accept or reject the Plan.

4. ***Class 9: General Unsecured Claims.*** This class of claims consists of unsecured deficiency claims. Holders of Allowed Class 9 Claims, if any exist, shall be paid from the proceeds of the Debtor's properties in Duvall and Santa Rosa Counties in the state of Florida. Class 9 is Impaired and is entitled to vote to accept or reject the Plan.

5. ***Class 10: Insider Unsecured Claims.*** Class 10 is comprised of all insider unsecured claims. Claims shall not receive any distributions under the Plan until Class 10 is paid in full. Class 10 is Impaired and is entitled to vote to accept or reject the Plan.

6.    ***Class 11: Equity Interests.*** Class 11 is comprised of all Equity Interests in the Debtor. Holders of Allowed Class 11 Claims shall not receive any distributions under the Plan until all Allowed Claims are paid in full. Class 11 is Impaired and is entitled to vote to accept or reject the Plan.

**E.    Claims Related to the Properties Purchased Through Loans 1 And 2 from RS Lending.**

**Classes of Claims Related to the Auction Properties (Classes 12 through 223, including Subclasses).**

**Treatment of subclasses:**

1.    Subclass (a) Unknown Parties in Possession.  All parties in possession of the property will be divested of possession and shall take nothing under the plan. Title to each respective Auction Property will be vested in the Successful Bidder with respect to such Property upon closing and after Court approval.

2.    Subclass (b) Property tax claims.

a.    Allowed property tax claims will be paid in full.  As set forth below, if the Attributable Sales Price for an Auction Property is not sufficient to pay the Allowed Property Tax Claims, that property will be withdrawn from the Auction, and purchase price reduced accordingly.

b.    If the Subclass (b) property tax claim has been the subject of a tax sale or a tax certificate sale, the Debtor takes the position that title remains in the bankruptcy estate and the Allowed Tax Claim is a claim against the estate.  See Encore Assets LLC v Woodley 579 B.R. 630 (Bankr N.D. Ga. 2007).  Accordingly, it shall be treated as a claim against the estate and will be redeemed and paid and the claim of the tax deed holder of the tax certificate holder shall be removed.

3.    Subclasses (c) (d) and (e).  Holders of claims in these subclasses must file a claim that establishes that it is a secured claim.  If there is no lien, they are nonrecourse and will not be Allowed.  The sale of the property in the open market through the auction will set the value of each Auction Property pursuant to Section 506(a) of the Bankruptcy Code and determine the value of each claim for purposes of Section 363(f)(3) of the Bankruptcy Code.  If the claim does not attach to equity as determined by the priority of the filings and the value of the subject of the Auction Property, it will not be paid.

4.    Subclass (f) RS Lending.  RS Lending shall be paid in an amount up to the amount of the RS Lending Claims from the sale proceeds of the Auction Properties and the Remaining Properties according to the distribution of proceeds set forth below and consistent with the Sale Procedures Order.  The RS Lending Claims were finally Allowed by the RS Lending Settlement Order and shall be treated as Allowed for all purposed under this Plan.  To the extent there are inconsistencies between this Plan and the RS Lending Settlement Order (and the RS

12

Lending Settlement Agreement approved in the Order) the terms of the RS Lending Settlement Order (and the RS Lending Settlement Agreement approved in the Order) shall govern. The liens and mortgages securing the Allowed RS Lending Claims shall continue to attach to the collateral for the Allowed RS Lending Claims notwithstanding any other term of this Plan, including the provisions of Article VII, subparagraph B.  To the extent the proceeds of the sale of the Auction Properties and the Remaining Properties are insufficient to satisfy the Allowed RS Lending Claims in full, RS Lending shall have an Allowed unsecured claim which shall be paid from net proceeds of liquidation of any other Assets of the Estate which revest in the Reorganized Debtor.

**<u>The Method of Sale for the Auction</u>**:

1.      The Debtor shall a conduct the Auction through sealed bids.

2.      The Auction will be conducted in accordance with the following Method of Sale:

a.      In order to derive the best offer and sale of the Auction Properties, the Auction Properties will be offered as a whole, in subgroups by State, and in other subgroups according to the type and condition of the properties as determined in the business judgment of the Broker to generate the highest price for the Auction Properties.

b.      To qualify, each prospective purchaser (collectively, the "Bidders") will provide to Broker a $10,000 cash deposit and proof, satisfactory to Broker, of available funds required to close escrow for each group of Properties. For Bidders qualifying for more than eight groups of Properties, the required cash deposits may be limited to $80,000.

c.      The Broker shall accept binding, sealed bids by a date certain on the Auction Properties as a whole and as subgroups by State.  The top 33.3% of all bids received ("Qualifying Bidders") will be approved to move to the highest and best round.  This approval may take into account a bulk bid or any combination thereof.

d.      Forty-eight (48) hours after qualifying, or such other time as may be determined by Broker, each Qualifying Bidder shall submit a second "highest and best" binding, sealed bid together with a fully executed purchase agreement.

e.      Broker shall then submit the highest and best bids to the Debtor for acceptance or rejection in consultation with RS Lending.  Each accepted bid will result in a "Successful Bidder."

f.      Each Successful Bidder shall make an earnest money deposit equal to ten (10%) of the contract price (the "Deposit") within twenty-four (24) hours of the first business day after being notified it is a Successful Bidder.  The initial $10,000 cash deposit may be applied to the Deposit. A hearing to confirm the results of the Auction and each Successful Bidder will be held immediately following the Auction (the "Sale Approval Hearing").

g.    Each Sale will close within thirty (30) days after the Sale Approval Hearing, or such later date as may be agreed to by Debtor, after consultation with RS Lending, at which time each Successful Bidder will pay the balance of the purchase price.

h.    The Successful Bidders will pay any title insurance premium.

i.    The Deposit shall be applied by the Debtor against the purchase price to be paid by the Successful Bidder at the closing of the transaction. In the event the Successful Bidder does not close said transaction by reason of its breach of the terms of its agreement with the Debtor, the Deposit shall be retained by the Debtor.

j.    The stipulated purchase price for each Property sold as part of a group shall be the determined by multiplying the accepted bid price for the group by a fraction with the numerator being the 2017 assessed value for that Property and the denominator being the 2017 assessed value of all lots in the group (the "Attributable Purchase Price"). Absent agreement between the Debtor and RS Lending to keep such a Property in the sale, if a Property's Attributable Purchase Price does not exceed its outstanding ad valorem taxes plus Attributable Administrative Costs (as defined in paragraph 20 below), such Property shall be removed from sale, shall no longer be an Auction Property, and the accepted bid amount shall be reduced by the Attributable Purchase Price for the Property.

k.    All Bidders shall be deemed to have consented to the core jurisdiction of the Court and to have waived any right to a jury trial in connection with any disputes relating to the Auction and/or the sale of the Auction Properties. All Bidders shall be bound by their bids until such time as the Court has entered an order approving the sale(s) to the Successful Bidder(s); provided, however, the Successful Bidder(s) will be bound by their bids until 5:00 p.m. (Eastern Time) on the day subsequent to the scheduled closing date of the sale to the Successful Bidder. If, for any reason, a Successful Bidder is unable to consummate a transaction within thirty (30) days after the Sale Approval Hearing, or such later date as may be agreed to by Debtor after consultation with RS Lending, the Successful Bidder's Deposit shall be paid to the Debtor. If for any reason the Debtor cannot close, the Deposit will be returned to the Successful Bidder.

3.    Subject to any appropriate proof provided at the Sale Approval Hearing, all Bidders participating in the Auction shall be deemed to be purchasing the Property in good faith, and each Successful Bidder shall be afforded the special protections provided in Bankruptcy Code § 363(m) and shall not be affected by any subsequent appeal reversing or modifying of the order authorizing this sale.

4.    The provisions of FRBP 6004(h) notwithstanding, the order approving the sale will be effective upon entry and will not be stayed.

5.    All Sales shall be subject to Court approval at the Sale Approval Hearing.

6.    All liens set forth in Exhibit A and Exhibit B are in rem claims against the related Property. The value of each Property under Section 506(a) of the Bankruptcy Code and the

14

maximum value of the claims on each Property for the purposes of 363(f)(3) of the Bankruptcy Code shall be determined by the Attributable Purchase Price less the Attributable Administrative Costs (as defined below Paragraph 21).

       7.     The Attributable Purchase Price less Attributable Administrative Costs (as defined below) shall determine the value of each Property under Section 506(a) of the Bankruptcy Code, and shall determine the value of the claims on each Property for the purposes of 363(f)(3) of the Bankruptcy Code.

       8.     All proceeds from the sale of the Auction Properties shall be placed in escrow with BCHH, Inc.

       9.     All gross proceeds of the sale (the "Gross Proceeds") shall be distributed by the Escrow Agent from escrow as soon as practicable after the entry of an order approving the sale and be distributed in the following order:

       (A)     First, to pay the following costs (the "Overall Administrative Costs"):

       (1)     All Broker's fees as allowed by the Court;

       (2)     All title and escrow fees and costs borne by the Debtor under the purchase agreement(s) and as allowed by the Court;

       (3)     Allowed administrative expenses of the estate under sections 507(a)(2) and 503(b) of the Bankruptcy Code that have not been paid by the Debtor's principal prior to the sale, but only to the extent such administrative expenses could have been surcharged against RS Lending under the standards of section 506(c) of the Bankruptcy Code; and

       (4)     Funding of a reserve equal to ten percent (10%) of the Gross Proceeds of the sale for Allowed Administrative Expenses related to the administration of the Claims asserted against the sale proceeds (the "Claims Administration Reserve").

The amounts distributed in (A)(1) through (A)(4) attributable to each Property will be determined by multiplying the total Overall Administrative Costs by a fraction with the numerator being the 2017 assessed value for that Property and the denominator being the 2017 assessed value of all Properties sold in the Auction (the "Attributable Administrative Costs").

       (B)     Second:

       (1)     to pay for each Property without disputed secured claims, and in an amount not to exceed that Attributable Purchase Price for the Property less the Attributable Administrative Costs, payoff of any Allowed Claims secured by the Property sold, including but not limited to prorated ad valorem property taxes;

       (2)     for each Property with disputed secured claims but with a large enough Attributable Purchase Price to cover (i) the Attributable Administrative Costs, (ii) the disputed secured claims, and (iii) the Allowed Claims secured by the property sold,

(a)  to pay the Allowed Claims for the Property, and

(b)   to place into a separate account, sufficient funds to provide for any disputed Claim secured by Property sold free and clear of such senior claim, lien or interest, with such disputed claim, lien or interest to attach to respective sale proceeds for the Property against which the disputed lien, claim or interest is asserted (a "Disputed Lien Claim Reserve Account").

(3)      for each Property with disputed secured claims but without a large enough Attributable Purchase Price to cover (i) the Attributable Administrative Costs, (ii) the disputed secured claims, and (iii) the Allowed Claims secured by the Property sold, place into a Disputed Lien Claim Reserve Account an amount equal to the Attributable Purchase Price less Attributable Administrative Costs to provide for any disputed Claims secured by Property sold free and clear of such claim, lien or interest, with such disputed claim, lien or interests and Allowed Claims to attach to the account.

(C)     Third, remaining proceeds for all Properties shall be distributed to RS Lending for application to, and not to exceed, the RS Lending Claims.

(D)     Fourth, after the claims in paragraphs (A) through (C) are paid in full, any remain proceeds will be paid to the Debtor and, if the Plan has been confirmed, shall be administered under the terms of the Plan.

(E)     To the extent funds are released from the Disputed Lien Claim Reserve Accounts or from the Claims Administration Reserve, such funds shall be distributed to RS Lending (or to the Debtor if all claims have been paid in full) within fifteen (15) calendar days after entry of an order releasing such funds from the Disputed Lien Claim Reserve Account or the Claims Administration Reserve, unless such order is stayed.

10.     The Debtor, or any other party in interest, shall have thirty days from September 7, 2018, the deadline set by the Court for creditors to file a proof of claim (Doc. no. 170) to file an objection to any disputed Claim.  The objections will be filed with the Court and may be served under thirty (30) days' negative notice under the negative notice procedures in the local rules for the Bankruptcy Court for the Middle District of Florida.  If a response to the objection is filed, the objection shall be set for hearing promptly.  Upon the resolution of Claims as to each Property, distribution of the net proceeds for that Property shall be made according to paragraph 9 above.

11.     The foregoing is a summary of, or is excerpted from, the Sale Procedures Order and the Exhibits to the Sale Procedures Order and to the extent the terms of this Plan are inconsistent with the Sale Procedures Order the terms of the Sale Procedures Order (including its Exhibits) shall govern.

**Classes of Claims Related to the Remaining Properties (Classes 224 through 227 and Subclasses)**.

1.      The Remaining Properties have attributes of title and physical condition such that the Debtor, after being advised by Broker and Escrow Agent, believes that sale by auction is not appropriate.

2.      The Debtor shall market and sell the Remaining Properties separately with the cooperation and approval of RS Lending by private sale, offering a three percent commission to buyer's brokers.  The Court shall reserve jurisdiction should the Debtor seek further relief from the Court to approve or close a sale. The distribution of the gross proceeds of any such sale shall be made in the same manner as set forth for distribution of the proceeds of the Auction Properties set forth above. The Remaining Properties which do not sell within a reasonable period of time, and after consultation with the Broker and RS Lending, shall, after notice and hearing, be abandoned.

