ORDERED.

Dated: October 04, 2018

_____
Karen S. Jennemann
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

| | |
|---|---|
| In re ) | |
| ) | Case no.:   6:17-bk-07077-KSJ |
| Ingersoll Financial, LLC ) | Chapter 11 |
| ) | |
| Debtor. ) | |
| _____ ) | |

**ORDER APPROVING DISCLOSURE STATEMENT,
CONFIRMING DEBTOR'S CHAPTER 11 PLAN, EXTENDING THE
ADMINSTRATIVE CLAIMS BAR DATE, SETTING HEARING ON FEE
APPLCATIONS AND SETTING POST-CONFIRMATION STATUS CONFERENCE**

This case came before the Court at a hearing on October 3, 2018 to consider and act upon: (a) Debtor's Chapter 11 Plan of Liquidation (Doc. No. 206) (the "Plan"); and (b) Debtor's Disclosure Statement (Doc. No. 207).

The Court finds that:

1. Debtor filed this case on November 7, 2017.

2. Under the Plan, the following Classes of Claims are unimpaired and are deemed to have accepted the Plan: Class 1 and Class 8.

3. The Disclosure Statement provides adequate information and otherwise satisfies the requirements of the Bankruptcy Code.

4. The Plan satisfies all of the requirements of Bankruptcy Code §1129(a) but for §1129(a)(8) for those classes of creditors that have not cast a ballot in favor of the Plan.

5. For those classes of creditors that have not voted for the Plan, the Plan does not discriminate unfairly and is fair and equitable with respect to each class and otherwise meets the requirements of § 1129(b) of the Bankruptcy Code.

6. The Objections to Confirmation and to the Disclosure Statement filed by the Bay Hill Homeowners Association (Doc. Nos. 240 and 241, respectively) were withdrawn in open court based upon the agreement of the parties to the amendments to the Plan set forth below.

Based on the forgoing and for the reasons stated and recorded in open court, it is

**ORDERED** that:

1. The Plan is amended to change the treatment of Allowed Unsecured Claims in Class 9 so that holders of such claims would participate in any and all surplus funds from the sale of any of the Debtor's property after the payment of encumbrances and expenses.

2. Bay Hill Homeowners Association shall have an Allowed Unsecured Claim in Class 9 in the amount of $20,000.00.

3. The Disclosure Statement is approved.

4. The Plan, as amended by the above, is confirmed.

5. Until the Court enters the final decree in this case, the Court retains jurisdiction for any and all matters that may come before the Court in the administration of the Plan of Reorganization and pursuant to the Order of Confirmation, specifically including but not limited to, the jurisdiction to determine all objections that have been or may be filed to claims of creditors; to fix and award all compensation to parties who may be so entitled; to hear and determine all questions concerning the assets or property due to the Debtor; and determine all

matters of any nature or type necessary or appropriate to carry out the Plan.

6. If the Debtor fails to follow the provisions of Local Rule 3022-1, then the Debtor shall file a report within ninety (90) days following the date of the Order of Confirmation, setting forth the progress made in consummating the Plan. The report shall include a statement of:

    a. Distribution by class, name of creditor, date of distribution, and amount paid;

    b. Transfers of property; and

    c. Affirmation that the Debtor has substantially complied with the provisions of the confirmed Plan.

7. The reorganized Debtor shall timely pay post-confirmation quarterly fees assessed pursuant to 28 U.S.C. § 1930(a)(6) until such time as this Bankruptcy Court enters a final decree closing this Chapter 11 case or enters an order either converting this case to a case under Chapter 7 or dismissing this case. After confirmation, pursuant to 11 U.S.C. § 1106(a)(7) and Bankruptcy Rule 2015(a) (5), the reorganized Debtor shall file with the Bankruptcy Court and shall serve on the United States Trustee a financial report or statement of disbursements for each quarter (or portion thereof) that this Chapter 11 case remains open, in a format prescribed by the United States Trustee.

8. The transfers of real estate and the making or delivery of the deeds or mortgages for such transfers are under a confirmed plan and may not be taxed under any law imposing a stamp tax or similar tax, including any tax or charge under Sections 201.02 and 2091.08, Fla. Stat.

9. The timing and the amounts to be paid to each class of creditors shall be done according to the Sale Procedures Order (Doc. No. 200).

10. The Debtor's Motion to Extend the Administrative Claims Bar Date (Doc. No. 249) is granted. Fee Application and Administrative Claims shall be filed by October 24, 2018. All properly filed professional fee applications in this case shall be heard November 14, 2018 at 2:45 p.m. in Courtroom 6A, 6th Floor, George C. Young Courthouse, 400 W. Washington Street, Orlando, FL 32801.

11. A post confirmation status conference will be heard December 12, 2018 at 2:45 p.m. in Courtroom 6A, 6th Floor, George C. Young Courthouse, 400 W. Washington Street, Orlando, FL 32801.

Attorney, Frank M. Wolff, is directed to serve a copy of this order on interested parties who are non-CM/ECF users and file a proof of service within 3 days of the entry of the order.