F.      **Exemption from Transfer and Stamp Taxes**.  Pursuant to Section 1146(a) of the Code, the issuance, transfer or exchange of any security under this Plan or the making or delivery of any instrument of transfer pursuant to, in implementation of, or as contemplated by, this Plan or the re-vesting, transfer or sale of any real or personal property of the Debtor pursuant to, in implementation of, or as contemplated by, this Plan (including but not limited to the transfer of the Auction Properties and of the Remaining Properties as contemplated by this Plan and the Sale Procedures Order, including transfers through corrective deeds) shall not be taxed under any state or local law imposing a stamp tax, transfer tax or similar tax or fee.

## ARTICLE VII
## MEANS OF IMPLEMENTATION OF THE PLAN

A.      **General Overview of the Plan**. The distributions under the Plan will be funded principally by the sale of the Debtor's property.

B.      **Vesting of Certain Assets of the Estate in the Debtor**. On the Effective Date, except as otherwise expressly provided in the Plan and subject to reservation of jurisdiction by the Bankruptcy Court over Assets of the Estate as necessary to implement all aspects of the Sale Procedures Order and disposition of all proceeds of the Auction Properties and the Remaining Properties, all Assets of the Estate (including the Causes of Action) shall vest in the Reorganized Debtor, free and clear of any and all Liens, Debts, obligations, Claims, Cure Claims, Liabilities, encumbrances, and all other interests of every kind and nature, and the Confirmation Order shall so provide. As of the Effective Date, the Reorganized Debtor shall be responsible for the operation of the business, the management of the Assets, the pursuit of Causes of Action, the payment of Allowed Clams, and such other duties imposed by the Plan and the Confirmation Order. All privileges with respect to the Assets of the Debtor's Estate, including the attorney-client privilege, to which the Debtor is entitled shall automatically vest in, and may be asserted by or waived on behalf of, the Reorganized Debtor.

C.      **Corporate Existence**. The Debtor will continue to exist after the Effective Date as an LLC, with all of the powers of a for profit corporation under applicable law in the State of Florida and pursuant to its articles of organization and bylaws or other organizational documents in effect prior to the Effective Date, without prejudice to any right to terminate such existence (whether by merger, dissolution or otherwise) under applicable law after the Effective Date. On the Effective Date, title to the Assets shall vest in the Reorganized Debtor.

D.      **Management of the Reorganized Debtor Following the Effective Date**. On and after the Effective Date, the operation and management of the Reorganized Debtor shall be the responsibility of Keith Ingersoll, Managing Member of Ingersoll Financial LLC   From and after the Confirmation Date, the Reorganized Debtor shall have all powers accorded by law to put into effect and carry out the Plan and the Confirmation Order.

E.      **Corporate Action**. All matters provided for under the Plan involving the corporate structure of the Debtor, or any corporate action to be taken by or required of the Debtor, shall, as of the Effective Date, be deemed to have occurred and be effective as provided herein, and shall be authorized and approved in all respects without any requirement for further action by the director(s) of the Debtor.

F.      The Debtor has obtained title reports on the Properties to identify all holders of claims and interests ("Claimants") in the Properties.  The Debtor has employed BMC Group, Inc. as Noticing Agent to serve the Claimants and to administer the Proofs of Claims and Interests.

## ARTICLE VIII
## PROCEDURE FOR ALLOWING CLAIMS OR INTERESTS

The Debtor has scheduled all Claims that appear of record and are listed in the search conducted by BCHH.  The Court has set a claims bar date for claimants for September 7, 2018.  The Debtor and other parties in interest shall have thirty days from the claims bar date to file an objection to any Claim, other than to an Allowed Claim.  The objections will be filed with the court and may be served under thirty days negative notice under the negative notice procedures in the local rules for the Bankruptcy Court for the Middle District of Florida.  If a response to the objection is filed, the objection shall be set for hearing.

A.      **Pursuit of Causes of Action**.

l.      Except as provided in the RS Lending Settlement Agreement, on the Effective Date, the Causes of Action shall be vested in the Reorganized Debtor, except to the extent a Creditor or other third party has been specifically released from any Cause of Action by the terms of the Plan or by a Final Order of the Bankruptcy Court, provided, however, the right to pursue Causes of Action shall vest in the Reorganized Debtor. The Reorganized Debtor will have the rights, powers and privileges, to pursue, not pursue, settle, release or enforce any Causes of Action without seeking any approval from the Bankruptcy Court. The Debtor is not currently in a position to express an opinion on the merits of any of the Causes of Action or on the recoverability of any amounts as a result of any such Causes of Action.  Any party in interest that engaged in business or other transactions with the Debtor Prepetition or that received payments from the Debtor Prepetition may be subject to litigation to the extent that applicable bankruptcy or non-bankruptcy

law supports such litigation.

2.      No Creditor or other party should vote for the Plan or otherwise rely on the Confirmation of the Plan or the entry of the Confirmation Order in order to obtain, or on the belief that it will obtain, any defense to any Cause of Action. No Creditor or other party should act or refrain from acting on the belief that it will obtain any defense to any Cause of Action. ADDITIONALLY, THE PLAN DOES NOT, AND IS NOT INTENDED TO, RELEASE ANY CAUSES OF ACTION OR OBJECTIONS TO CLAIMS, AND ALL SUCH RIGHTS ARE SPECIFICALLY RESERVED IN FAVOR OF THE DEBTOR. Creditors are advised that legal rights, claims and rights of action the Debtor may have against them, if they exist, are retained under the Plan for prosecution by the Reorganized Debtor unless a specific order of the Bankruptcy Court authorizes the Debtor to release such claims. As such, Creditors are cautioned not to rely on (i) the absence of the listing of any legal right, claim or right of action against a particular Creditor in the Disclosure Statement, the Plan, or the Schedules, or (ii) the absence of litigation or demand prior to the Effective Date of the Plan as any indication that the Debtor does not possess or does not intend to prosecute a particular claim or Cause of Action if a particular Creditor votes to accept the Plan.  It is the expressed intention of the Plan to preserve rights, objections to Claims, and rights of action of the Debtor, whether now known or unknown, for the benefit of the Debtor's Estate. A Cause of Action shall not, under any circumstances, be waived as a result of the failure of the Debtor to describe such Cause of Action with specificity in the Plan or the Disclosure Statement; nor shall the Debtor, as a result of such failure, be estopped or precluded under any theory from pursuing such Cause of Action.  Nothing in the Plan operates as a release of any of the Causes of Action, except as expressly provided otherwise.

3.      The Debtor does not presently know the full extent of the Causes of Action, and for purposes of voting on the Plan, all Creditors are advised that the Debtor and accordingly the Reorganized Debtor will have substantially the same rights that a Chapter 7 trustee would have with respect to the Causes of Action. Accordingly, neither a vote to accept the Plan by any Creditor nor the entry of the Confirmation Order will act as a release, waiver, bar or estoppel of any Cause of Action against such Creditor or any other Person or Entity, unless such Creditor, Person or Entity is specifically identified by name as a released party in the Plan, in the Confirmation Order, or in any other Final Order of the Bankruptcy Court. Confirmation of the Plan and entry of the Confirmation Order is not intended to and shall not be deemed to have any *res judicata* or collateral estoppel or other preclusive effect that would precede, preclude, or inhibit prosecution of such Causes of Action following Confirmation of the Plan.

4.      Except as provided in the Settlement Agreement between the Debtor and RS Lending, the Reorganized Debtor reserves the right to pursue any or none of the Causes of Action in its sole discretion.

**B.      Exclusivity Period**. The Debtor retains the exclusive right to amend or modify the Plan, and to solicit acceptances of any amendments to or modifications of the Plan, through and until the Effective Date.

## ARTICLE IX
## RETENTION OF JURISDICTION

**A.**   **General Retention**. Notwithstanding the entry of the Confirmation Order and the occurrence of the Effective Date, until the Liquidation Case is closed, the Bankruptcy Court shall retain the fullest and most extensive jurisdiction of the Liquidation Case that is permitted by applicable law, including that necessary to ensure that the purposes and intent of the Plan are carried out.

**B.**   **Specific Purposes**. After Confirmation of the Plan and until the Liquidation Case is closed, the Bankruptcy Court shall retain jurisdiction of the Liquidation Case for the following specific purposes:

1.   to allow, disallow, determine, liquidate, classify, estimate or establish the priority or secured or unsecured status of any Claim, including the resolution of any application for an Administrative Expense Claim, and to determine any and all objections to the allowance or priority of Claims;

2.   to determine any and all cases, controversies, suits or disputes arising under or relating to the Liquidation Case, the Plan or the Confirmation Order;

3.   to determine any and all applications for allowance of compensation of Professionals and reimbursement of expenses under Sections 330, 331 or 503(b) of the Bankruptcy Code arising out of or relating to the Liquidation Case;

4.   to enforce, interpret and administer the terms and provisions of the Plan;

5.   to modify any provisions of the Plan to the fullest extent  permitted by the Bankruptcy Code and the Bankruptcy Rules;

6.   to consider and act on the compromise and settlement of any Claim against the Debtor or the Estate;

7.   to assure the performance by the Debtor or the Reorganized Debtor of their obligations under the Plan, including disposition of proceeds of the sale of the Auction Properties and the Remaining Properties as contemplated by the Sale Procedures Order and this Plan;

8.   to correct any defect, cure any omission, reconcile any inconsistency or make any other necessary changes or modifications in or to the Disclosure Statement, the Plan, the Confirmation Order, or any exhibits or schedules to the foregoing, as may be necessary or appropriate to carry out the purposes and intent of the Plan, including the adjustment of the date(s) of performance under the Plan in the event the Effective Date does not occur as provided herein so that the intended effect of the Plan may be substantially realized thereby;

9.   to enforce all orders, judgments, injunctions and rulings entered in connection with the Liquidation Case;

      10.    to review and approve any sale or transfer of assets or Property by the Debtor or the Reorganized Debtor as applicable, including prior to or after the date of the Plan and including all sales contemplated by the Sale Procedures Order and this Plan, and to determine all questions and disputes regarding such sales or transfers;

      11.    to determine all questions and disputes regarding title to the assets of the Debtor or its Estate;

      12.    to issue injunctions, enter and implement other orders or take such other actions as may be necessary or appropriate to restrain interference by any Person or Entity with consummation, implementation or enforcement of the Plan or the Confirmation Order;

      13.    to determine any other matters that may arise in connection with or relating to the Plan, the Disclosure Statement, or the Confirmation Order;

      14.    to enforce the obligations of any purchaser of any assets of the Debtor; and

      15.    to enter an order concluding and terminating the Liquidation Case.

    **C.**    **Closing of the Liquidation Case**. The Bankruptcy Court shall retain jurisdiction of the Liquidation Case to enter an order reopening the Liquidation Case after it has been closed.

**ARTICLE X**
**MISCELLANEOUS PROVISIONS**

    **A.**    **Further Assurances**. The Debtor and/or the Reorganized Debtor as applicable agrees, and is hereby authorized, to execute and deliver any and all papers, documents, contracts, agreements and instruments that may be necessary to carry out and implement the terms and conditions of the Plan.

    **B.**    **Notices**. All notices, requests or other documents in connection with, or required to be served by, the Plan shall be in writing and shall be sent by first class United States mail, postage prepaid, or by overnight delivery by a recognized courier service, to the Debtor or the Reorganized Debtor, INGERSOLL FINANCIAL, LLC, Attn. Keith Ingersoll, Managing Member, 2 South Orange Avenue, Suite 202, Orlando, FL 32801, with a copy to Frank M. Wolff, Esquire, Frank Martin Wolff, P.A., 19 E. Central Blvd., Orlando, FL 32801.

    **C.**    **Governing Law**. Except to the extent that federal law (including the Bankruptcy Code or the Bankruptcy Rules) is applicable, or where the Plan or the provision of any contract, instrument, release, indenture or other agreement or document entered into in connection with the Plan provides otherwise, the rights and obligations arising under the Plan shall be governed by, and construed and enforced in accordance with, the laws of the State of Florida, without giving effect to the principles of conflicts of law thereof.

21

**D.      Limitation on Allowance**. No attorneys' fees, punitive damages, penalties, exemplary damages, or interest shall be paid with respect to any Claim except as otherwise specified in the Plan or as Allowed by a Final Order of the Bankruptcy Court.

**E.      Confirmation Order and Plan Control**. To the extent the Confirmation Order or the Plan is inconsistent with the Disclosure Statement or any agreement entered into between the Debtor and any third party, unless otherwise expressly provided in the Plan or the Confirmation Order, the Confirmation Order and the Plan shall control over the Disclosure Statement and any such agreement. Except as otherwise set forth in this Plan, the Confirmation Order (and any other Final Orders of the Bankruptcy Court) shall be construed together and consistent with the terms of the Plan; provided, however, to the extent the Confirmation Order is inconsistent with the Plan, the Confirmation Order shall control over the Plan.

**F.      Computation of Time**. In computing any period of time prescribed or allowed by the Plan, the provisions of Bankruptcy Rule 9006(a) shall apply.

**G.      No Liability for Solicitation**. Pursuant to Section 1125(e) of the Bankruptcy Code, any Person that solicits acceptances or rejections of the Plan, in good faith and in compliance with the applicable provisions of the Bankruptcy Code, shall not be liable, on account of such solicitation, for violation of any applicable law, rule, or regulation governing the solicitation of acceptances or rejections of the Plan.

INGERSOLL FINANCIAL, LLC

Dated: 08/23/18                     By: /s/ Keith Ingersoll_____
                                         Keith Ingersoll, Managing Member

/s/ Frank M. Wolff_____
Frank M. Wolff
Frank Martin Wolff, P.A.
19 E. Central Blvd.
Orlando, FL 32801
Telephone:  (407) 982-4448
Facsimile:  (407) 386-3364
Email: fwolff@fwolfflaw.com

Counsel for Debtor and
Debtor-in-Possession

**EXHIBIT A**

**AUCTION PROPERTIES**

| Class # | Sub Class | Property Name | State | Lien Nature |
|---|---|---|---|---|
| 12 | | 1312 Princeton Ave SW, Birmingham, AL 35201 | AL | |
| | a | Unknown party in possession | | |
| | b | JEFFERSON COUNTY-BIRMINGHAM | | PROPERTY TAXES |
| | f | Secured Claim of RS Lending | | |
| | | | | |
| 13 | | 136 Lee Road 0270, Phenix City, AL 36870 | AL | |
| | a | Unknown party in possession | | |
| | b | Lee County Revenue Commissioner | | PROPERTY TAXES |
| | f | Secured Claim of RS Lending | | |
| | | | | |
| 14 | | 1603 14th Ave. Phenix City, AL 36867 | AL | |
| | a | Unknown party in possession | | |
| | b | Russell Co Revenue Commissioner | | PROPERTY TAXES |
| | f | Secured Claim of RS Lending | | |
| | | | | |
| 15 | | 1656 50TH ST E, BIRMINGHAM AL 35208 | AL | |
| | a | Unknown party in possession | | |
| | b | Jefferson Co Tax Collector | | PROPERTY TAXES |
| | e | HARGROVE BRANDFORD HR | | |
| | f | Secured Claim of RS Lending | | |
| | | | | |
| 16 | | 1709 MAGLEE AVE, WHISTLER AL 36612 | AL | |
| | a | Unknown party in possession | | |
| | b | MOBILE CO COMMISSIONER | | PROPERTY TAXES |
| | e | KIM HASTIE | | LIEN |
| | f | Secured Claim of RS Lending | | |
| | | | | |
| 17 | | 17415 HWY 55, STERRETT AL 35147 | AL | |
| | a | Unknown party in possession | | |
| | b | SHELBY CO TAX COLLECTOR | | PROPERTY TAXES |
| | f | Secured Claim of RS Lending | | |
| | | | | |
| 18 | | 208 GARDENDALE DR, MONTGOMERY AL 36110 | AL | |
| | a | Unknown party in possession | | |
| | b | MONTGOMERY CO  COMMISSIONER | | PROPERTY TAXES |
| | c | MONTGOMERY CO  COMMISSIONER | | NUISANCE VIOLATIONS |
| | c | STATE OF ALABAMA | | WEED LIEN |
| | f | Secured Claim of RS Lending | | |
| | | | | |
| 19 | | 2443 COUNTY ROAD 37, BILLINGSLEY AL 36006 | AL | |
| | a | Unknown party in possession | | |
| | b | AUTAUGA CO TAX COLLECTOR | | PROPERTY TAXES |
| | e | TL INVESTMENTS | | LIEN |
| | f | Secured Claim of RS Lending | | |
| | | | | |
| 20 | | 256 WOOLEY RD, HANCEVILLE AL 35077 | AL | |
| | a | Unknown party in possession | | |
| | b | CULLMAN CO COMMISSIONER | | PROPERTY TAXES |
| | f | Secured Claim of RS Lending | | |
| | | | | |
| 21 | | 2801 COUNTRY CT, MONTGOMERY AL 36116 | AL | |
| | a | Unknown party in possession | | |
| | b | MONTGOMERY CO COMMISSIONER | | PROPERTY TAXES |
| | f | Secured Claim of RS Lending | | |
| | | | | |
| 22 | | 295 3RD ST SW, ASHLAND, AL 36251 | AL | |
| | a | Unknown party in possession | | |
| | b | Clay Co Revenue Commissioner | | PROPERTY TAXES |
| | f | Secured Claim of RS Lending | | |
| | | | | |
| 23 | | 3257 DOGWOOD RD, MOBILE AL 36602 | AL | |
| | a | Unknown party in possession | | |
| | b | MOBILE CO COMMISSIONER | | PROPERTY TAXES |

| | | | | |
|---|---|---|---|---|
| | f | Secured Claim of RS Lending | | |
| | | | | |
| 24 | | 3700 RACEWAY PKWY, MOUNT OLIVE AL 35117 | AL | |
| | a | Unknown party in possession | | |
| | b | JEFFERSON CO TAX COLLECTOR | | PROPERTY TAXES |
| | f | Secured Claim of RS Lending | | |
| | | | | |
| 25 | | 4309 9TH AVE, BIRMINGHAM AL 35224 | AL | |
| | a | Unknown party in possession | | |
| | b | Jefferson Co-Bessemer Asst Tax Collector | | PROPERTY TAXES |
| | e | MEDICAL WEST | | HOSPITAL CARE |
| | f | Secured Claim of RS Lending | | |
| | | | | |
| 26 | | 5409 COURT H, BIRMINGHAM AL 35201 | AL | |
| | a | Unknown party in possession | | |
| | b | JEFFERSON CO TAX COLLECTOR | | PROPERTY TAXES |
| | f | Secured Claim of RS Lending | | |
| | | | | |
| 27 | | 7016 2ND AVE S, BIRMINGHAM AL 35201 | AL | |
| | a | Unknown party in possession | | |
| | b | JEFFERSON CO TAX COLLECTOR | | PROPERTY TAXES |
| | d | Jefferson Co Commissioner | | UTILITY LIEN |
| | f | Secured Claim of RS Lending | | |
| | | | | |
| 28 | | 7804 8TH AVE S, BIRMINGHAM AL 35201 | AL | |
| | a | Unknown party in possession | | |
| | b | JEFFERSON CO TAX COLLECTOR | | PROPERTY TAXES |
| | d | Jefferson Co Commissioner | | UTILITY LIEN |
| | f | Secured Claim of RS Lending | | |
| | | | | |
| 29 | | 828 OVERTON AVE, TARRANT AL 35217 | AL | |
| | a | Unknown party in possession | | |
| | b | JEFFERSON CO TAX COLLECTOR | | PROPERTY TAXES |
| | c | JEFFERSON CO SEWER BILLING | | WEED LIEN |
| | f | Secured Claim of RS Lending | | |
| | | | | |
| 30 | | 907 N 13TH ST, LANETT AL 36863 | AL | |
| | a | Unknown party in possession | | |
| | b | Chambers Co Revenue Commissioner | | PROPERTY TAXES |
| | e | ROBERTINE BARNES | | LIEN |
| | f | Secured Claim of RS Lending | | |
| | | | | |
| 31 | | 111 POSTON ROAD, JACKSONVILLE AR 72076 | AR | |
| | a | Unknown party in possession | | |
| | b | COMMISSIONER OF STATE LANDS | | PROPERTY TAXES |
| | f | Secured Claim of RS Lending | | |
| | | | | |
| 32 | | 1509 W 23RD AVE, PINE BLUFF AR 71601 | AR | |
| | a | Unknown party in possession | | |
| | b | JEFFERSON CO | | PROPERTY TAXES |
| | c | CITY OF PINE BLUFF | | GRASS & WEED VIOLATION |
| | f | Secured Claim of RS Lending | | |
| | | | | |
| 33 | | 2005 ABIGAIL ST, LITTLE ROCK AR 72204 | AR | |
| | a | Unknown party in possession | | |
| | b | PULASKI CO TREASURER | | PROPERTY TAXES |
| | b | COMMISSIONER OF STATE LANDS | AR | PROPERTY TAXES |
| | f | Secured Claim of RS Lending | | |
| | | | | |
| 34 | | 2625 CLAUD RD, WHITE HALL AR 71602 | AR | |
| | a | Unknown party in possession | | |
| | b | STEPHANIE STANTON, TAX COLLECTOR | | PROPERTY TAXES |
| | f | Secured Claim of RS Lending | | |
| | | | | |
| 35 | | 3124 ELAM ST, LITTLE ROCK AR 72204 | AR | |
| | a | Unknown party in possession | | |

| | | | | |
|---|---|---|---|---|
| | b | PULASKI CO TREASURER | | PROPERTY TAXES |
| | f | Secured Claim of RS Lending | | |
| | | | | |
| 36 | | 4011 W 11TH AVE, PINE BLUFF AR 71601 | AR | |
| | a | Unknown party in possession | | |
| | b | JEFFERSON COUNTY TAX COLLECTOR | | PROPERTY TAXES |
| | f | Secured Claim of RS Lending | | |
| | | | | |
| 37 | | 55 VALLEY HEART DR, HIGHLAND AR 72542 | AR | |
| | a | Unknown party in possession | | |
| | b | SHARP CO COLLECTOR | | PROPERTY TAXES |
| | f | Secured Claim of RS Lending | | |
| | | | | |
| 38 | | 557 SUNSHINE ST, WALDRON AR 72958 | AR | |
| | a | Unknown party in possession | | |
| | b | SCOTT CO TAX COLLECTOR | | PROPERTY TAXES |
| | f | Secured Claim of RS Lending | | |
| | | | | |
| 39 | | 900 WEBSTER ST, BLYTHEVILLE AR 72315 | AR | |
| | a | Unknown party in possession | | |
| | b | COMMISSIONER OF STATE LANDS | | PROPERTY TAXES |
| | b | CHICKASAWBA TAX COLLECTOR | | PROPERTY TAXES |
| | c | CITY OF BLYTHEVILLE | | OPEN CODE VIOLATIONS |
| | f | Secured Claim of RS Lending | | |
| | | | | |
| 40 | | 19940 SW 109th Pl, Dunnelleon, FL  34432 | FL | |
| | a | Unknown party in possession | | |
| | b | Marion Co Tax Collector | | PROPERTY TAXES |
| | c | Marion County Code Enforcement | | CODE ENFORCEMENT |
| | f | Secured Claim of RS Lending | | |
| | | | | |
| 41 | | 2443 ELM DR, COLUMBUS GA 31901 | GA | |
| | a | Unknown party in possession | | |
| | b | MUSCOGEE CO TAX COMMISSION | | PROPERTY TAXES |
| | e | COLUMBUS ALUMINUM INC | | Total of Principal, Interest & Court Costs |
| | f | Secured Claim of RS Lending | | |
| | | | | |
| 42 | | 255 Friendship Cir, Fort Valley, GA | GA | |
| | a | Unknown party in possession | | |
| | b | Peach Co Tax Commissioner | | PROPERTY TAXES |
| | f | Secured Claim of RS Lending | | |
| | | | | |
| 43 | | 358 7TH AVE NE, DAWSON GA 39842 | GA | |
| | a | Unknown party in possession | | |
| | b | DAWSON CITY TAX COLLECTOR | | PROPERTY TAXES |
| | b | TERRELL CO TAX COLLECTOR | | PROPERTY TAXES |
| | f | Secured Claim of RS Lending | | |
| | | | | |
| 44 | | 427 W MONROE ST, THOMASVILLE GA 31792 | GA | |
| | a | Unknown party in possession | | |
| | b | CITY OF THOMASVILLE | | PROPERTY TAXES |
| | b | THOMAS CO TAX COMMISSIONER | | PROPERTY TAXES |
| | f | Secured Claim of RS Lending | | |
| | | | | |
| 45 | | 485 CARLYENE DR, MIDWAY GA 31320 | GA | |
| | a | Unknown party in possession | | |
| | b | LIBERTY CO TAX COLLECTOR | | PROPERTY TAXES |
| | f | Secured Claim of RS Lending | | |
| | | | | |
| 46 | | 217 S 1ST ST, LAURENS IA 50554 | IA | |
| | a | Unknown party in possession | | |
| | b | POCAHONTAS CO TREASURER | | PROPERTY TAXES |
| | f | Secured Claim of RS Lending | | |
| | | | | |
| 47 | | 625 3RD AVE , S, CLINTON IA 52732 | IA | |
| | a | Unknown party in possession | | |

| | | | | |
|---|---|---|---|---|
| | b | CLINTON CO TAX COLLECTOR | | PROPERTY TAXES |
| | c | CITY OF CLINTON | | OPEN CODE VIOLATIONS |
| | f | Secured Claim of RS Lending | | |
| | | | | |
| 48 | | **918 W 14TH ST, DAVENPORT IA 52801** | **IA** | |
| | a | Unknown party in possession | | |
| | b | SCOTT CO TREASURER | | PROPERTY TAXES |
| | c | DAVENPORT PUBLIC WORKS | | WEED LIEN |
| | f | Secured Claim of RS Lending | | |
| | | | | |
| 49 | | **1217 EAST 5TH ST, ALTON IL 62002** | **IL** | |
| | a | Unknown party in possession | | |
| | b | MADISON COUNTY TREASURER | | PROPERTY TAXES |
| | c | COMPTROLLER | | CODE VIOLATION - WEEDS |
| | c | STATE OF ILLINOIS | | WEED LIENS |
| | e | INTERNAL REVENUE SERVICE | | FEDERAL TAX LIEN |
| | f | Secured Claim of RS Lending | | |
| | | | | |
| 50 | | **1508 PARK LN, FORD HEIGHTS IL 60411** | **IL** | |
| | a | Unknown party in possession | | |
| | b | TREASURER OF COOK CO | | PROPERTY TAXES |
| | d | Ford Heights Water Utility | | UTILITY LIEN |
| | e | INTERNAL REVENUE SERVICE | | FEDERAL TAX LIEN |
| | f | Secured Claim of RS Lending | | |
| | | | | |
| 51 | | **1511 7TH ST W, ROCK ISLAND IL 61291** | **IL** | |
| | a | Unknown party in possession | | |
| | b | ROCK ISLAND CO TREASURER | | PROPERTY TAXES |
| | c | AMANDA RODELL | | WEED  VIOLATION |
| | c | CITY OF ROCK ISLAND | | Municipal lien |
| | d | CITY OF ROCK ISLAND | | UTILITY LIEN |
| | f | Secured Claim of RS Lending | | |
| | | | | |
| 52 | | **1638 N 48TH ST, EAST ST. LOUIS IL 62201** | **IL** | |
| | a | Unknown party in possession | | |
| | b | ST CLAIR CO TREASURER | | PROPERTY TAXES |
| | e | HEAVNER SCOTT BEYERS & MIHLAR LLC | | NOTE AND MORTGAGE |
| | e | PIERCE & ASSOCIATES | | SUBSISTING LIEN |
| | f | Secured Claim of RS Lending | | |
| | | | | |
| 53 | | **23 S 16th St, Belleville, IL 62220** | **IL** | |
| | a | Unknown party in possession | | |
| | b | ST CLAIR CO TREASURER | | PROPERTY TAXES |
| | c | STATE OF ILLINOIS | | WEED LIEN |
| | c | CITY OF BELLEVILLE | | HEALTH & HOUSING CODE VIOLATION |
| | d | CITY OF BELLEVILLE | | UTILITY LIEN |
| | f | Secured Claim of RS Lending | | |
| | | | | |
| 54 | | **254 E 136TH ST, CHICAGO IL 60601** | **IL** | |
| | a | Unknown party in possession | | |
| | b | TREASURER OF COOK CO | | PROPERTY TAXES |
| | c | CITY OF CHICAGO- DEPT LAW | | |
| | d | CITY OF CHICAGO | | UTILITY LIEN |
| | e | ROBERTS & WEDDLE LLC | | ORDER |
| | e | GOLDMAN & GRANT | | ORDER |
| | f | Secured Claim of RS Lending | | |
| | | | | |
| 55 | | **305 MEREDOCIA ST, MADISON IL 62060** | **IL** | |
| | a | Unknown party in possession | | |
| | b | MADISON CO TREASURER | | PROPERTY TAXES |
| | d | Metro East Sanitary District | | UTILITY LIEN |
| | f | Secured Claim of RS Lending | | |
| | | | | |
| 56 | | **316 N HORN ST, WEST FRANKFORT IL 62896** | **IL** | |
| | a | Unknown party in possession | | |
| | b | ROCK ISLAND CO TREASURER | | PROPERTY TAXES |

| | | | | |
|---|---|---|---|---|
| | f | Secured Claim of RS Lending | | |
| | | | | |
| 57 | | **354 E FULTON, PAXTON IL 60957** | IL | |
| | a | Unknown party in possession | | |
| | b | FORD COUNTY TREASURER | | PROPERTY TAXES |
| | c | CITY OF PAXTON | | |
| | d | Paxton Water Dept | | UTILITY LIEN |
| | f | Secured Claim of RS Lending | | |
| | | | | |
| 58 | | **3919 W GRENSHAW ST, CHICAGO IL 60601** | IL | |
| | a | Unknown party in possession | | |
| | b | TREASURER OF COOK CO | | PROPERTY TAXES |
| | c | CITY OF CHICAGO | | |
| | e | CITY OF CHICAGO DEPT OF LAW | | LIEN FOR DEMOLITION |
| | f | Secured Claim of RS Lending | | |
| | | | | |
| 59 | | **5949 S UNION AVE, CHICAGO IL 60601** | IL | |
| | a | Unknown party in possession | | |
| | b | TREASURER OF COOK CO | | PROPERTY TAXES |
| | d | CITY OF CHICAGO | | UTILITY LIEN |
| | e | CITY OF CHICAGO | | JUDGMENTS, JUDGMENT LIENS |
| | e | ROBERTS & WEDDLE LLC | | ORDERS |
| | f | Secured Claim of RS Lending | | |
| | | | | |
| 60 | | **605 W 9TH ST, JOHNSTON CITY IL 62951** | IL | |
| | a | Unknown party in possession | | |
| | b | WILLIAMSON CO TREASURER | | PROPERTY TAXES |
| | e | CITY OF JOHNSTON CITY | | NOTICE OF LIEN |
| | f | Secured Claim of RS Lending | | |
| | | | | |
| 61 | | **617 ABEND ST, BELLEVILLE IL 62220** | IL | |
| | a | Unknown party in possession | | |
| | b | ST. CLAIR CO COLLECTOR | | PROPERTY TAXES |
| | d | City of Belleview Treasurer | | UTILITY LIEN |
| | f | Secured Claim of RS Lending | | |
| | | | | |
| 62 | | **6525 S MARSHFIELD AVE, CHICAGO IL 60636** | IL | |
| | a | Unknown party in possession | | |
| | b | TREASURER OF COOK CO | | PROPERTY TAXES |
| | e | GOLDMAN & GRANT | | JUDGEMENT |
| | e | TONEY GREEN CONSTRUCTION | | MECHANICS LIEN |
| | e | ROBERTS & WEDDLE LLC | | ORDER |
| | f | Secured Claim of RS Lending | | |
| | | | | |
| 63 | | **6948 S CARPENTER ST, CHICAGO IL 60601** | IL | |
| | a | Unknown party in possession | | |
| | b | TREASURER OF COOK CO | | PROPERTY TAXES |
| | d | City of Chicago | | UTILITY LIEN |
| | f | Secured Claim of RS Lending | | |
| | | | | |
| 64 | | **713 S WALNUT ST, SESSER IL 62884** | IL | |
| | a | Unknown party in possession | | |
| | b | FRANKLIN CO TREASURER | | PROPERTY TAXES |
| | c | CITY OF SESSER | | OPEN CODE VIOLATIONS. |
| | d | Sesser Water Dept | | UTILITY LIEN |
| | f | Secured Claim of RS Lending | | |
| | | | | |
| 65 | | **8345 S BALTIMORE AVE, CHICAGO IL 60601** | IL | |
| | a | Unknown party in possession | | |
| | b | TREASURER OF COOK CO | | PROPERTY TAXES |
| | c | GOLDMAN & GRANT | | WEED LIEN |
| | f | Secured Claim of RS Lending | | |
| | | | | |
| 66 | | **919 GLENVIEW DR, TUSCOLA, IL 61953** | IL | |
| | a | Unknown party in possession | | |
| | b | Douglas Co Treasurer | | PROPERTY TAXES |

| | f | Secured Claim of RS Lending | | |
|---|---|---|---|---|
| | | | | |
| 67 | | **1108 BANCROFT AVE, ROCHESTER IN 46975** | IN | |
| | a | Unknown party in possession | | |
| | b | FULTON COUNTY TREASURER | | PROPERTY TAXES |
| | f | Secured Claim of RS Lending | | |
| | | | | |
| 68 | | **1326 N EWING STREET, INDIANAPOLIS IN 46218** | IN | |
| | a | Unknown party in possession | | |
| | b | MARION CO TREASURERS OFFICE | | PROPERTY TAX LIEN |
| | c | MARION CO TREASURER | | CODE VIOLATION |
| | c | DEPT OF CODE ENFORCEMENT | | CODE VIOLATION |
| | e | MARION CO PUBLIC HEALTH | | BILLING LETTER |
| | e | ACME FLOOR COVERING INC. | | |
| | f | Secured Claim of RS Lending | | |
| | | | | |
| 69 | | **13424 HARBER, YODER IN 46798** | IN | |
| | a | Unknown party in possession | | |
| | b | ALLEN CO TREASURER | | PROPERTY TAXES |
| | f | Secured Claim of RS Lending | | |
| | | | | |
| 70 | | **1619 W 6TH ST, ANDERSON IN 46011** | IN | |
| | a | Unknown party in possession | | |
| | b | MADISON CO TREASURER | | PROPERTY TAXES |
| | d | Anderson City Utilties | | UTILITY LIEN |
| | f | Secured Claim of RS Lending | | |
| | | | | |
| 71 | | **1912 MARYLAND ST, GARY IN 46407** | IN | |
| | a | Unknown party in possession | | |
| | b | LAKE COUNTY TREASURER | | PROPERTY TAXES |
| | d | Gary Sanitary District | | UTILITY LIEN |
| | f | Secured Claim of RS Lending | | |
| | | | | |
| 72 | | **2652 BUCHANAN ST, GARY IN 46402** | IN | |
| | a | Unknown party in possession | | |
| | b | LAKE COUNTY TREASURER | | PROPERTY TAXES |
| | d | Gary Indiana Law Dept | | UTILITY LIEN |
| | f | Secured Claim of RS Lending | | |
| | | | | |
| 73 | | **2749 JACKSON ST, GARY IN 46402** | IN | |
| | a | Unknown party in possession | | |
| | b | LAKE COUNTY TREASURER | | PROPERTY TAXES |
| | d | Gary Sanitary District | | UTILITY LIEN |
| | f | Secured Claim of RS Lending | | |
| | | | | |
| 74 | | **2810 E 34TH ST, INDIANAPOLIS IN 46218** | IN | |
| | a | Unknown party in possession | | |
| | b | MARION COUNTY TREASURER | | PROPERTY TAXES |
| | c | MARION COUNTY TREASURER | | WEEDS LIEN |
| | c | STATE OF INDIANA | | WEED LIENS |
| | f | Secured Claim of RS Lending | | |
| | | | | |
| 75 | | **33 N HILLSIDE DR, MANCHESTER IN 46962** | IN | |
| | a | Unknown party in possession | | |
| | b | WABASH COUNTY TREASURER | | PROPERTY TAXES |
| | d | Laketon Area Regional Sewer District | | SEWER CHARGES |
| | d | WABASH CO WASTEWATER | | UTILITY LIEN |
| | f | Secured Claim of RS Lending | | |
| | | | | |
| 76 | | **3423 N SHERMAN DR, INDIANAPOLIS IN 46218** | IN | |
| | a | Unknown party in possession | | |
| | b | MARION COUNTY TREASURER | | PROPERTY TAXES |
| | c | CITY OF INDIANAPOLIS | IN | FAILURE TO REPAIR PENALTY NOTICE |
| | c | MARION COUNTY TREASURER | IN | OPEN CODE VIOLATIONS |
| | f | Secured Claim of RS Lending | | |
| | | | | |

6

| 77 | | 3801 PENNSYLVANIA ST, GARY IN 46402 | IN | |
|---|---|---|---|---|
| | a | Unknown party in possession | | |
| | b | LAKE COUNTY TREASURER | | PROPERTY TAXES |
| | b | Lake County Auditor | | PROPERTY TAXES |
| | b | Mountain View LLC | | TAX CERTIFICATE |
| | d | Gary Sanitary District | | UTILITY LIEN |
| | f | Secured Claim of RS Lending | | |
| | | | | |
| 78 | | 3861 POLK ST, GARY IN 46402 | IN | |
| | a | Unknown party in possession | | |
| | b | LAKE COUNTY TREASURER | | PROPERTY TAXES |
| | d | Gary Sanitary District | | UTILITY LIEN |
| | f | Secured Claim of RS Lending | | |
| | | | | |
| 79 | | 41 HELTONVILLE LN, HELTONVILLE IN 47436 | IN | |
| | a | Unknown party in possession | | |
| | b | LAWRENCE CO TREASURER | | PROPERTY TAXES |
| | f | Secured Claim of RS Lending | | |
| | | | | |
| 80 | | 412 TYLER ST, GARY IN 46402 | IN | |
| | a | Unknown party in possession | | |
| | b | LAKE COUNTY TREASURER | | PROPERTY TAXES |
| | c | GARY IN LAW DEPT | | CODE VIOLATIONS |
| | d | Gary Sanitary District | | UTILITY LIEN |
| | e | INTERNAL REVENUE SERVICE | | TAX PERIOD ENDING 12/31/2006 |
| | f | Secured Claim of RS Lending | | |
| | | | | |
| 81 | | 4120 ADAMS ST, GARY IN 46402 | IN | |
| | a | Unknown party in possession | | |
| | b | LAKE COUNTY TREASURER | | PROPERTY TAXES |
| | d | Gary Sanitary District | | UTILITY LIEN |
| | f | Secured Claim of RS Lending | | |
| | | | | |
| 82 | | 413 N 921 W, FOWLER IN 47944 | IN | |
| | a | Unknown party in possession | | |
| | b | BENTON CO TREASURER | | PROPERTY TAXES |
| | f | Secured Claim of RS Lending | | |
| | | | | |
| 83 | | 415 W FRANKLIN ST, HARTFORD CITY IN 47348 | IN | |
| | a | Unknown party in possession | | |
| | b | BLACKFORD CO TREASURER | | PROPERTY TAXES |
| | c | HARTFORD CITY CLERK | | CODE VIOLATION |
| | d | Hartford City IN Police Dept | | UTILITY LIEN |
| | f | Secured Claim of RS Lending | | |
| | | | | |
| 84 | | 4456 PENNSYLVANIA ST, GARY IN 46402 | IN | |
| | a | Unknown party in possession | | |
| | b | LAKE COUNTY TREASURER | | PROPERTY TAXES |
| | c | GARY IN LAW DEPT | | CODE VIOLATION - WEEDS |
| | f | Secured Claim of RS Lending | | |
| | | | | |
| 85 | | 455 W HENDRICKS ST, SHELBYVILLE IN 46176 | IN | |
| | a | Unknown party in possession | | |
| | b | Shelby Co Treasurer | | PROPERTY TAXES |
| | c | CITY OF SHELBYVILLE | | CODE VIOLATIONS |
| | d | SHELBYVILLE PUBLIC UTILITIES | | SEWER LIEN |
| | d | SHELBYVILLE UTILITIES | | UTILITY LIEN |
| | f | Secured Claim of RS Lending | | |
| | | | | |
| 86 | | 4608 MILLER LN, GARY IN 46403 | IN | |
| | a | Unknown party in possession | | |
| | b | LAKE COUNTY TREASURER | | PROPERTY TAXES |
| | d | Gary Sanitary District | | UTILITY LIEN |
| | e | GARY IN LAW DEPT | | |
| | f | Secured Claim of RS Lending | | |
| | | | | |

| 87 | | 4630 E 10TH AVE, GARY IN 46402 | IN | |
|---|---|---|---|---|
| | a | Unknown party in possession | | |
| | b | LAKE COUNTY TREASURER | | PROPERTY TAXES |
| | f | Secured Claim of RS Lending | | |
| | | | | |
| 88 | | 4640 DELAWARE ST, GARY IN 46409 | IN | |
| | a | Unknown party in possession | | |
| | b | LAKE COUNTY TREASURER | | 2015 THRU 2017 TAXES |
| | e | GARY IN LAW DEPT | | |
| | f | Secured Claim of RS Lending | | |
| | | | | |
| 89 | | 602 MISSISSIPPI ST, GARY IN 46402 | IN | |
| | a | Unknown party in possession | | |
| | b | LAKE COUNTY TREASURER | | PROPERTY TAXES |
| | d | Gary Sanitary District | | UTILITY LIEN |
| | f | Secured Claim of RS Lending | | |
| | | | | |
| 90 | | 606 DUNDEE ST, SOUTH BEND IN 46601 | IN | |
| | a | Unknown party in possession | | |
| | b | ST. JOSEPH CO TREASURER | | PROPERTY TAXES |
| | c | DEPT OF CODE ENFORCEMENT | | CODE VIOLATIONS |
| | d | CITY OF SOUTH BEND | | UTILITY LIEN |
| | f | Secured Claim of RS Lending | | |
| | | | | |
| 91 | | 606 W MAIN ST, CHESTERFIELD IN 46017 | IN | |
| | a | Unknown party in possession | | |
| | b | MADISON CO TREASURER | | PROPERTY TAXES |
| | c | TOWN OF CHESTERFIELD | | CODE VIOLATION |
| | d | TOWN OF CHESTERFIELD | | UTILITY LIEN |
| | f | Secured Claim of RS Lending | | |
| | | | | |
| 92 | | 708 VERMONT ST, GARY IN 46402 | IN | |
| | a | Unknown party in possession | | |
| | b | LAKE COUNTY TREASURER | | PROPERTY TAXES |
| | d | Gary Sanitary District | | UTILITY LIEN |
| | f | Secured Claim of RS Lending | | |
| | | | | |
| 93 | | 758 N Spring St, Wabash, IN 46992 | IN | |
| | a | Unknown party in possession | | |
| | b | WABASH COUNTY TREASURER | | PROPERTY TAXES |
| | c | CITY OF WABASH | | |
| | d | CITY OF WABASH | | UTILITY LIEN |
| | d | WABASH CO WASTEWATER | | UTILITY LIEN |
| | f | Secured Claim of RS Lending | | |
| | | | | |
| 94 | | 830 E 26TH STREET, MARION IN 46952 | IN | |
| | a | Unknown party in possession | | |
| | b | GRANT CO TREASURER | | PROPERTY TAXES |
| | c | MARION UTILITIES | | OPEN CODE VIOLATIONS |
| | c | MARION CODE ENFORCEMENT | | WEED LIENS |
| | d | MARION UTILITIES | | UTILITY LIEN |
| | f | Secured Claim of RS Lending | | |
| | | | | |
| 95 | | 842 S BENDIX DR, SOUTH BEND IN 46601 | IN | |
| | a | Unknown party in possession | | |
| | b | ST. JOSEPH CO TREASURER | | PROPERTY TAXES |
| | c | CITY OF SOUTH BEND | | NOTICE OF CODE VIOLATION |
| | d | CITY OF SOUTH BEND | | UTILITY LIEN |
| | e | CITY OF SOUTH BEND | | JUDGMENT |
| | e | ST. JOSEPH BOARD OF COMMISSIONERS | | JUDGMENT |
| | f | Secured Claim of RS Lending | | |
| | | | | |
| 96 | | 937 N OXFORD ST, INDIANAPOLIS IN 46201 | IN | |
| | a | Unknown party in possession | | |
| | b | MARION COUNTY TREASURER | | PROPERTY TAXES |
| | b | CITY OF INDIANAPOLIS | | PROPERTY TAXES |

| | c | INDIANAPOLIS  NEIGHBORHOOD SERVICES | | CODE VIOLATION |
| | c | DEPT OF CODE ENFORCEMENT | | CODE VIOLATION |
| | e | MARION CO PUBLIC HEALTH | | BILLING LETTER |
| | f | Secured Claim of RS Lending | | |
| | | | | |
| 97 | | **964 HOBART ST, GARY IN 46406** | IN | |
| | a | Unknown party in possession | | |
| | b | LAKE COUNTY TREASURER | | PROPERTY TAXES |
| | d | Gary Sanitary District | | UTILITY LIEN |
| | f | Secured Claim of RS Lending | | |
| | | | | |
| 98 | | **1168 HARLESS CREEK, REGINA KY 41559** | KY | |
| | a | Unknown party in possession | | |
| | b | PIKE CLERKS OFFICE | | PROPERTY TAXES |
| | e | MORGAN  &  POTTINGER PSC | | JUDGMENT LIEN |
| | f | Secured Claim of RS Lending | | |
| | | | | |
| 99 | | **323 N 20TH ST, LOUISVILLE KY 40203** | KY | |
| | a | Unknown party in possession | | |
| | b | JEFFERSON CO SHERIFF'S OFFICE | | PROPERTY TAXES |
| | c | CITY OF LOUISVILLE | | |
| | c | LOUISVILLE-JEFFERSON CO METRO | | |
| | f | Secured Claim of RS Lending | | |
| | | | | |
| 100 | | **126 BILLEDEAU DR, PINEVILLE LA 71359** | LA | |
| | a | Unknown party in possession | | |
| | b | RAPIDES TAX COLLECTOR | | PROPERTY TAXES |
| | f | Secured Claim of RS Lending | | |
| | | | | |
| 101 | | **12670 Carroll Dr, Pineville, LA  70422** | LA | |
| | a | Unknown party in possession | | |
| | b | Tangipahoa Parish Sheriff Tax Coll | | PROPERTY TAXES |
| | f | Secured Claim of RS Lending | | |
| | | | | |
| 102 | | **57758 Grove Rd., Plaquemine, LA  70764** | LA | |
| | a | Unknown party in possession | | |
| | b | Iberville Parish Tax Collector | | PROPERTY TAXES |
| | f | Secured Claim of RS Lending | | |
| | | | | |
| 103 | | **72381 DAHLIA ST, COVINGTON LA 70433** | LA | |
| | a | Unknown party in possession | | |
| | b | SAINT TAMMANY PARISH | | PROPERTY TAXES |
| | f | Secured Claim of RS Lending | | |
| | | | | |
| 104 | | **113 FRANKLIN ST, HANCOCK MD 21750** | MD | |
| | a | Unknown party in possession | | |
| | b | TOWN OF HANCOCK | | PROPERTY TAXES |
| | b | WASHINGTON CO TREASURER | | PROPERTY TAXES |
| | d | HANCOCK SEWER & WATER | | UTILITY LIEN |
| | e | EQUITY TRUST CO | | CLEARANCE LIEN |
| | e | WASHINGTON COUNTY | | JURISDICTION PAYABLE |
| | f | Secured Claim of RS Lending | | |
| | | | | |
| 105 | | **236 COLUMBIA ST, CUMBERLAND MD 21502** | MD | |
| | a | Unknown party in possession | | |
| | b | ALLEGANY CO TAX COLLECTOR | | |
| | b | CUMBERLAND CITY | | PROPERTY TAXES |
| | e | KAJA HOLDINGS 2 LLC | | |
| | f | Secured Claim of RS Lending | | |
| | | | | |
| 106 | | **2418 E OLIVER ST, BALTIMORE MD 21213** | MD | |
| | a | Unknown party in possession | | |
| | b | BALTIMORE CITY DIRECTOR OF FINANCE | | PROPERTY TAXES |
| | d | BALTIMORE CITY DEPT PUBLIC WORKS | | UTILITY LIEN |
| | e | KAJA HOLDINGS 2 LLC | | |
| | f | Secured Claim of RS Lending | | |

| | | | | |
|---|---|---|---|---|
| 107 | | **2916 W LAFAYETTE AVE, BALTIMORE MD 21213** | MD | |
| | a | Unknown party in possession | | |
| | b | BALTIMORE CITY DIRECTOR OF FINANCE | | PROPERTY TAXES |
| | d | BALTIMORE CITY DEPT PUBLIC WORKS | | UTILITY LIEN |
| | f | Secured Claim of RS Lending | | |
| | | | | |
| 108 | | **300 S AUGUSTA AVE, BALTIMORE MD 21229** | MD | |
| | a | Unknown party in possession | | |
| | b | BALTIMORE CITY DIRECTOR OF FINANCE | | PROPERTY TAXES |
| | d | BALTIMORE CITY | | UTILITY LIEN |
| | f | Secured Claim of RS Lending | | |
| | | | | |
| 109 | | **536 ELK MILLS RD, ELK MILLS MD 21920** | MD | |
| | a | Unknown party in possession | | |
| | b | CECIL CO TREASURER | | PROPERTY TAXES |
| | f | Secured Claim of RS Lending | | |
| | | | | |
| 110 | | **1021 HAVEN ST, MOUNT MORRIS MI 48458** | MI | |
| | a | Unknown party in possession | | |
| | b | GENESEE CO TREASURER | | PROPERTY TAXES |
| | c | GENESEE CO TREASURER | | CODE VIOLATIONS |
| | c | CHARTER TOWNSHIP OF GENESEE | | CODE VIOLATIONS |
| | d | GENESEE CO TREASURER | | UTILITY LIEN |
| | f | Secured Claim of RS Lending | | |
| | | | | |
| 111 | | **1047 N WOOD ST, MUSKEGON MI 49442** | MI | |
| | a | Unknown party in possession | | |
| | b | MUSKEGON TAX COLLECTOR | | PROPERTY TAXES |
| | e | SAFE BUILT | | |
| | f | Secured Claim of RS Lending | | |
| | | | | |
| | | **10585 N LAKE ROAD, IRONWOOD MI 49938** | MI | |
| 112 | a | Unknown party in possession | | |
| | b | GOGEBIC CO TREASURER | | PROPERTY TAXES |
| | c | CHARTER TOWNSHIP OF IRONWOOD | | |
| | d | TOWNSHIP OF IRONWOOD | | UTILITY LIEN |
| | f | Secured Claim of RS Lending | | |
| | | | | |
| 113 | | **13744 FENELON, HAMTRAMCK MI 48212** | MI | |
| | a | Unknown party in possession | | |
| | b | DETROIT CITY TREASURER | | PROPERTY TAXES |
| | c | CITY OF DETROIT | | COMPLAINT - ANNUAL INSPECTION |
| | f | Secured Claim of RS Lending | | |
| | | | | |
| 114 | | **1735 PROSPECT STREET, FLINT MI 48504** | MI | |
| | a | Unknown party in possession | | |
| | b | GENESEE CO TREASURER | | PROPERTY TAXES |
| | f | Secured Claim of RS Lending | | |
| | | | | |
| 115 | | **1946 HOSLER ST, FLINT MI 48503** | MI | |
| | a | Unknown party in possession | | |
| | b | FLINT CITY TAX COLLECTOR | | PROPERTY TAXES |
| | b | GENESEE CO TREASURER | | PROPERTY TAXES |
| | c | CITY OF FLINT | | CODE VIOLATION ( BLIGHT - VN) |
| | f | Secured Claim of RS Lending | | |
| | | | | |
| 116 | | **2001 MALLERY ST, FLINT MI 48504** | MI | |
| | a | Unknown party in possession | | |
| | b | GENESEE CO TREASURER | | PROPERTY TAXES |
| | f | Secured Claim of RS Lending | | |
| | | | | |
| 117 | | **2002 DAKOTA AVE, FLINT MI 48506** | MI | |
| | a | Unknown party in possession | | |
| | b | FLINT CITY TAX COLLECTOR | | PROPERTY TAXES |
| | b | GENESEE CO TREASURER | | PROPERTY TAXES |

| | | | | |
|---|---|---|---|---|
| | c | GENESEE CO TREASURER | | CODE VIOLATIONS |
| | f | Secured Claim of RS Lending | | |
| | | | | |
| 118 | | **204 BEULAH AVE, BATTLE CREEK MI 49015** | MI | |
| | a | Unknown party in possession | | |
| | b | BEDFORD TAX COLLECTOR | | PROPERTY TAXES |
| | b | CALHOUN CO TREASURER | | PROPERTY TAXES |
| | c | CALHOUN CO TAX COLLECTOR | | |
| | f | Secured Claim of RS Lending | | |
| | | | | |
| 119 | | **2049 STANFORD AVE, FLINT MI 48503** | MI | |
| | a | Unknown party in possession | | |
| | b | GENESEE CO TREASURER | | PROPERTY TAXES |
| | c | GENESEE COUNTY | | |
| | f | Secured Claim of RS Lending | | |
| | | | | |
| 120 | | **2229 EMMONS AVE, WARREN MI 48088** | MI | |
| | a | Unknown party in possession | | |
| | b | MACOMB COUNTY TREASURER | | PROPERTY TAXES |
| | b | CITY OF WARREN TREASURER | | PROPERTY TAXES |
| | c | MACOMB COUNTY | | |
| | c | CITY OF WARREN | | CODE VIOLATION |
| | f | Secured Claim of RS Lending | | |
| | | | | |
| 121 | | **234 ALLEN AVE, MUSKEGON MI 49442** | MI | |
| | a | Unknown party in possession | | |
| | b | MUSKEGON TAX COLLECTOR | | PROPERTY TAXES |
| | b | MUSKEGON CO TREASURER | | PROPERTY TAXES |
| | c | CITY OF MUSKEGON | | CODE VIOLATIONS |
| | d | MUSKEGAN CITY WATER | | UTILITY LIEN |
| | f | Secured Claim of RS Lending | | |
| | | | | |
| | | | | |
| 122 | | **2618 WOLCOTT ST, FLINT MI 48504** | MI | |
| | a | Unknown party in possession | | |
| | b | FLINT CITY TAX COLLECTOR | | PROPERTY TAXES |
| | b | GENESEE CO TREASURER | | PROPERTY TAXES |
| | f | Secured Claim of RS Lending | | |
| | | | | |
| 123 | | **2907 MASON ST, FLINT MI 48504** | MI | |
| | a | Unknown party in possession | | |
| | b | GENESEE CO TREASURER | | PROPERTY TAXES |
| | b | CITY OF FENTON | | PROPERTY TAXES |
| | c | GENESEE COUNTY | | |
| | f | Secured Claim of RS Lending | | |
| | | | | |
| 124 | | **2924 7TH ST, MUSKEGON HEIGHTS MI 49444** | MI | |
| | a | Unknown party in possession | | |
| | b | MUSKEGON CO TAX COLLECTOR | | PROPERTY TAXES |
| | b | CITY OF MUSKEGON HEIGHTS | | PROPERTY TAXES |
| | c | CITY OF MUSKEGON HEIGHTS | | OPEN CODE VIOLATIONS |
| | f | Secured Claim of RS Lending | | |
| | | | | |
| 125 | | **335 NORMAN ST, CARO MI 48723** | MI | |
| | a | Unknown party in possession | | |
| | b | TUSCOLA CO TAX COLLECTOR | | PROPERTY TAXES |
| | b | TUSCOLA COUNTY TREASURER | | PROPERTY TAXES |
| | d | CITY OF CARO | | |
| | f | Secured Claim of RS Lending | | |
| | | | | |
| 126 | | **3350 DIXIE CT, SAGINAW MI 48601** | MI | |
| | a | Unknown party in possession | | |
| | b | BRIDGEPORT TAX COLLECTOR | | PROPERTY TAXES |
| | c | SAGINAW CO TREASURER | | |
| | d | BRIDGEPORT TOWNSHIP | | UTILITY LIEN |
| | e | INTERNAL REVENUE SERVICE | | FEDERAL TAX LIEN |

| | f | Secured Claim of RS Lending | | |
|---|---|---|---|---|
| | | | | |
| 127 | | 34 MAPLE TERRACE, BATTLE CREEK MI 49015 | MI | |
| | a | Unknown party in possession | | |
| | b | BATTLE CREEK TAX COLLECTOR | | PROPERTY TAXES |
| | b | CALHOUN CO TREASURER | | PROPERTY TAXES |
| | c | CALHOUN CO TREASURER | | |
| | c | CITY OF BATTLE CREEK | | OPEN CODE VIOLATIONS |
| | f | Secured Claim of RS Lending | | |
| | | | | |
| 128 | | 3411 BROWNELL BLVD, FLINT MI 48504 | MI | |
| | a | Unknown party in possession | | |
| | b | FLINT CITY TAX COLLECTOR | | PROPERTY TAXES |
| | b | GENESEE CO TREASURER | | PROPERTY TAXES |
| | c | GENESEE CO TREASURER | | |
| | d | CITY OF FLINT | | UTILITY LIEN |
| | f | Secured Claim of RS Lending | | |
| | | | | |
| 129 | | 475 SOUTH STATE ST, OTISVILLE MI 48463 | MI | |
| | a | Unknown party in possession | | |
| | b | GENESEE CO TREASURER | | NON PAYMENT OF PROPERTY TAXES. |
| | b | FOREST TOWNSHIP TAX COLLECTOR | | PROPERTY TAXES |
| | b | GENESEE COUNTY | | PROPERTY TAXES |
| | f | Secured Claim of RS Lending | | |
| | | | | |
| 130 | | 598 BROADWAY AVE, BENTON HARBOR MI 49022 | MI | |
| | a | Unknown party in possession | | |
| | b | MICHIGAN DEPT OF TREASURY | | CERTIFICATION OF FORFEITURE OF REAL PROPERTY - NON PAYMENT OF PROPERTY TAX |
| | b | BERRIEN CO TAX COLLECTOR | | PROPERTY TAXES |
| | e | INTERNAL REVENUE SERVICE | | FEDERAL TAX LIEN 2009/2010 1040 |
| | f | Secured Claim of RS Lending | | |
| | | | | |
| 131 | | 611 W 2ND ST, PINCONNING MI 48650 | MI | |
| | a | Unknown party in possession | | |
| | b | BAY CO TREASURER | | PROPERTY TAXES |
| | d | City of Pinconning Water Dept | | Utility lien |
| | f | Secured Claim of RS Lending | | |
| | | | | |
| 132 | | 62 BIDWELL ST W, BATTLE CREEK MI 49015 | MI | |
| | a | Unknown party in possession | | |
| | b | CALHOUN CO TREASURER | | PROPERTY TAXES |
| | c | CALHOUN CO TREASURER | | |
| | f | Secured Claim of RS Lending | | |
| | | | | |
| 133 | | 99 Clay St, Battle Creek. MI  49015 | MI | |
| | a | Unknown party in possession | | |
| | b | BATTLE CREEK TAX COLLECTOR | | PROPERTY TAXES |
| | b | CALHOUN CO TREASURER | | PROPERTY TAXES |
| | c | CITY OF BATTLE CREEK | | OPEN CODE VIOLATIONS |
| | d | CITY OF BATTLE CREEK | | UTILITY LIEN |
| | f | Secured Claim of RS Lending | | |
| | | | | |
| 134 | | 1016 CENTRAL ST, JOPLIN MO 64801 | MO | |
| | a | Unknown party in possession | | |
| | b | JASPER CO COLLECTOR | | PROPERTY TAXES |
| | c | CITY OF JOPLIN | | CODE VIOLATION |
| | f | Secured Claim of RS Lending | | |
| | | | | |
| 135 | | 105 BELL ST, EXCELSIOR SPRINGS MO 64024 | MO | |
| | a | Unknown party in possession | | |
| | b | CLAY COUNTY COLLECTOR | | PROPERTY TAXES |
| | f | Secured Claim of RS Lending | | |
| | | | | |
| 136 | | 13552 E SUNRISE LAKE DR, DE SOTO MO 63020 | MO | |
| | a | Unknown party in possession | | |

| | | | | |
|---|---|---|---|---|
| | b | JEFFERSON CO TAX COLLECTOR | | PROPERTY TAXES |
| | c | JEFFERSON CO BUILDING DEPT | | CODE VIOLATION |
| | d | CITY OF DE SOTO | | UTILITY LIEN |
| | f | Secured Claim of RS Lending | | |
| | | | | |
| 137 | | 13841 APACHE WAY, GREENTOP MO 63546 | MO | |
| | a | Unknown party in possession | | |
| | b | ADAIR CO COLLECTOR | | PROPERTY TAXES |
| | f | Secured Claim of RS Lending | | |
| | | | | |
| 138 | | 1736 CRYSTAL CT, ST LOUIS MO 63130 | MO | |
| | a | Unknown party in possession | | |
| | b | ST LOUIS CO COLLECTOR | | PROPERTY TAXES |
| | c | ST LOUIS COUNTY | | |
| | d | ST LOUIS SEWER DISTRICT | | UTILITY LIEN |
| | e | MISSOURI DEPT OF REVENUE | | INDIVIDUAL INCOME TAX |
| | f | Secured Claim of RS Lending | | |
| | | | | |
| 139 | | 2019 MONTGALL AVE, KANSAS CITY MO 64101 | MO | |
| | a | Unknown party in possession | | |
| | b | JACKSON CO COLLECTOR | | PROPERTY TAXES |
| | d | Kansas City Water Dept. | | UTILITY LIEN |
| | f | Secured Claim of RS Lending | | |
| | | | | |
| 140 | | 2925 LYNDHURST AVE, ST LOUIS MO 63130 | MO | |
| | a | Unknown party in possession | | |
| | b | MISSOURI DEPT OF REVENUE | | INDIVIDUAL INCOME TAX |
| | b | ST. LOUIS CO COLLECTOR | | PROPERTY TAXES |
| | d | ST LOUIS SEWER DISTRICT | | UTILITY LIEN |
| | f | Secured Claim of RS Lending | | |
| | | | | |
| 141 | | 3118 WHITTIER ST, ST. LOUIS MO 63130 | MO | |
| | a | Unknown party in possession | | |
| | b | ST LOUIS CITY COLLECTOR | | PROPERTY TAXES |
| | c | CITY OF ST LOUIS | | OPEN/EXPIRED PERMITS |
| | d | CITY OF ST LOUIS | | UTILITY LIEN |
| | f | Secured Claim of RS Lending | | |
| | | | | |
| 142 | | 33212 CIRCLE DR, SUNRISE BEACH MO 65079 | MO | |
| | a | Unknown party in possession | | |
| | b | MORGAN COUNTY | | PROPERTY TAXES |
| | f | Secured Claim of RS Lending | | |
| | | | | |
| 143 | | 3411 E 36TH ST, KANSAS CITY MO 64101 | MO | |
| | a | Unknown party in possession | | |
| | b | JACKSON CO COLLECTOR | | PROPERTY TAXES |
| | d | Kansas City Water Dept. | | UTILITY LIEN |
| | f | Secured Claim of RS Lending | | |
| | | | | |
| 144 | | 4857 PALM ST, ST. LOUIS MO 63130 | MO | |
| | a | Unknown party in possession | | |
| | b | ST LOUIS CITY COLLECTOR | | PROPERTY TAXES |
| | d | ST LOUIS SEWER DISTRICT | | UTILITY LIEN |
| | f | Secured Claim of RS Lending | | |
| | | | | |
| 145 | | 4912 Arlington Ave , St. Louis, MO 63120 | MO | |
| | a | Unknown party in possession | | |
| | b | | | |
| | c | SAINT LOUIS CITY | | |
| | c | ST. LOUIS PERMITS SECTION | | OPEN/EXPIRED PERMITS FOUND |
| | d | CITY OF ST LOUIS | | UTILITY LIEN |
| | f | Secured Claim of RS Lending | | |
| | | | | |
| 146 | | 534 S HARDY AVE, INDEPENDENCE MO 64050 | MO | |
| | a | Unknown party in possession | | |
| | b | JACKSON CO COLLECTOR | | PROPERTY TAXES |

| | | | | |
|---|---|---|---|---|
| | c | CITY OF INDEPENDENCE | | |
| | f | Secured Claim of RS Lending | | |
| | | | | |
| 147 | | 5811 THEODORE AVE, ST LOUIS MO 63120 | MO | |
| | a | Unknown party in possession | | |
| | b | SAINT LOUIS CITY | | PROPERTY TAXES |
| | c | ST. LOUIS PUBLIC SAFETY | | EXPIRED PERMITS |
| | d | ST LOUIS SEWER DISTRICT | | UTILITY LIEN |
| | e | ST LOUIS SEWER DISTRICT | | LIEN |
| | f | Secured Claim of RS Lending | | |
| | | | | |
| 148 | | 6833 BALES AVE, KANSAS CITY MO 64132 | MO | |
| | a | Unknown party in possession | | |
| | b | JACKSON CO COLLECTOR | | PROPERTY TAXES |
| | d | Kansas City Water Dept. | | UTILITY LIEN |
| | f | Secured Claim of RS Lending | | |
| | | | | |
| 149 | | 707 S ORCHARD ST, CLINTON MO 64735 | MO | |
| | a | Unknown party in possession | | |
| | b | HENRY CO COLLECTOR | | PROPERTY TAXES |
| | f | Secured Claim of RS Lending | | |
| | | | | |
| 150 | | 8451 Lowell St., St. Louis, MO 63130 | MO | |
| | a | Unknown party in possession | | |
| | b | ST LOUIS CITY COLLECTOR | | PROPERTY TAXES |
| | c | CITY OF ST LOUIS | | PERMIT |
| | d | ST LOUIS SEWER DISTRICT | | UTILITY LIEN |
| | f | Secured Claim of RS Lending | | |
| | | | | |
| 151 | | 8846 BOBB AVE, ST LOUIS MO 63130 | MO | |
| | a | Unknown party in possession | | |
| | b | ST. LOUIS CO COLLECTOR | | PROPERTY TAXES |
| | d | ST LOUIS SEWER DISTRICT | | UTILITY LIEN |
| | f | Secured Claim of RS Lending | | |
| | | | | |
| 152 | | 147 LOUISIANA AVE, JACKSON MS 39209 | MS | |
| | a | Unknown party in possession | | |
| | b | HINDS CO TREASURER | | PROPERTY TAXES |
| | e | CITY COUNCIL HINDS CO. MS | | JUDGMENT |
| | f | Secured Claim of RS Lending | | |
| | | | | |
| 153 | | 157 W MADISON ST, DURANT MS 39063 | MS | |
| | a | Unknown party in possession | | |
| | b | HOLMES CO CHANCERY CLERK | | PROPERTY TAXES |
| | f | Secured Claim of RS Lending | | |
| | | | | |
| 154 | | 174 ROAD OF REMEMBRANCE, JACKSON MS 39209 | MS | |
| | a | Unknown party in possession | | |
| | b | HINDS CO TREASURER | | PROPERTY TAXES |
| | f | Secured Claim of RS Lending | | |
| | | | | |
| 155 | | 237 SEWANEE, JACKSON MS 39209 | MS | |
| | a | Unknown party in possession | | |
| | b | HINDS CO TREASURER | | PROPERTY TAXES |
| | f | Secured Claim of RS Lending | | |
| | | | | |
| 156 | | 2522 JEFFERSON AVE, PASCAGOULA MS 39567 | MS | |
| | a | Unknown party in possession | | |
| | b | JACKSON CO TAX COLLECTOR | | PROPERTY TAXES |
| | f | Secured Claim of RS Lending | | |
| | | | | |
| 157 | | 2813 MARYDALE DR, JACKSON MS 39209 | MS | |
| | a | Unknown party in possession | | |
| | b | HINDS CO TAX COLLECTOR | | PROPERTY TAXES |
| | c | HINDS CO CHANCERY CLERK | | |
| | f | Secured Claim of RS Lending | | |

| | | | | |
|---|---|---|---|---|
| 158 | | **363 LAMAR ST, DURANT MS 39063** | MS | |
| | a | Unknown party in possession | | |
| | b | HOLMES COUNTY | | PROPERTY TAXES |
| | c | HOLMES CO CHANCERY CLERK | | |
| | e | EDGEWOOD LLC | | |
| | f | Secured Claim of RS Lending | | |
| | | | | |
| 159 | | **390 SWEET GUM BOTTOM RD, MERIDIAN MS 39301** | MS | |
| | a | Unknown party in possession | | |
| | b | LAUDERDALE CO TAX COLLECTOR | | PROPERTY TAXES |
| | c | COUNTY CHANCERY CLERK | | |
| | f | Secured Claim of RS Lending | | |
| | | | | |
| 160 | | **504 MITCHELL ST, PICAYUNE MS 39466** | MS | |
| | a | Unknown party in possession | | |
| | b | PEARL RIVER CO TAX COLLECTOR | | PROPERTY TAXES |
| | f | Secured Claim of RS Lending | | |
| | | | | |
| 161 | | **514 W HILLSDALE, JACKSON MS 39209** | MS | |
| | a | Unknown party in possession | | |
| | b | HINDS CO TAX COLLECTOR | | PROPERTY TAXES |
| | f | Secured Claim of RS Lending | | |
| | | | | |
| 162 | | **54 TREST RD, HEIDELBERG MS 39439** | MS | |
| | a | Unknown party in possession | | |
| | b | JONES COUNTY TAX COLLECTOR | | PROPERTY TAXES |
| | f | Secured Claim of RS Lending | | |
| | | | | |
| 163 | | **603 111TH ST, AMORY MS 38821** | MS | |
| | a | Unknown party in possession | | |
| | b | CITY CLERK & TAX COLLECTOR | | |
| | b | MONROE CO CHANCERY CLERK | | PROPERTY TAXES |
| | b | MONROE COUNTY TAX COLLECTOR | | TAXES |
| | f | Secured Claim of RS Lending | | |
| | | | | |
| 164 | | **913 WINN ST, JACKSON MS 39209** | MS | |
| | a | Unknown party in possession | | |
| | b | HINDS CO TAX COLLECTOR | | PROPERTY TAXES |
| | f | Secured Claim of RS Lending | | |
| | | | | |
| 165 | | **1202 Montilieu Ave, High Point, NC 27262** | NC | |
| | a | Unknown party in possession | | |
| | b | Guilford Co Tax Collector | | PROPERTY TAXES |
| | f | Secured Claim of RS Lending | | |
| | | | | |
| 166 | | **125 PATSY LEMONS LN, LILLINGTON NC 27546** | NC | |
| | a | Unknown party in possession | | |
| | b | HARNETT CO TAX COLLECTOR | | PROPERTY TAXES |
| | f | Secured Claim of RS Lending | | |
| | | | | |
| 167 | | **172 US HWY 158 W, GATESVILLE NC 27938** | NC | |
| | a | Unknown party in possession | | |
| | b | GATES CO TAX COLLECTOR | | PROPERTY TAXES |
| | f | Secured Claim of RS Lending | | |
| | | | | |
| 168 | | **306 BUCHANAN LN, BURNSVILLE NC 28714** | NC | |
| | a | Unknown party in possession | | |
| | b | YANCEY CO TAX COLLECTOR | | PROPERTY TAXES |
| | f | Secured Claim of RS Lending | | |
| | | | | |
| 169 | | **316 BONNER BRIDGE ROAD, AULANDER NC 27805** | NC | |
| | a | Unknown party in possession | | |
| | b | HERTFORD CO TAX COLLECTOR | | PROPERTY TAXES |
| | f | Secured Claim of RS Lending | | |
| | | | | |

| | | | | |
|---|---|---|---|---|
| 170 | | **411 PERU RD, MORVEN NC 28119** | NC | |
| | a | Unknown party in possession | | |
| | b | ANSON CO TAX COLLECTOR | | PROPERTY TAXES |
| | b | Secured Claim of RS Lending | | |
| | | | | |
| 171 | | **1021 WYOMING ST, DAYTON OH 45402** | OH | |
| | a | Unknown party in possession | | |
| | b | MONTGOMERY CO TREASURER | | PROPERTY TAXES |
| | d | DAYTON WATER DEPT | | UTILITY LIEN |
| | f | Secured Claim of RS Lending | | |
| | | | | |
| 172 | | **1060 OLMSTEAD AVE, COLUMBUS OH 43201** | OH | |
| | a | Unknown party in possession | | |
| | b | FRANKLIN CO TREASURER | | PROPERTY TAXES |
| | f | Secured Claim of RS Lending | | |
| | | | | |
| 173 | | **1111 W RIVERVIEW AVE, DAYTON OH 45402** | OH | |
| | a | Unknown party in possession | | |
| | b | MONTGOMERY CO TREASURER | | PROPERTY TAXES |
| | d | DAYTON WATER DEPT | | UTILITY LIEN |
| | f | Secured Claim of RS Lending | | |
| | | | | |
| 174 | | **1128 MANSION AVE, CINCINNATI OH 45202** | OH | |
| | a | Unknown party in possession | | |
| | c | HAMILTON CO TREASURER | | PROPERTY TAXES |
| | c | DEPARTMENT INSPECTIONS | | VACANT BUILDING MNT LICENSE RENEWAL |
| | e | JOSEPH STERBLING; KUI PAN | | JUDGMENT |
| | e | JOSEPH STERBLING EL AL | | JUDGMENT |
| | f | Secured Claim of RS Lending | | |
| | | | | |
| 175 | | **11405 MELBA AVE, CLEVELAND OH 44120** | OH | |
| | a | Unknown party in possession | | |
| | b | CUYAHOGA COUNTY TREASURER | | PROPERTY TAXES |
| | d | CLEVELAND WATER | | UTILITY LIEN |
| | d | NORTHEAST OHIO REGIONAL SEWER DISTRICT | | UTILITY LIEN |
| | f | Secured Claim of RS Lending | | |
| | | | | |
| 176 | | **1144 WASHINGTON AVE, LORAIN OH 44052** | OH | |
| | a | Unknown party in possession | | |
| | b | LORAIN COUNTY TREASURER | | PROPERTY TAXES |
| | d | LORAIN WATER DEPT | | UTILITY LIEN |
| | f | Secured Claim of RS Lending | | |
| | | | | |
| 177 | | **1216 GILSEY AVE, CINCINNATI OH 45202** | OH | |
| | a | Unknown party in possession | | |
| | b | HAMILTON CO TREASURER | | PROPERTY TAXES |
| | c | CITY OF CINCINNATI CODE ENFORCEMENT | | CODE VIOLATION |
| | e | JOSEPH STERBLING; KUI PAN | | JUDGMENT LIEN |
| | e | JOSEPH STERBLING EL AL | | JUDGMENT |
| | f | Secured Claim of RS Lending | | |
| | | | | |
| 178 | | **1260 E 59TH ST, CLEVELAND OH 44103** | OH | |
| | a | Unknown party in possession | | |
| | b | CUYAHOGA COUNTY TREASURER | | PROPERTY TAXES |
| | d | CLEVELAND WATER | | UTILITY LIEN |
| | d | NORTHEAST OHIO REGIONAL SEWER DISTRICT | | UTILITY LIEN |
| | f | Secured Claim of RS Lending | | |
| | | | | |
| 179 | | **1317 WELLESLEY AVE, STEUBENVILLE OH 43952** | OH | |
| | a | Unknown party in possession | | |
| | b | JEFFERSON CO TREASURER | | PROPERTY TAXES |
| | d | STEUBENVILLE WATER DEPT | | UTILITY LIEN |
| | f | Secured Claim of RS Lending | | |
| | | | | |
| 180 | | **1319 E 91ST ST, CLEVELAND OH 44120** | OH | |
| | a | Unknown party in possession | | |

| | | | | |
|---|---|---|---|---|
| | b | CUYAHOGA CO TREASURER | | PROPERTY TAXES |
| | d | CLEVELAND WATER | | UTILITY LIEN |
| | d | NORTHEAST OHIO | | UTILITY LIEN |
| | f | Secured Claim of RS Lending | | |
| | | | | |
| 181 | | 1342 SOUTH STREET SE, WARREN OH 44481 | OH | |
| | a | Unknown party in possession | | |
| | b | Trumball Co Treasurer | | PROPERTY TAXES |
| | e | TRUMBULL CO LAND REUTILIZATION | | |
| | f | Secured Claim of RS Lending | | |
| | | | | |
| 182 | | 1404 ANDRUS ST, AKRON OH 44301 | OH | |
| | a | Unknown party in possession | | |
| | b | SUMMIT CO FISCAL OFFICE | | PROPERTY TAXES |
| | c | CITY OF AKRON | | UTILITY LIEN |
| | f | Secured Claim of RS Lending | | |
| | | | | |
| 183 | | 141 SCHOOL ST, LA RUE OH 43332 | OH | |
| | a | Unknown party in possession | | |
| | b | MARION COUNTY TREASURER | | PROPERTY TAXES |
| | d | MARION CO AUDITOR | | UTILITY LIEN |
| | f | Secured Claim of RS Lending | | |
| | | | | |
| 184 | | 14612 ORINOCO AVE, CLEVELAND OH 44120 | OH | |
| | a | Unknown party in possession | | |
| | b | CUYAHOGA COUNTY TREASURER | | PROPERTY TAXES |
| | d | CLEVELAND WATER | | UTILITY LIEN |
| | d | NORTHEAST OHIO REGIONAL SEWER DISTRICT | | UTILITY LIEN |
| | f | Secured Claim of RS Lending | | |
| | | | | |
| 185 | | 1729 ROSEDALE, EAST CLEVELAND OH 44110 | OH | |
| | a | Unknown party in possession | | |
| | b | CUYAHOGA COUNTY TREASURER | | PROPERTY TAXES |
| | d | CLEVELAND WATER | | UTILITY LIEN |
| | d | NORTHEAST OHIO REGIONAL SEWER DISTRICT | | UTILITY LIEN |
| | f | Secured Claim of RS Lending | | |
| | | | | |
| 186 | | 1803 S RIDGE RD, ASHTABULA OH 44004 | OH | |
| | a | Unknown party in possession | | |
| | b | ASHTABULA CO TREASURER | | PROPERTY TAXES |
| | f | Secured Claim of RS Lending | | |
| | | | | |
| 187 | | 2160 SOUTHWEST 11TH ST, AKRON, OH 44301 | OH | |
| | a | Unknown party in possession | | |
| | b | SUMMIT CO FISCAL OFFICE | | PROPERTY TAXES |
| | f | Secured Claim of RS Lending | | |
| | | | | |
| 188 | | 221 CURRY PL, YOUNGSTOWN OH 44511 | OH | |
| | a | Unknown party in possession | | |
| | b | MAHONING CO TREASURER | | PROPERTY TAXES |
| | c | CITY OF YOUNGSTOWN | | GRASS CUTTING AND HOUSING VIOLATIONS |
| | d | Youngstown Water Dept | | UTILITY LIEN |
| | f | Secured Claim of RS Lending | | |
| | | | | |
| 189 | | 250 HELEN AVE, MANSFIELD OH 44902 | OH | |
| | a | Unknown party in possession | | |
| | b | RICHLAND COUNTY TREASURER | | PROPERTY TAXES |
| | d | CITY OF MANSFIELD | | UTILITY LIEN |
| | f | Secured Claim of RS Lending | | |
| | | | | |
| 190 | | 2817 MERRIWEATHER ST NW, WARREN OH 44481 | OH | |
| | a | Unknown party in possession | | |
| | b | TRUMBULL CO TREASURER | | PROPERTY TAXES |
| | f | Secured Claim of RS Lending | | |
| | | | | |
| 191 | | 304 CLOVER ST, DAYTON OH 45402 | OH | |

|  | a | Unknown party in possession |  |
|--|---|---|---|
|  | b | MONTGOMERY CO TREASURER | PROPERTY TAXES |
|  | c | CITY OF DAYTON | OPEN CODE VIOLATIONS |
|  | d | CITY OF DAYTON | UTILITY LIEN |
|  | f | Secured Claim of RS Lending |  |
|  |  |  |  |
| 192 |  | **3103 COUNTY ROAD N-30, EDON OH 43518** | OH |
|  | a | Unknown party in possession |  |
|  | b | WILLIAMS CO TREASURER | PROPERTY TAXES |
|  | f | Secured Claim of RS Lending |  |
|  |  |  |  |
| 193 |  | **3128 FIRNLEY AVE, YOUNGSTOWN OH 44511** | OH |
|  | a | Unknown party in possession |  |
|  | b | MAHONING CO TREASURER | PROPERTY TAXES |
|  | c | CITY OF YOUNGSTOWN | OPEN CODE VIOLATIONS |
|  | f | Secured Claim of RS Lending |  |
|  |  |  |  |
| 194 |  | **3332 E 128TH ST, CLEVELAND OH 44120** | OH |
|  | a | Unknown party in possession |  |
|  | b | CUYAHOGA COUNTY TREASURER | PROPERTY TAXES |
|  | d | CLEVELAND WATER | UTILITY LIEN |
|  | f | Secured Claim of RS Lending |  |
|  |  |  |  |
| 195 |  | **3378 E 132ND ST, CLEVELAND OH 44120** | OH |
|  | a | Unknown party in possession |  |
|  | b | CUYAHOGA COUNTY TREASURER | PROPERTY TAXES |
|  | d | CLEVELAND WATER | UTILITY LIEN |
|  | f | Secured Claim of RS Lending |  |
|  |  |  |  |
| 196 |  | **3432 HUDSON AVE, YOUNGSTOWN OH 44511** | OH |
|  | a | Unknown party in possession |  |
|  | b | MAHONING CO TREASURER | PROPERTY TAXES |
|  | c | City of Youngstown Code Enforcement | OPEN CODE VIOLATIONS |
|  | f | Secured Claim of RS Lending |  |
|  |  |  |  |
| 197 |  | **3471 Watson Marshall Road, McDonald, OH 44437** | OH |
|  | a | Unknown party in possession |  |
|  | b | TRUMBULL CO TREASURER | PROPERTY TAXES |
|  | d | McDonald Water Dept | UTILITY LIEN |
|  | f | Secured Claim of RS Lending |  |
|  |  |  |  |
| 198 |  | **3608 RISHER RD, YOUNGSTOWN OH 44511** | OH |
|  | a | Unknown party in possession |  |
|  | b | MAHONING CO TREASURER | PROPERTY TAXES |
|  | c | City of Youngstown Code Enforcement | OPEN CODE VIOLATIONS |
|  | f | Secured Claim of RS Lending |  |
|  |  |  |  |
| 199 |  | **549 CAMERON AVE, YOUNGSTOWN OH 44502** | OH |
|  | a | Unknown party in possession |  |
|  | b | MAHONING CO TREASURER | PROPERTY TAXES |
|  | c | City of Youngstown Code Enforcement | OPEN CODE VIOLATIONS |
|  | f | Secured Claim of RS Lending |  |
|  |  |  |  |
| 200 |  | **5737 LIBERTY HILL RD, CHILLICOTHE OH 45601** | OH |
|  | a | Unknown party in possession |  |
|  | b | ROSS COUNTY TREASURER | PROPERTY TAXES |
|  | f | Secured Claim of RS Lending |  |
|  |  |  |  |
| 201 |  | **62 S GARFIELD ST, DAYTON OH 45402** | OH |
|  | a | Unknown party in possession |  |
|  | b | MONTGOMERY CO TREASURER | PROPERTY TAXES |
|  | d | CITY OF DAYTON | UTILITY LIEN |
|  | f | Secured Claim of RS Lending |  |
|  |  |  |  |
| 202 |  | **6303 US ROUTE 35 E, WEST ALEXANDRIA OH 45381** | OH |
|  | a | Unknown party in possession |  |

| | | | | |
|---|---|---|---|---|
| | b | PREBLE CO TREASURER | | PROPERTY TAXES |
| | f | Secured Claim of RS Lending | | |
| | | | | |
| 203 | | **728 WHITMORE AVE, DAYTON OH 45402** | OH | |
| | a | Unknown party in possession | | |
| | b | MONTGOMERY CO TREASURER | | PROPERTY TAXES |
| | d | DAYTON WATER DEPT | | UTILITY LIEN |
| | e | INTERNAL REVENUE SERVICE | | FEDERAL TAX LIEN |
| | f | Secured Claim of RS Lending | | |
| | | | | |
| 204 | | **75 WOODROW ST, HAMILTON OH 45013** | OH | |
| | a | Unknown party in possession | | |
| | b | BUTLER CO TREASURER | | PROPERTY TAXES |
| | d | Hamilton Utilities | | UTILITY LIEN |
| | f | Secured Claim of RS Lending | | |
| | | | | |
| 205 | | **924 E 129TH ST, CLEVELAND OH 44108** | OH | |
| | a | Unknown party in possession | | |
| | b | CUYAHOGA COUNTY TREASURER | | PROPERTY TAXES |
| | d | CITY OF CLEVELAND | | UTILITY LIEN |
| | d | NORTHEAST OHIO REGIONAL SEWER DISTRICT | | UTILITY LIEN |
| | f | Secured Claim of RS Lending | | |
| | | | | |
| 206 | | **996 MAIN ST, WELLSVILLE OH 43968** | OH | |
| | a | Unknown party in possession | | |
| | b | COLUMBIANA CO TREASURER | | PROPERTY TAXES |
| | f | Secured Claim of RS Lending | | |
| | | | | |
| 207 | | **221 S MAIN ST, OKEENE OK 73763** | OK | |
| | a | Unknown party in possession | | |
| | b | BLAINE COUNTY TREASURER | | PROPERTY TAXES |
| | f | Secured Claim of RS Lending | | |
| | | | | |
| 208 | | **2429 COX CITY RD, RUSH SPRINGS OK 73082** | OK | |
| | a | Unknown party in possession | | |
| | b | GRADY CO TREASURER | | PROPERTY TAXES |
| | f | Secured Claim of RS Lending | | |
| | | | | |
| 209 | | **410 KNOX AVE, MONESSEN PA 15062** | PA | |
| | a | Unknown party in possession | | |
| | b | WESTMORELAND TAX  BUREAU | | PROPERTY TAXES |
| | b | MONESSEN CITY | | PROPERTY TAXES |
| | d | City of Monessen | | UTILITY LIEN |
| | f | Secured Claim of RS Lending | | |
| | | | | |
| 210 | | **2172 JEWELL RIDGE RD, RICHLANDS VA 24641** | VA | |
| | a | Unknown party in possession | | |
| | b | TAZEWELL CO TREASURER | | PROPERTY TAXES |
| | f | Secured Claim of RS Lending | | |
| | | | | |
| 211 | | **255 HOWELAND CIR, DANVILLE VA 24541** | VA | |
| | a | Unknown party in possession | | |
| | b | CITY OF DANVILLE DEPT. OF FINANCE | | PROPERTY TAXES |
| | b | TAXING AUTHORITY CONSULTING, P.C. | | TAX LIEN |
| | c | KENNETH F. LARKING | | Abatement of a nuisance on the property |
| | f | Secured Claim of RS Lending | | |
| | | | | |
| 212 | | **29042 US HWY 23, BIG STONE GAP VA 24219** | VA | |
| | a | Unknown party in possession | | |
| | b | TAXING AUTHORITY CONSULTING PC | | PROPERTY TAXES |
| | b | LEE COUNTY TREASURER | | PROPERTY TAXES |
| | f | Secured Claim of RS Lending | | |
| | | | | |
| 213 | | **935 BLANKENSHIP RD, MARTINSVILLE VA 24112** | VA | |
| | a | Unknown party in possession | | |
| | b | MARTINSVILLE CITY TREASURER | | PROPERTY TAXES |

| | e | PLANTATIION EAST LTD | | ABSTRACT OF JUDGMENT |
|---|---|---|---|---|
| | f | Secured Claim of RS Lending | | |
| | | | | |
| 214 | | **1116 13TH ST, RACINE WI 53403** | WI | |
| | a | Unknown party in possession | | |
| | b | RACINE COUNTY TREASURER | | PROPERTY TAXES |
| | c | CITY OF RACINE WISCONSIN | | CODE VIOLATION |
| | f | Secured Claim of RS Lending | | |
| | | | | |
| 215 | | **2854 N 28TH ST, MILWAUKEE WI 53212** | WI | |
| | a | Unknown party in possession | | |
| | b | MILWAUKEE TREASURER | | PROPERTY TAXES |
| | d | CITY OF MILWAUKEE | | UTILITY LIEN |
| | e | CITY OF MILWAUKEE | | JUDGMENT |
| | f | Secured Claim of RS Lending | | |
| | | | | |
| 216 | | **2917 N 16TH ST, MILWAUKEE, WI 53212** | WI | |
| | a | Unknown party in possession | | |
| | b | MILWAUKEE TREASURER | | PROPERTY TAXES |
| | f | Secured Claim of RS Lending | | |
| | | | | |
| 217 | | **3046 N 7TH ST, MILWAUKEE WI 53212** | WI | |
| | a | Unknown party in possession | | |
| | b | CITY OF MILWAUKEE | | PROPERTY TAXES |
| | d | CITY OF MILWAUKEE | | UTILITY LIEN |
| | e | PRIME FINANCIAL CREDIT UNION | | JUDGMENT |
| | f | Secured Claim of RS Lending | | |
| | | | | |
| 218 | | **136 James St., St. Albans, WV 25177** | WV | |
| | a | Unknown party in possession | | |
| | b | KANAWHA CO TAX OFFICE | | PROPERTY TAXES |
| | f | Secured Claim of RS Lending | | |
| | | | | |
| 219 | | **1612 N 16TH ST, CLARKSBURG WV 26301** | WV | |
| | a | Unknown party in possession | | |
| | b | HARRISON CO TREASURER | | |
| | c | WEST VIRGINIA ST AUDITOR | | DEMOLITION OF STRUCTURE |
| | c | CITY OF CLARKSBURG | | |
| | f | Secured Claim of RS Lending | | |
| | | | | |
| 220 | | **180 N MAIN ST, KEYSER WV 26726** | WV | |
| | a | Unknown party in possession | | |
| | b | SHERIFF OF MINERAL CO | | PROPERTY TAXES |
| | b | HON JOHN B. McCLUSKEY, STATE AUDITOR | | PROPERTY TAXES |
| | f | Secured Claim of RS Lending | | |
| | | | | |
| 221 | | **339 GREEN VALLEY DR, ST ALBANS WV 25177** | WV | |
| | a | Unknown party in possession | | |
| | b | KANAWHA CO TAX OFFICE | | PROPERTY TAXES |
| | e | NAJ LLC | | |
| | f | Secured Claim of RS Lending | | |
| | | | | |
| 222 | | **449 CHURCH STREET, ELKVIEW WV 25071** | WV | |
| | a | Unknown party in possession | | |
| | b | SHERIFF OF MINERAL CO | | PROPERTY TAXES |
| | b | HON JOHN B. McCLUSKEY, STATE AUDITOR | | PROPERTY TAXES |
| | e | HUGHART BRUCE E. | | |
| | f | Secured Claim of RS Lending | | |
| | | | | |
| 223 | | **923 CEDAR ST, KEMMERER WY 83101** | WY | |
| | a | Unknown party in possession | | |
| | b | LINCOLN CO TREASURER | | PROPERTY TAXES |
| | f | Secured Claim of RS Lending | | |
| | | | | |
| | | | | |

**EXHIBIT B**

**REMAINING PROPERTIES**

**EXHIBIT B**

| Class # | Sub Class | | Property Name | State | Lien Nature |
|---|---|---|---|---|---|
| | | | | | |
| 224 | | | **7037 South Eggleston Ave, Chicago, IL 60621** | IL | |
| | a | | Unknown party in possession | | |
| | b | | Treasurer of Cook County | | PROPERTY TAXES |
| | f | | Secured claim of RS Lending | | |
| | | | | | |
| 225 | | | **41449 Richard Miles Rd, Gonzales, LA 70737** | LA | |
| | a | | Unknown party in possession | | |
| | b | | Ascension Parish Assessor | | PROPERTY TAXES |
| | f | | Secured claim of RS Lending | | |
| | | | | | |
| 226 | | | **7375 Richey Drive, Baton Rouge, LA 70812** | LA | |
| | a | | Unknown party in possession | | |
| | b | | East Baton Rouge Parish Assessor | | PROPERTY TAXES |
| | f | | Secured claim of RS Lending | | |
| | | | | | |
| 227 | | | **1360 Homestead St, Baltimore, MD 32328** | MD | |
| | a | | Unknown party in possession | | |
| | b | | Bureau of Revenue Collections | | PROPERTY TAXES |
| | b | | RVFM 11 Serices, LLC | | PROPERTY TAXES |
| | f | | Secured claim of RS Lending | | |